**EXHIBIT A**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Event Rentals, Inc., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 14-10282 (　　)<br><br>Joint Administration Requested<br><br>**Re Docket No. __** |

## ORDER GRANTING AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION, EMPLOYEE BENEFITS, AND RELATED OBLIGATIONS

Upon consideration of the motion (the "Motion"),[2] of Event Rentals, Inc. ("Event Rentals") and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order granting authority to pay prepetition wages, compensation, employee benefits and related obligations; and upon consideration of the *Declaration of Jeffrey M. Black in Support of First Day Motions and Applications*; and it appearing that the Court has jurisdiction over this matter, and it appearing that notice of the Motion is sufficient, and that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED; and it is further

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 2] and is also available at http://kccllc.net/CPR.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

ORDERED that the Debtors authorized, but not directed, to pay the Employee Payroll Obligations in the ordinary course of their business; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay the Employer Payroll Obligations in the ordinary course of their business; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay the applicable Payroll Fees in respect of the Employee Payroll Obligations and the Employer Payroll Obligations (as applicable); and it is further

ORDERED that the Debtors are authorized, but not directed, to honor Employee PTO requests in the ordinary course of business for the duration of the Chapter 11 Cases absent further order of the Court; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay a Vacation Payout to any Employee otherwise qualifying therefor in accordance with the Debtors' policies and state law; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay the Car Allowances to any Employee otherwise qualifying therefor in accordance with the Debtors' policies; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay the Commissions and Bonuses to any Employee otherwise qualifying therefor in accordance with the Debtors' policies; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay ordinary course obligations in respect of the Insurance Benefits in the ordinary course of their businesses without regard to when such obligations arose; and it is further

2

ORDERED that the Debtors are authorized, but not directed, to process and pay Employee Reimbursements without regard to when the underlying purchases on behalf of the Debtors were made, and, for the avoidance of doubt, section 362 of the Bankruptcy Code shall not apply to bar the request of any Employee for payment of an Employee Reimbursement made in accordance with the Debtors' ordinary internal processes and procedures; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor ordinary course Workers' Compensation Obligations without regard to the date of accrual of such obligations; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor the obligations under the CBAs; and it is further

ORDERED that authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments authorized herein, and that the Debtors retain all rights pursuant to their business judgment to make or not make such payments, and in all instances subject to the condition that funds are available to effect any payment; and it is further

ORDERED that the aggregate amount paid to any individual employee on account of the Priority Amounts shall not exceed $12,475, except for Jeffrey Black, who is owed $14,590.10 and shall be paid such amount; and it is further

ORDERED that in no event is any person or persons personally liable or shall become personally liable for any amounts authorized for payment herein; and it is further

ORDERED that no provision contained herein is intended to or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of any of

ORDERED that the Debtors are authorized, but not directed, to process and pay Employee Reimbursements without regard to when the underlying purchases on behalf of the Debtors were made, and, for the avoidance of doubt, section 362 of the Bankruptcy Code shall not apply to bar the request of any Employee for payment of an Employee Reimbursement made in accordance with the Debtors' ordinary internal processes and procedures; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor ordinary course Workers' Compensation Obligations without regard to the date of accrual of such obligations; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor the obligations under the CBAs; and it is further

ORDERED that authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments authorized herein, and that the Debtors retain all rights pursuant to their business judgment to make or not make such payments, and in all instances subject to the condition that funds are available to effect any payment; and it is further

ORDERED that the aggregate amount paid to any individual employee on account of the Priority Amounts shall not exceed $12,475, except for Jeffrey Black, who is owed $14,590.10 and shall be paid such amount; and it is further

ORDERED that in no event is any person or persons personally liable or shall become personally liable for any amounts authorized for payment herein; and it is further

ORDERED that no provision contained herein is intended to or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of any of

the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the possible applicability of Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated:   Wilmington, Delaware
         February __, 2014

                                                   UNITED STATES BANKRUPTCY JUDGE