## Exhibit A

Stipulation

## STIPULATION

This stipulation (the "Stipulation") is entered into this 13th day of March, 2014, by and between Event Rentals, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and Anschutz Entertainment Group, Inc. ("AEG" and, together with the Debtors, the "Parties"). Capitalized terms not otherwise defined herein shall have the meaning set forth in the *Motion of Anschutz Entertainment Group, Inc. for Entry of an Order Compelling the Debtors to Immediately Assume or Reject the Executory Contracts* [D.I. 126] (the "Motion").

### Recitals

WHEREAS on February 13, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these Chapter 11 Cases.

WHEREAS on or about February 20, 2012, Goldenvoice, LLC, a division of AEG, entered into that certain *Agreement for Services* (the "Coachella/Stagecoach Agreement")[1] with Special Event Holding, Inc. dba Classic Party Rentals.

WHEREAS on or about September 1, 2009, AEG, on behalf of itself and its subsidiaries and affiliates, entered into that certain *Master Purchase and Rental Agreement* (the "Master Agreement")[2] with Classic Party Rentals and Classic Tents, a trade name used by the Debtors.

WHEREAS on or about August 31, 2009, L.A. Arena Funding, LLC, a division of AEG, entered into that certain *Staples Center Suite Licensing Agreement* (the "License Agreement")[3] with Classic Tents and Event Specialists, a trade name used by the Debtors.

WHEREAS on March 7, 2014, AEG filed the Motion.

WHEREAS, on March 7, 2014, AEG filed a *Motion for Entry of an Order Shortening Notice of and Setting (A) A Hearing on the Motion For Entry of an Order Compelling the Debtors to Immediately Assume or Reject Executory Contracts and (B) the Time Fixed for Filing Objections Thereto* [D.I. 127].

WHEREAS, on March 10, 2014, the Court entered an *Order Shortening Notice of and Setting (A) A Hearing on the Motion for Entry of an Order Compelling the Debtors to Immediately Assume or Reject the Executory Contracts and (B) The Time Fixed for Filing Objections Thereto* [D.I. 127], and set a final hearing date of March 14, 2014.

---

[1] A copy of the Coachella/Stagecoach Agreement, with the exception of any confidential pricing information, is attached to the Motion as Exhibit 1 to Exhibit A.

[2] A copy of the Master Agreement, with the exception of any confidential pricing information, is attached to the Motion as Exhibit 1 to Exhibit B.

[3] A copy of the License Agreement, with the exception of any confidential pricing information, is attached to the Motion as Exhibit 2 to Exhibit B.

WHEREAS, on March 12, 2014, the Debtors filed a *Limited Objection to the Motion of Anschutz Entertainment Group, Inc. for Entry of an Order Compelling the Debtors to Immediately Assume or Reject Executory Contracts* [D.I. 152].

WHEREAS, the Debtors and AEG have negotiated a mutually agreeable resolution to the Motion and wish to memorialize the terms of such agreement in this Stipulation.

NOW THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all Parties hereto, the Parties, through their undersigned counsel, hereby agree and stipulate as follows:

## TERMS AND CONDITIONS

1.      The Parties hereby agree that the Debtors will assume under section 365 of the Bankruptcy Code, with the consent of AEG, the Coachella/Stagecoach Agreement, which assumption shall become effective immediately upon Court approval of this Stipulation, provided, however, that (i) the assumption of the Coachella/Stagecoach Agreement will not prohibit or preclude the subsequent assignment, transfer, and/or sale of the Coachella/Stagecoach Agreement to the eventual purchaser of the Debtors or substantially all of the Debtors' assets, and (ii) all of the Debtors', their estates', and AEG's respective rights, claims, and defenses with respect to any proposed assignment, transfer, and/or sale of the Coachella/Stagecoach Agreement are fully preserved.

2.      The Parties further hereby agree that, upon Court approval of this Stipulation, the Debtors will recognize and hereby agree to perform in accordance with their obligations under the Master Agreement with respect to the 2014 Amgen Tour of California, provided, however, that (i) all other issues, including the ultimate decision to assume, assume and assign or reject, relating to the Master Agreement and all unperformed obligations thereunder unrelated to the 2014 Amgen Tour of California shall be preserved, and (ii) all of the Debtors', their estates', and AEG's respective rights, claims and defenses with respect to any proposed assumption, assignment, or rejection of the Master Agreement are fully preserved.

3.      The Parties further hereby agree that the Debtors will reject, with the consent of AEG, the License Agreement, which rejection shall become effective immediately upon Court approval of this Stipulation, provided, however, that all of the Debtors', their estates', and AEG's respective rights, claims and defenses with respect to, or that arise on account of, the rejection of the License Agreement are fully preserved.

4.      AEG hereby agrees that this Stipulation resolves the Motion, and the Motion is deemed withdrawn in its entirety upon Court approval of this Stipulation.

5.      This Stipulation shall become effective upon approval by the Court. This Stipulation represents a compromise and does not constitute any admission of liability on the part of any of the Parties.

6.      This Stipulation shall be construed and governed in accordance with the laws of the State of Delaware applicable to agreements made and performed within such State.

7.      This Stipulation constitutes the full and entire Stipulation and understanding between the Parties with respect to the subject matter hereof, and there are no stipulations, representations or warranties except as specifically set forth herein. This Stipulation may not be amended or modified except by an instrument in writing signed by or on behalf of each of the Parties. This Stipulation may be signed in counterparts, and facsimile and digitally transmitted original signatures shall be deemed originals.

8.      The Court shall retain jurisdiction and power with respect to all matters arising from or related to the interpretation and implementation of this Stipulation.

Dated:  March 13, 2014                                  Dated:  March 13, 2014

By: _____                   By: _____
     Craig H. Averch                                        Gregory A. Taylor
     Lauren C. Fujiu                                          Ashby & Geddes, P.A.
     White & Case LLP                                     Attorneys for AEG
     Proposed Attorneys for the Debtors

3