IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Event Rentals, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 83 ₹ 143 |

**ORDER (I) AUTHORIZING THE DEBTORS TO EMPLOY
FTI CONSULTING, INC. AND (II) APPROVING THE DESIGNATION OF
ANDREW HINKELMAN AS DEBTORS' CHIEF RESTRUCTURING OFFICER**

Upon consideration of the motion (the "Motion")[2] of Event Rentals, Inc. ("Event Rentals") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for an order pursuant to sections 105(a) and 363(b) authorizing the Debtors to (i) employ FTI Consulting, Inc. ("FTI") pursuant to the terms set forth in that certain engagement letter between the Debtors and FTI, dated as of February 10, 2014 (the "Engagement Letter") including, without limitation, (ii) the designation of Andrew Hinkelman as the Chief Restructuring Officer ("CRO"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that the relief requested is

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282] [D.I. 3] and is also available at http://kccllc.net/CPR.

[2] Where the context requires, each capitalized term used but otherwise not defined herein shall have the meaning ascribed to such term in the Motion.

necessary and in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court finding that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and upon the record herein and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that notwithstanding the terms of the Engagement Letter attached to the Motion, the Motion is approved solely as set forth in this Order; and it is further

ORDERED that the Debtors are authorized to employ FTI and to designate Andrew Hinkelman as the Debtors' CRO, *nunc pro tunc* to the Petition Date, subject to the following terms, which apply notwithstanding anything in the Motion, the Engagement Letter, or any other documents related thereto to the contrary:

   i. FTI and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases;

   ii. in the event the Debtors seek to have FTI personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement, including by (a) modifying the functions of personnel, (b) adding new personnel, or (c) altering or expanding the scope of the engagement, a motion to modify the employment shall be filed;

   iii. no principal, employee, or independent contractor of FTI or its affiliates shall serve as director of the Debtors during the pendency of these Chapter 11 Cases;

   iv. the Debtors are permitted to indemnify FTI and the FTI personnel on the same terms as provided to (and not on terms more favorable than) the Debtors' officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors' and officers' liability policy;

   v. except as otherwise set forth herein, there shall be no indemnification of FTI or its affiliates;

    vi.    success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order, and such fees shall not be sought upon conversion of the cases, dismissal of the cases for cause, or appointment of a trustee;

    vii.    during the course of these Chapter 11 Cases, all provisions in the Engagement Letter, the Motion, or elsewhere that attempt to limit FTI's liability to the amount of its fees (or a multiple thereof) shall be of no force or effect;

    viii.    for a period of three years after the conclusion of the engagement, neither FTI nor any of its affiliates shall make any investments in the Debtors;

    ix.    FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest, with such obligation to disclose identified in this subparagraph being a continuing obligation;

    x.    notwithstanding anything to the contrary contained in the Motion, the Engagement Letter or any exhibits thereto, FTI shall not assign any tasks for which FTI is responsible to any person or entity other than employees of FTI or its affiliates other than for ministerial tasks for which FTI is not entitled to compensation hereunder; and

    xi.    notwithstanding anything to the contrary contained in the Motion, the Engagement Letter or any exhibits thereto, during the course of these Chapter 11 Cases, the FTI personnel who serve as officers to the Debtors under the terms of this Order shall have whatever duties and responsibilities that are imposed by applicable law on officers of the Debtors or the Debtors' creditors, interest holders, and other parties-in-interest in these Chapter 11 Cases;

and it is further

ORDERED that FTI shall file with the Court with copies to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month, which report shall include the names and functions filled of the individuals assigned; *provided, however*, that all staffing shall be subject to review by the Court in the event an objection is filed; and it is further

ORDERED that FTI shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in one-half hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed; and it is further

ORDERED that the Debtors are authorized to pay FTI (i) a monthly fee for services related to the Financial Objectives in an amount equal to the lesser of FTI's actual fees incurred or $185,000 (the "Financial Objectives Fee Cap") and (ii) subject to the terms of the Engagement Letter, a monthly fee for services related to the Strategic Communication Objectives in an amount equal to the lesser of FTI's actual fees incurred or $15,000 (the "Strategic Communication Objectives Fee Cap" and, together with the Financial Objectives Fee Cap, the "Fee Caps"); provided, however, that to the extent the amount of FTI's actual fees are less than the applicable Fee Cap for any given month, such Fee Cap may be increased in one or more subsequent months in an aggregate offsetting amount; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to implement the relief granted in this Order; and it is further

4

ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, during the pendency of these Chapter 11 Cases, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 13, 2014
Wilmington, Delaware

The Honorable Peter J. Walsh
United States Bankruptcy Judge