## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | **Chapter 11** |
| **Event Rentals, Inc.**, *et al.*, [1] | **Case No. 14-10282 (PJW)** |
| **Debtors.** | **Jointly Administered** |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## CLASSIC MIDWEST, INC. (CASE NO. 14-10283)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327).  The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMER REGARDING SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS OF EVENT RENTALS, INC. AND
ITS AFFILIATED DEBTORS

       The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Event Rentals, Inc. and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") in the United States Bankruptcy for the District of Delaware (the "Bankruptcy Court") have been prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their legal and financial advisors.

       The Schedules and Statements have been prepared by the Debtors' management exercising best efforts to ensure accuracy and completeness.  The Schedules and Statements are unaudited and were prepared with data reasonably available as of March 21, 2014 or in the reasonable proximity thereof.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

       The Schedules and Statements have been signed by the Debtors' Chief Restructuring Officer, Andrew Hinkelman.  In reviewing and signing the Schedules and Statements, Mr. Hinkelman has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors.  Mr. Hinkelman has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

I.      Amendments to Schedules and Statements and General Reservation of Rights.

    (1)    While the Debtors' management has exercised best efforts to ensure that the Schedules and Statements are accurate and complete by each legal entity based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

    (2)    Without limiting anything else expressly reserved herein, the Debtors reserve the right to dispute, or to assert offset or defenses to any claim reflected in the Schedules and/or Statements as to amount, liability and/or classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

    (3)    Nothing contained in the Schedules and Statements shall constitute a waiver of rights in respect to the Debtors' chapter 11 cases, including but not limited to, issues involving substantive consolidation, equitable subordination, and/or causes of action arising under applicable sections of chapter 5 of the Bankruptcy Code and other applicable non-bankruptcy law to recover assets or avoid transfers.

II.    Basis of Presentation.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") nor are they intended to fully reconcile to the financial statements otherwise prepared and/or distributed

by the Debtors.  The amounts set forth in the Schedules and Statements differ in some respects from the financial statements of the Debtors and are not a basis for drawing conclusions concerning the Debtors' solvency or the specific dollar amount of disputed, contingent, or unliquidated claims.

   III. <u>General Assumptions</u>.  The Debtors adopted the following conventions in the preparation of the Schedules and Statements:

     (1) <u>Reporting Date</u>.  Unless otherwise indicated, all asset and liability information is listed as of February 13, 2014.

     (2) <u>Book Value</u>.

       (a) Assets and liabilities of each Debtor are shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, unless otherwise noted, rather than the current market values of such interests in property and/or liabilities.  Certain other assets, such as intangible assets, are listed with undetermined amounts.   Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.

       (b) Amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

     (3) <u>Estimates</u>.  To prepare and file the Schedules and Statements shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

     (4) <u>Causes of Action</u>.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  As discussed above, the Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, cause of action or avoidance action or in any way prejudice or impair the assertion of such claims, causes of action or avoidance actions.

     (5) <u>Property and Equipment – owned</u>.  Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset.  Depreciation and amortization expense for principal asset classifications are calculated on a straight-line basis.

     (6) <u>Trade Accounts Receivable and Accounts Payable</u>.

       (a) Trade accounts receivable are presented net of an allowance for doubtful accounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights, or collateral held by the Debtors, unless otherwise stated.  Likewise, accounts payable are shown without consideration for open or

terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

(b)      The Debtors utilize an integrated, centralized cash management system, which provides well-established and efficient mechanisms for the collection, concentration, management, and disbursement of funds used in their operations and held by Event Rentals, Inc.  Accordingly, both accounts receivable and accounts payable, excluding the seller notes, which are listed on the individual Debtor's schedules, are consolidated under Event Rentals, Inc.

(7)      <u>Claims Description</u>.  The Debtors' decision to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" is subject to review at any time as permitted by the Bankruptcy Code.  The Debtors reserve the right to subsequently amend their Schedules to designate a claim as "disputed," "contingent" or "unliquidated" in the event the Debtors determine that such claim is disputed, or subject to setoff rights, counterclaims, or defenses as to amount, liability, or classification.

(8)      <u>Court Orders</u>.  By separate orders of the Bankruptcy Court entered on February 18, 2014, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees [D.I. 42].  Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority.  To the extent possible, amounts are not listed in the Schedules and Statements if they have been paid, or have been listed as "contingent" or "unliquidated" based on the Debtors best efforts to the extent payment is pending.

