## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | **Chapter 11** |
| **Event Rentals, Inc.,** *et al.,* [1] | **Case No. 14-10282 (PJW)** |
| **Debtors.** | **Jointly Administered** |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## <u>CLASSIC PARTY RENTALS LP (CASE NO. 14-10286)</u>

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327).  The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMER REGARDING SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS OF EVENT RENTALS, INC. AND
<u>ITS AFFILIATED DEBTORS</u>

The Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and the
Statements of Financial Affairs (collectively, the "<u>Statements</u>" and, together with the Schedules, the
"<u>Schedules and Statements</u>") filed by Event Rentals, Inc. and its affiliated debtors in these jointly
administered chapter 11 cases (collectively, the "<u>Debtors</u>") in the United States Bankruptcy for the
District of Delaware (the "<u>Bankruptcy Court</u>") have been prepared pursuant to section 521 of title 11 of
the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy
Procedure by management of the Debtors with the assistance of their legal and financial advisors.

The Schedules and Statements have been prepared by the Debtors' management
exercising best efforts to ensure accuracy and completeness.  The Schedules and Statements are unaudited
and were prepared with data reasonably available as of March 21, 2014 or in the reasonable proximity
thereof.  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the
Debtors' Schedules and Statements (the "<u>Global Notes</u>") are incorporated by reference in, and comprise
an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection
with any review of the Schedules and Statements.

The Schedules and Statements have been signed by the Debtors' Chief Restructuring
Officer, Andrew Hinkelman.  In reviewing and signing the Schedules and Statements, Mr. Hinkelman has
necessarily relied upon the efforts, statements and representations of other personnel and professionals of
the Debtors.  Mr. Hinkelman has not (and could not have) personally verified the accuracy of each such
statement and representation, including statements and representations concerning amounts owed to
creditors and their addresses.

I.    <u>Amendments to Schedules and Statements and General Reservation of Rights</u>.

(1)    While the Debtors' management has exercised best efforts to ensure that the
Schedules and Statements are accurate and complete by each legal entity based on
information that was available at the time of preparation, inadvertent errors or omissions
may exist.  The Debtors reserve the right to amend the Schedules and Statements from
time to time as may be necessary or appropriate.

(2)    Without limiting anything else expressly reserved herein, the Debtors reserve the
right to dispute, or to assert offset or defenses to any claim reflected in the Schedules
and/or Statements as to amount, liability and/or classification.  The Debtors also reserve
all rights with respect to the values, amounts and characterizations of the assets and
liabilities listed in their Schedules and Statements.

(3)    Nothing contained in the Schedules and Statements shall constitute a waiver of
rights in respect to the Debtors' chapter 11 cases, including but not limited to, issues
involving substantive consolidation, equitable subordination, and/or causes of action
arising under applicable sections of chapter 5 of the Bankruptcy Code and other
applicable non-bankruptcy law to recover assets or avoid transfers.

II.    <u>Basis of Presentation</u>.  These Schedules and Statements do not purport to represent
financial statements prepared in accordance with Generally Accepted Accounting Principles ("<u>GAAP</u>")
nor are they intended to fully reconcile to the financial statements otherwise prepared and/or distributed

by the Debtors.  The amounts set forth in the Schedules and Statements differ in some respects from the financial statements of the Debtors and are not a basis for drawing conclusions concerning the Debtors' solvency or the specific dollar amount of disputed, contingent, or unliquidated claims.

III.    General Assumptions.  The Debtors adopted the following conventions in the preparation of the Schedules and Statements:

(1)    Reporting Date.  Unless otherwise indicated, all asset and liability information is listed as of February 13, 2014.

(2)    Book Value.

(a)    Assets and liabilities of each Debtor are shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, unless otherwise noted, rather than the current market values of such interests in property and/or liabilities.  Certain other assets, such as intangible assets, are listed with undetermined amounts.   Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.

(b)    Amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

(3)    Estimates.  To prepare and file the Schedules and Statements shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

(4)    Causes of Action.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  As discussed above, the Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, cause of action or avoidance action or in any way prejudice or impair the assertion of such claims, causes of action or avoidance actions.

(5)    Property and Equipment – owned.  Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset.  Depreciation and amortization expense for principal asset classifications are calculated on a straight-line basis.

(6)    Trade Accounts Receivable and Accounts Payable.

(a)    Trade accounts receivable are presented net of an allowance for doubtful accounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights, or collateral held by the Debtors, unless otherwise stated.  Likewise, accounts payable are shown without consideration for open or

terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

(b)      The Debtors utilize an integrated, centralized cash management system, which provides well-established and efficient mechanisms for the collection, concentration, management, and disbursement of funds used in their operations and held by Event Rentals, Inc.  Accordingly, both accounts receivable and accounts payable, excluding the seller notes, which are listed on the individual Debtor's schedules, are consolidated under Event Rentals, Inc.