(9)      <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, accrued salaries, employee benefit accruals, accrued insurance expenses, accrued accounts payable, and deferred insurance expenses.  As noted above, certain liabilities expected to be paid pursuant to court orders (<u>e.g.</u>, accrued salaries and employee benefit accruals), were also excluded from the Schedules and Statements.  Additionally, other immaterial assets and liabilities may also have been excluded.

(10)      <u>Recharacterization</u>.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all of their rights to characterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

(11)      <u>Stock Purchase Agreements and Restricted Stock Purchase Agreements</u>.  These Schedules may not include certain stock purchase agreements.

(12)      <u>Consolidation</u>.  Unless otherwise indicated, all balance sheet items are reported on a consolidated basis on Event Rentals Inc.'s Schedules.

IV.      <u>Schedules of Assets and Liabilities</u>.

(1)      <u>Schedule B:  Personal Property</u>.

3

(a)    <u>General assumptions of Schedule B</u>.

(i)    Unless otherwise indicated, asset values described in Schedule B are as reflected in the Debtors' books and records as of February 13, 2014 and are presented at book value.

(b)    <u>Specific notes as to Schedule B</u>.

(i)    <u>Question 1</u>.  The cash on hand only reflects cash in the Debtors' petty cash accounts.

(ii)    <u>Question 3</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(iii)    <u>Question 9</u>.  The insurance policies listed on the rider to Schedule B, Question 9 on behalf of all covered Debtors are only listed on Event Rental, Inc.'s Schedule B.  Otherwise, this balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(iv)    <u>Question 12</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.  In addition, while not reflected on the Debtors' Schedules, postpetition, on February 27, 2014, the Debtors, without authorization, transferred $15,431.74 to an employee from this asset.

(v)    <u>Questions 13 and 14</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(vi)    <u>Question 16</u>.  The Debtors only run Accounts Receivable once a week.  As such, the Accounts Receivable in response to Schedule B, Question 16 is as of February 9, 2014.

(vii)    <u>Questions 22</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(viii)    <u>Question 23</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.  Further, in the ordinary course of business, the Debtors obtain numerous permits for events related to their businesses; such everyday permits are not included on the Debtors' Schedules.

(ix)    <u>Questions 25, 28, and 29</u>.  As the Debtors close their books as of month end, these amounts are presented as net book value as of January 31, 2014.

(x)    <u>Question 30</u>.  The Debtors' only inventory is *de minimis* amounts of paper goods and other disposable products held at various locations.  Upon purchase, the Debtors expense this inventory.  As such, this inventory is not held on the Debtors' balance sheet.

(xi)    Question 35.  As the Debtors close their books as of month end, these amounts are presented as net book value as of January 31, 2014.

(2)    Schedule D: Creditors Holding Secured Claims.

(a)    Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to the claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(b)    Except as specifically stated herein, real property sublessors, utility companies, and other parties that may have lien rights on certain assets have not been listed on Schedule D.

(c)    Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.

(d)    The amounts in Schedule D are presented at book value as of February 13, 2014.

(3)    Schedule E: Creditors Holding Unsecured Priority Claims.

(a)    The Bankruptcy Court has approved payment by the Debtors of certain employee-related and tax claims, and as a result, such claims have not been included in the Debtors' Schedules and Statements.

(b)    The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

(c)    The Debtors have agreed to sell substantially all of their assets.  To the extent that such sale closes, the amount of the Debtors' unsecured priority claims may be significantly reduced.  The Debtors reserve the right to amend the amount of such claims under such circumstances.

(d)    Unsecured, priority claims are reported on a consolidated basis on Event

5

Rentals Inc.'s Schedules.

(4)    <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims</u>.

(a)    Schedule F does not include certain deferred charges, deferred liabilities, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

(b)    The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

(c)    Schedule F contains information regarding potential, pending and closed litigation involving the Debtors.  To the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor.  The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements and Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any potential suits and proceedings included therein.

(d)    In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.  However, no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.

(e)    The claims of individual creditors for, among other things, goods, services, or taxes are listed in the amounts listed on the Debtors' books and records and may not reflect creditors or allowances due from such creditor.  The Debtors reserve all rights respecting such credits or allowances.

(f)    The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected, unless otherwise agreed to.  Not all such claims are duplicated on Schedule F.

(g)    Unsecured, non-priority claims are reported on a consolidated basis on Event Rentals Inc.'s Schedules, excluding the seller notes, which are listed on the individual Debtor's schedules.

(5)    <u>Schedule G: Executory Contracts</u>.

(a)    Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

(b)    Certain of the leases and contracts listed on Schedule G may contain certain purchase orders, amendments, restatements, waivers, and other miscellaneous rights that are embedded in the Debtors' agreements.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Schedule G may not include certain stand alone purchase orders for goods, services, or equipment, nondisclosure agreements, or volume penalty agreements.  The Debtors reserve all rights with respect to any agreements that are not included on Schedule G.