(7)      Claims Description.  The Debtors' decision to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" is subject to review at any time as permitted by the Bankruptcy Code.  The Debtors reserve the right to subsequently amend their Schedules to designate a claim as "disputed," "contingent" or "unliquidated" in the event the Debtors determine that such claim is disputed, or subject to setoff rights, counterclaims, or defenses as to amount, liability, or classification.

(8)      Court Orders.  By separate orders of the Bankruptcy Court entered on February 18, 2014, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees [D.I. 42].  Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority.  To the extent possible, amounts are not listed in the Schedules and Statements if they have been paid, or have been listed as "contingent" or "unliquidated" based on the Debtors best efforts to the extent payment is pending.

(9)      Excluded Assets and Liabilities.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, accrued salaries, employee benefit accruals, accrued insurance expenses, accrued accounts payable, and deferred insurance expenses.  As noted above, certain liabilities expected to be paid pursuant to court orders (e.g., accrued salaries and employee benefit accruals), were also excluded from the Schedules and Statements.  Additionally, other immaterial assets and liabilities may also have been excluded.

(10)      Recharacterization.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all of their rights to characterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

(11)      Stock Purchase Agreements and Restricted Stock Purchase Agreements.  These Schedules may not include certain stock purchase agreements.

(12)      Consolidation.  Unless otherwise indicated, all balance sheet items are reported on a consolidated basis on Event Rentals Inc.'s Schedules.

IV.      Schedules of Assets and Liabilities.

(1)      Schedule B:  Personal Property.

3

(a)    <u>General assumptions of Schedule B</u>.

(i)    Unless otherwise indicated, asset values described in Schedule B are as reflected in the Debtors' books and records as of February 13, 2014 and are presented at book value.

(b)    <u>Specific notes as to Schedule B</u>.

(i)    <u>Question 1</u>.  The cash on hand only reflects cash in the Debtors' petty cash accounts.

(ii)    <u>Question 3</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(iii)    <u>Question 9</u>.  The insurance policies listed on the rider to Schedule B, Question 9 on behalf of all covered Debtors are only listed on Event Rental, Inc.'s Schedule B.  Otherwise, this balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(iv)    <u>Question 12</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.  In addition, while not reflected on the Debtors' Schedules, postpetition, on February 27, 2014, the Debtors, without authorization, transferred $15,431.74 to an employee from this asset.

(v)    <u>Questions 13 and 14</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(vi)    <u>Question 16</u>.  The Debtors only run Accounts Receivable once a week.  As such, the Accounts Receivable in response to Schedule B, Question 16 is as of February 9, 2014.

(vii)    <u>Questions 22</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.

(viii)    <u>Question 23</u>.  This balance sheet item is reported per Debtor as opposed to on a consolidated basis.  Further, in the ordinary course of business, the Debtors obtain numerous permits for events related to their businesses; such everyday permits are not included on the Debtors' Schedules.

(ix)    <u>Questions 25, 28, and 29</u>.  As the Debtors close their books as of month end, these amounts are presented as net book value as of January 31, 2014.

(x)    <u>Question 30</u>.  The Debtors' only inventory is *de minimis* amounts of paper goods and other disposable products held at various locations.  Upon purchase, the Debtors expense this inventory.  As such, this inventory is not held on the Debtors' balance sheet.

4

(xi)     Question 35.  As the Debtors close their books as of month end, these amounts are presented as net book value as of January 31, 2014.

(2)     Schedule D: Creditors Holding Secured Claims.

(a)     Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to the claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(b)     Except as specifically stated herein, real property sublessors, utility companies, and other parties that may have lien rights on certain assets have not been listed on Schedule D.

(c)     Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.

(d)     The amounts in Schedule D are presented at book value as of February 13, 2014.

(3)     Schedule E: Creditors Holding Unsecured Priority Claims.

(a)     The Bankruptcy Court has approved payment by the Debtors of certain employee-related and tax claims, and as a result, such claims have not been included in the Debtors' Schedules and Statements.

(b)     The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

(c)     The Debtors have agreed to sell substantially all of their assets.  To the extent that such sale closes, the amount of the Debtors' unsecured priority claims may be significantly reduced.  The Debtors reserve the right to amend the amount of such claims under such circumstances.

(d)     Unsecured, priority claims are reported on a consolidated basis on Event

Rentals Inc.'s Schedules.

(4)     <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims</u>.