(c)    The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

(d)    Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by their omission.  This Schedule may be amended at any time to add any omitted contract or agreement.

(e)    An individual Debtor may have entered into contracts with third parties for the benefit of other Debtors.  For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract.  The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

(6)    <u>Schedule H: Co-Debtors</u>.

(a)    For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under a prepetition credit facility are listed as Co-Debtors on Schedule H.

(b)      In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

V.      <u>Statements of Financial Affairs</u>.

(1)      <u>Statement of Financial Affairs Question 1</u>.  The amounts listed in Question 1 reflect the gross revenue for the previous two fiscal years of each Debtor per the Debtors' audited financial statements.  The amounts for the period of July 1, 2013 through February 13, 2014 have not been audited.

(2)      <u>Statement of Financial Affairs Question 3b</u>.

(a)      The Debtors have scheduled known payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date other than ordinary course wages or expense reimbursements to employees.

(b)      The Debtors utilize a centralized cash management system and the obligations of the Debtors are paid by and through Event Rentals, Inc., notwithstanding that certain of those obligations may be obligations of other Debtors.  Accordingly, the response to Question 3b of Event Rentals, Inc. should be reviewed for a complete list of payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date.

(3)      <u>Statement of Financial Affairs Question 3c</u>.

(a)      As it relates to each of the Debtors' officers, the response to Question 3c only includes payments to officers who are designated as executive officers.  The applicable Debtor has not included in the response to Question 3c any non-executive officers, or directors and officers of the Debtor's affiliates.

(b)      Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

(4)      <u>Statement of Financial Affairs Question 9</u>.  The obligations of the Debtors with respect to debt counseling and bankruptcy are paid by and through Event Rentals, Inc.  Accordingly, these payments appear only in the response to Event Rentals, Inc.'s Statement of Financial Affairs Question 9.  Additionally, the Debtors' response to Question 9 includes only payments to the Debtors' advisors and does not include payments to professionals of the Debtors' prepetition lenders.  Finally, the Debtors paid White & Case LLP $450,000 on January 9, 2014, $25,000 of which White & Case LLP remitted to Fox Rothschild LLP.

(5)        Statement of Financial Affairs Question 13.  The Debtors and their vendors may set-off mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties which include, but are not limited to, vendor rebate deductions and credit memos.  The Debtors have not included any of these set-offs in their response to Question 13.

(6)        Statement of Financial Affairs Questions 14 and 18.  Responses to Statement of Financial Affairs Questions 14 and 18 are reported on a consolidated basis on Event Rentals Inc.'s Schedules.

(7)        Statement of Financial Affairs Question 20.  Debtors were unable to determine the dollar amount of all inventories.  The response to Statement of Financial Affairs Question 20 is reported on a consolidated basis on Event Rentals Inc.'s Schedules.

(8)        Statement of Financial Affairs Question 23.  The Debtors utilize a centralized cash management system and the obligations of the Debtors are paid by and through Event Rentals, Inc., notwithstanding that certain of those obligations may be obligations of other Debtors.  Accordingly, the response to Question 3b of Event Rentals, Inc. should be reviewed for a complete list of payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date

* * * END OF GLOBAL NOTES * * *

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

In re: **Classic Midwest, Inc.**                                    **Case No. 14-10283 (PJW)**

**Chapter 11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 14 | $30,990.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $171,915,057.38 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 8 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **31** | **$30,990.00** | **$171,915,057.38** | |

B6A (Official Form 6A) (12/07)

**In re: Classic Midwest, Inc.**                                                                    **Case No. 14-10283 (PJW)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | **$0.00** | |

(Report total also on Summary of Schedules.)

Page 1 of 1

B6B (Official Form 6B) (12/07)

**In re: Classic Midwest, Inc.**                                     **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                                   **Case No. 14-10283 (PJW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | 1400 South Michigan LLC<br>Deposit | | $4,200.00 |
| | | COMED<br>Bldg Deposit - Santa Fe | | $26,790.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |

Subtotal (Total on this page)      **$30,990.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                          **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                         **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                                    **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                                    **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                    **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                                           **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Pending lawsuit against G. Braun and V. Braun regarding violations of Arena APA Potential damages unknown and unliquidated | | Unknown |
| | | Pending lawsuit against G. Braun for violations of employment agreement Potential damages unknown and unliquidated | | Unknown |

Subtotal (Total on this page)  |  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                                    **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | | See Schedule B23 Attachment | | Unknown |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |

Subtotal (Total on this page)  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                              **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |
| 27.  Aircraft and accessories. | X | | | $0.00 |

Subtotal (Total on this page) | **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                    **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |
| 30.  Inventory. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                          **Case No. 14-10283 (PJW)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |
| 33.  Farming equipment and implements. | X | | | $0.00 |

Subtotal (Total on this page) | $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Classic Midwest, Inc.**                                    Case No. 14-10283 (PJW)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

|  |  |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$30,990.00** |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

**In re: Classic Midwest, Inc.**

**Case No. 14-10283**

Schedule B23

Personal Property - Licenses, franchises, and other general intangibles

| License/Franchise name | Net Book Value |
|---|---|
| Limited Business License, dated March 16, 2012, issued to Classic Midwest, Inc., by the City of Chicago. | Unknown |
| Business License, issued to Classic Midwest, Inc., by the City of Chicago. | Unknown |
| Motor Carrier Identification Report, issued to Classic Midwest, Inc., by U.S. Department of Transportation. | Unknown |
| **TOTAL:** | **Unknown** |

B6D (Official Form 6D) (12/07)

**In re: Classic Midwest, Inc.**     Case No. 14-10283 (PJW)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See Schedule D Attachment | | | | | | | $171,915,057.38 | Undetermined |

| | AMOUNT OF CLAIM | UNSECURED PORTION |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$171,915,057.38** | **$0.00** |
| Total(s) (Use only on last page) | **$171,915,057.38** | **$0.00** |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Page 1 of 1

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule D
Creditors Holding Secured Claims

| Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Codebtor | Date claim was incurred | Nature of Lien | Description of property subject to lien | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ableco Finance LLC | Attn Eric Miller Exec VP | Administrative Agent to Prepetition Secured Lenders | 875 Third Avenue 12th Flr | New York | NY | 10022 | X | 12/20/2006 and reaffirmed 1/8/2014 | Term Loan | Secured by security interest and lien in substantially all of the assets of Event Rentals, Inc. and guaranteed by Classic Midwest, Inc., Classic Northeast, Inc.,  Classic Panache, Inc., Classic Party Rentals, Inc.,  Classic Party Rentals LP,  Classic/Prime, Inc., Classic Southeast, Inc., DBO Acquisition Corp., DUBO Acquisition Corp., Event Rentals, Inc., Grand Events & Party Rentals, Inc., Special Event Holding, Inc. and Unique Tabletop Rentals, Inc. | | | | $125,371,078.36 | Undetermined |
| Ableco Finance LLC | Attn Eric Miller Exec VP | Administrative Agent to Prepetition Secured Lenders | 875 Third Avenue 12th Flr | New York | NY | 10022 | X | 12/20/2006 and reaffirmed 1/8/2014 | Revolving Loan | Secured by security interest and lien in substantially all of the assets of Event Rentals, Inc. and guaranteed by Classic Midwest, Inc., Classic Northeast, Inc.,  Classic Panache, Inc., Classic Party Rentals, Inc.,  Classic Party Rentals LP,  Classic/Prime, Inc., Classic Southeast, Inc., DBO Acquisition Corp., DUBO Acquisition Corp., Event Rentals, Inc., Grand Events & Party Rentals, Inc., Special Event Holding, Inc. and Unique Tabletop Rentals, Inc. | | | | $16,654,670.93 | Undetermined |
| Ableco Finance LLC | Attn Eric Miller Exec VP | Administrative Agent to Prepetition Secured Lenders | 875 Third Avenue 12th Flr | New York | NY | 10022 | X | 12/20/2006 and reaffirmed 1/8/2014 | Acquisition Loan | Secured by security interest and lien in substantially all of the assets of Event Rentals, Inc. and guaranteed by Classic Midwest, Inc., Classic Northeast, Inc.,  Classic Panache, Inc., Classic Party Rentals, Inc.,  Classic Party Rentals LP,  Classic/Prime, Inc., Classic Southeast, Inc., DBO Acquisition Corp., DUBO Acquisition Corp., Event Rentals, Inc., Grand Events & Party Rentals, Inc., Special Event Holding, Inc. and Unique Tabletop Rentals, Inc. | | | | $29,887,801.75 | Undetermined |
| Hobbs Overhead Doors, Inc. | Robert Jones | 4745 W. 135th Street, Building D | | Crestwood | IL | 60445 | | 2/4/2014 | Mechanic's Lien | Improvements on leasehold estate | X | X | X | $1,506.34 | $0.00 |
| | | | | | | | | | | | | | TOTAL: | $171,915,057.38 | Undetermined |

B6E (Official Form 6E) (04/13)