(a)     Schedule F does not include certain deferred charges, deferred liabilities, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

(b)     The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

(c)     Schedule F contains information regarding potential, pending and closed litigation involving the Debtors.  To the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor.  The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements and Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any potential suits and proceedings included therein.

(d)     In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.  However, no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.

(e)     The claims of individual creditors for, among other things, goods, services, or taxes are listed in the amounts listed on the Debtors' books and records and may not reflect creditors or allowances due from such creditor.  The Debtors reserve all rights respecting such credits or allowances.

(f)     The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected, unless otherwise agreed to.  Not all such claims are duplicated on Schedule F.

(g)     Unsecured, non-priority claims are reported on a consolidated basis on Event Rentals Inc.'s Schedules, excluding the seller notes, which are listed on the individual Debtor's schedules.

(5)    <u>Schedule G: Executory Contracts</u>.

(a)    Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

(b)    Certain of the leases and contracts listed on Schedule G may contain certain purchase orders, amendments, restatements, waivers, and other miscellaneous rights that are embedded in the Debtors' agreements.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Schedule G may not include certain stand alone purchase orders for goods, services, or equipment, nondisclosure agreements, or volume penalty agreements.  The Debtors reserve all rights with respect to any agreements that are not included on Schedule G.

(c)    The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

(d)    Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by their omission.  This Schedule may be amended at any time to add any omitted contract or agreement.

(e)    An individual Debtor may have entered into contracts with third parties for the benefit of other Debtors.  For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract.  The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

(6)    <u>Schedule H: Co-Debtors</u>.

(a)    For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under a prepetition credit facility are listed as Co-Debtors on Schedule H.

(b)    In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

V.    Statements of Financial Affairs.

(1)    Statement of Financial Affairs Question 1.  The amounts listed in Question 1 reflect the gross revenue for the previous two fiscal years of each Debtor per the Debtors' audited financial statements.  The amounts for the period of July 1, 2013 through February 13, 2014 have not been audited.

(2)    Statement of Financial Affairs Question 3b.

(a)    The Debtors have scheduled known payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date other than ordinary course wages or expense reimbursements to employees.

(b)    The Debtors utilize a centralized cash management system and the obligations of the Debtors are paid by and through Event Rentals, Inc., notwithstanding that certain of those obligations may be obligations of other Debtors.  Accordingly, the response to Question 3b of Event Rentals, Inc. should be reviewed for a complete list of payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date.

(3)    Statement of Financial Affairs Question 3c.

(a)    As it relates to each of the Debtors' officers, the response to Question 3c only includes payments to officers who are designated as executive officers.  The applicable Debtor has not included in the response to Question 3c any non-executive officers, or directors and officers of the Debtor's affiliates.

(b)    Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

(4)    Statement of Financial Affairs Question 9.  The obligations of the Debtors with respect to debt counseling and bankruptcy are paid by and through Event Rentals, Inc.  Accordingly, these payments appear only in the response to Event Rentals, Inc.'s Statement of Financial Affairs Question 9.  Additionally, the Debtors' response to Question 9 includes only payments to the Debtors' advisors and does not include payments to professionals of the Debtors' prepetition lenders.  Finally, the Debtors paid White & Case LLP $450,000 on January 9, 2014, $25,000 of which White & Case LLP remitted to Fox Rothschild LLP.

(5)      <u>Statement of Financial Affairs Question 13</u>.  The Debtors and their vendors may set-off mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties which include, but are not limited to, vendor rebate deductions and credit memos.  The Debtors have not included any of these set-offs in their response to Question 13.

(6)      <u>Statement of Financial Affairs Questions 14 and 18</u>.  Responses to Statement of Financial Affairs Questions 14 and 18 are reported on a consolidated basis on Event Rentals Inc.'s Schedules.

(7)      <u>Statement of Financial Affairs Question 20</u>.  Debtors were unable to determine the dollar amount of all inventories.  The response to Statement of Financial Affairs Question 20 is reported on a consolidated basis on Event Rentals Inc.'s Schedules.