**In re: Classic Midwest, Inc.**                                    **Case No. 14-10283 (PJW)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Classic Midwest, Inc.**                                        **Case No. 14-10283 (PJW)**

☐  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Classic Midwest, Inc.**                                                      **Case No. 14-10283 (PJW)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |

|  |  |  |  |
|---|---|---|---|
| Subtotals (Totals on this page): | **$0.00** | **$0.00** | **$0.00** |
| Total: (Report also on the Summary of Schedules) | **$0.00** | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | **$0.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

**In re: Classic Midwest, Inc.**                                                           **Case No. 14-10283 (PJW)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |
| | | | | | | Subtotal (Total on this page) | $0.00 |
| | | | | | | Total (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $0.00 |

B6G (Official Form 6G) (12/07)

**In re: Classic Midwest, Inc.**                                              **Case No. 14-10283 (PJW)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Schedule G Attachment | |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule G
Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest.  State whether lease is of nonresidential real property.  State contract number of any government contract. |
|---|---|---|---|---|---|---|---|---|
| Alarm Detection Systems, Inc. | | 1111 Church Rd | | Aurora | IL | 60505 | | Security System and Services Agreement Addendum |
| Barret-Jackson Auction Co. LLC | Attn: Craig Jackson, | 7400 East Monte Cristo Ave | | Scottsdale | AZ | 85260 | | Service Agreement |
| International Brotherhood of Teamsters, Local Union No. 710 | | 9000 West 187th Street | | Mokena | IL | 60448 | | Collective Bargaining Agreement Between International Brotherhood of Teamsters, Local Union No. 710 and Classic Party Rentals - Chicago |
| MLS Development Group LLC | Bernard Shipper III | 9480 W 55th Street | | McCook | IL | 60525 | | Lease Agreement |
| MLS Development Group LLC | Attn Bernard Shipper, III | 9480 W 55th St | | McCook | IL | 60525 | | Assignment and Amendment to Lease Agreement |
| Tristar Group LLC | c/o M Shipper & B Shipper III | 5606 Kingston Ave | | Lisle | IL | 60532 | | Industrial Building Lease |
| Tristar Group LLC | Ben Shipper IV | 5606 Kingston Ave. | | Lisle | IL | 60532 | | Second Amendment to Industrial Building Lease |

B6H (Official Form 6H) (12/07)

**In re: Classic Midwest, Inc.**                                                    **Case No. 14-10283 (PJW)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐  Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See Schedule H Attachment | |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Classic Northeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Classic Panache, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Classic Party Rentals LP<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Classic Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Classic Southeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Classic/Prime, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| DBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| DUBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Event Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Grand Events & Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Special Event Holding, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |
| Unique Tabletop Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Abelco Finance LLC as Administrative Agent to<br>Term Loan, Revolving Loan and Acquisition Loan<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Classic Northeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Panache, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals LP<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Southeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic/Prime, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DUBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Event Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Grand Events & Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Special Event Holding, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Unique Tabletop Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | JPM Mezzanine Capital, LLC<br>c/o JPM Mezzanine Capital<br>383 Madison Avenue, 40th Floor<br>New York, NY 10172<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Northeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Panache, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals LP<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Southeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Classic/Prime, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DUBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Event Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Grand Events & Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Special Event Holding, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Unique Tabletop Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | Quad-C Holdings, c/o Quad Management Inc<br>444 Madison Avenue, 38th Floor<br>New York, NY 10022<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Northeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Panache, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Classic Party Rentals LP<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Southeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic/Prime, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DUBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Event Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Grand Events & Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| Special Event Holding, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Unique Tabletop Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Domestic Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Northeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Panache, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals LP<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic Southeast, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Classic/Prime, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**In re: Classic Midwest, Inc.**
**Case No. 14-10283**
Schedule H
Codebtors

| Name of codebtor | Name of creditor |
|---|---|
| DBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| DUBO Acquisition Corp.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Event Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Grand Events & Party Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Special Event Holding, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |
| Unique Tabletop Rentals, Inc.<br>901 West Hillcrest Blvd<br>Inglewood, CA 90301 | S.A.C. Offshore Capital Funding, Ltd.<br>c/o S.A.C. Capital Advisors LLC<br>72 Cummings Point Rd<br>Stamford, CT 06902<br>Amended and Restated Liquidity Note Purchase<br>Agreement, dated as of March 31, 2011 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re: Classic Midwest, Inc.                                    Case No. 14-10283 (PJW)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Andrew Hinkelman, Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 42 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date _3/21/2014_____          Signature: _____

                                                         **Andrew Hinkelman**

                                                         **Chief Restructuring Officer**

---

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**