(8)      <u>Statement of Financial Affairs Question 23</u>.  The Debtors utilize a centralized cash management system and the obligations of the Debtors are paid by and through Event Rentals, Inc., notwithstanding that certain of those obligations may be obligations of other Debtors.  Accordingly, the response to Question 3b of Event Rentals, Inc. should be reviewed for a complete list of payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date

* * * END OF GLOBAL NOTES * * *

B7 (Official Form 7) (04/13)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: **Classic Party Rentals LP**                                                          Case No. 14-10286 (PJW)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

**1.  Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

B7 (Official Form 7) (04/13)

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*   *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

B7 (Official Form 7) (04/13)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|----------------------------------|----------------------|------------------------------|-----------------------|
| X    |                                  |                      |                              |                       |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|------------------------------------------------------------------|-----------------|-----------------------------------|
| X    |                                                                  |                 |                                   |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|-----------------------------------------|------------------------------------------------------------|-----------------------------------|
| X    |                                         |                                                            |                                   |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|-------------------------------|--------------------|-----------------------------------|
| X    |                               |                    |                                   |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|--------------------------------|----------------------------------------------|----------------|-----------------------------------|
| X    |                                |                                              |                |                                   |

B7 (Official Form 7) (04/13)

## 7. Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|------|--------------------------------------------|--------------------------------|--------------|-------------------------------|
| X    |                                            |                                |              |                               |

## 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|------|-----------------------------------|---------------------------------------------------------------------------------------------------------|--------------|
| X    |                                   |                                                                                                         |              |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------------------------|-----------------------------------------------------|------------------------------------------------------|
| X    |                           |                                                     |                                                      |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|------|--------------------------------------------------------|------|--------------------------------------------------|
| X    |                                                        |      |                                                  |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|------|-------------------------------|------------------------|---------------------------------------------------------------------------------------|
| X    |                               |                        |                                                                                       |

B7 (Official Form 7) (04/13)

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|--------------------------------|------|------|
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|------|------|------|------|
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|------|------|------|
| X | | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|------|------|------|
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|------|------|------|
| X | | | |

B7 (Official Form 7) (04/13)

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NONE    NAME**

X

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|---------------------------------------|----------------|-------------------|
| X    |                       |                                       |                |                   |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|---------------------------------------|----------------|-------------------|
| X    |                       |                                       |                |                   |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|----------------------------------------|---------------|------------------------|
| X    |                                        |               |                        |

B7 (Official Form 7) (04/13)

## 18. Nature, location and name of business

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|------|
| X | | | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|------|------|---------|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------------------|-------------------------|
| X | | |

B7 (Official Form 7) (04/13)

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|---------|-------------------------|
| X | | | |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|------|------|---------|
| X | | |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|------|------------------|-------------|
| X | | |

**20. Inventories**
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|-------------------|----------------------|------------------------------------------------------------------|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|------|-------------------|----------------------------------------------------|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------|------------------|--------------------|------------------------|
| | See SOFA 21a Attachment | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|------------------|-------|-------------------------------------------|
| X | | | |

**22. Former partners, officers, directors and shareholders**
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|--------------------|
| X | | | |

B7 (Official Form 7) (04/13)

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| X | | | |

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**24. Tax Consolidation Group.**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| | DBO Acquisition Corporation | 20-6801923 |
| | DUBO Acquisition Corporation | 20-3858795 |

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**In re: Classio Party Rentals LP**
**Case No. 14-10286**
SOFA 21a
Current Partners, Officers, Directors and Shareholders for Partnerships

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|---|
| Jeffrey M. Black | 901 West Hillcrest Boulevard | | Inglewood | CA | 90301 | CEO, President, Treasurer, Secretary and Director | N/A |
| Timothy W. Billings | 901 West Hillcrest Boulevard | | Inglewood | CA | 90301 | Director | N/A |
| Quad-C Partners VII, L.P. | 230 East High Street | | Charlottesville | VA | 22902 | Shareholder | Direct or indirect ownership of greater than 10% of a class of equity |
| S.A.C. Offshore Capital Funding, Ltd. | 72 Cummings Point Rd | | Stamford | CT | 06902 | Shareholder | Direct or indirect ownership of greater than 10% of a class of equity |
| JPM Mezzanine Capital, LLC | 383 Madison Ave | 40th Fl | New York | NY | 10172 | Shareholder | Direct or indirect ownership of greater than 10% of a class of equity |
| Special Event Holding, Inc. | 901 West Hillcrest Boulevard | | Inglewood | CA | 90301 | Shareholder | Direct or indirect ownership of greater than 10% of a class of equity |
| Event Rentals, Inc. | 901 West Hillcrest Boulevard | | Inglewood | CA | 90301 | Shareholder | Direct or indirect ownership of greater than 10% of a class of equity |
| DBO Acquisition Corporation | 901 West Hillcrest Boulevard | | Inglewood | CA | 90301 | General Partner | Direct or indirect ownership of greater than 10% of a class of equity |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: Classic Party Rentals LP**                                        **Case No. 14-10286 (PJW)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Andrew Hinkelman, Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___3/21/2014_____          Signature: _____

                                                                            **Andrew Hinkelman**

                                                                            **Chief Restructuring Officer**

---

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**