## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Event Rentals, Inc., *et al.*,[1] | Case No. 14-10282 (PJW) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:**<br>**April 9, 2014 at 4:00 p.m.**<br>**Hearing Date:**<br>**April 16, 2014 at 2:00 p.m.** |

## APPLICATION FOR EMPLOYMENT OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 26, 2014

The Official Committee of Unsecured Creditors (the "Committee") of Event Rentals, Inc., and its affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors" or the "Company"), hereby files this Application (the "Application") for Authority to Employ Conway MacKenzie, Inc. as Financial Advisor to the Committee *nunc pro tunc* to February 26, 2014. This Application is supported by the Declaration of John T. Young, Jr. (the "Young Declaration"), attached hereto as **Exhibit A**. In support of this Application, the Committee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871 ); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.l. 3] and is also available at http://kccllc.net/CPR.

## BACKGROUND

### A.    Chapter 11 Cases

1.      On February 13, 2014 (the "Petition Date"), each of the Debtors commenced its case under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.  No trustee or examiner has been requested or appointed in any of the Debtors' Chapter 11 cases.

2. On February 24, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed seven members to the Committee.  The members of the Committee are: (i) JOMAR Table Linens, Inc.; (ii) Ryder Truck Rental, Inc.; (iii) Herb Stone; (iv) Signature Systems Group, LLC; (v) Stan White; (vi) Designer 8 Event Furniture Rental, Inc.; and (vii) Aztec Tent.

3.      On February 24, 2014, the Committee formally interviewed and reviewed qualification materials and fee proposals submitted by a number of candidates, and, at the conclusion of this process, the Committee selected Conway MacKenzie, Inc. ("CM") as its financial advisor.[2]  Such selection was based on the Committee's determination that, in light of, among other things, CM's experience in the industry as well as their familiarity with the Debtors' businesses, operations, and capital structure, CM is the best candidate to provide financial advisory services to the Committee.  The Committee also believes that CM's proposed compensation structure is competitive, appropriate, and reasonable given the Committee's understanding of the facts and circumstances of these Chapter 11 cases and the proposals received from competing firms.

---

[2]     Since its selection, CM has been actively representing the Committee as its proposed financial advisor.

**B.    CM's Background**

4.      CM is a turnaround and crisis management consulting firm specializing in corporate restructurings, operations improvement, litigation analytics and valuations.  CM has extensive experience working with and for distressed companies in complex financial and operational restructurings, both out-of-court and in chapter 11 proceedings throughout the United States.  CM professional have advised debtors, creditors and equity constituents in numerous reorganizations, which advisory services have included financial analysis and budgeting, forecasting, cash management, operational assessments and improvements, and the provision of interim management.  CM has advised companies with annual sales ranging from $5 million to over $5 billion in a broad range of industries.

5.      In light of the size and complexity of these chapter 11 cases, the Committee requires the services of a seasoned and experienced financial advisor familiar with the industry to, among other things, assist the Committee in (i) understanding the Debtors' businesses and operations, (ii) executing its fiduciary duties and (iii) maximizing the value of the Debtors' estates.  Therefore, the Committee respectfully submits that the services of CM are necessary and appropriate to ensure that the Committee's interests are protected.

6.      Accordingly, the Committee has executed an engagement letter with CM (the "Engagement Letter")[3], setting forth the terms and conditions pursuant to which CM agreed to provide financial advisory services to the Committee.  A copy of the Engagement Letter is attached hereto as **Exhibit B**.

---

[3]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Engagement Letter.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

8.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 327, 328(a), and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

9.      Pursuant to this Application, the Committee requests authority to employ and retain CM as its financial advisor, *nunc pro tunc* to February 26, 2014, in connection with the Debtors' Chapter 11 cases.

## RETENTION OF CM

### A.  Services to be Provided

10.      Subject to further order of this Court and consistent with the Engagement Letter, it is expected that CM will provide such advisory services to the Committee as it deems appropriate and feasible to advise the Committee in the course of these Chapter 11 cases, including, but not limited to, the following services:[4]

(a)      Assistance in the analysis, review and monitoring of the restructuring process, including, but not limited to an assessment of potential recoveries for general unsecured creditors;

(b)      Assistance in the review of financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts

---

[4]      The description of the terms of the Engagement Letter set forth in this Application are intended solely for informational purposes.  In the event of an inconsistency between such description and the Engagement Letter, the Engagement Letter shall control in all respects.

and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

(c)     Assistance with the review of the Debtors' analysis of core and non-core business assets and the potential disposition or liquidation of the same;

(d)     Assistance with review of any tax issues associated with, but not limited to, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

(e)     Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

(f)     Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(g)      Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

(h)     Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

(i)     Assistance in the evaluation, analysis, and forensic investigation of avoidance actions, including fraudulent conveyances and preferential transfers and certain transactions between the Debtors and affiliated entities;

(j)     Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

(k)     Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

**B.  Compensation**

11.     Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on

any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. section 328(a).

12.     Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, CM proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. CM Professionals will be providing will be billed at their respective standard hourly rates, which range from $200 (paraprofessional) to $675 (senior managing director).

13.     CM will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges.  CM will charge for these expenses at rates consistent with charges made to other CM clients, and subject to the guidelines of the United States Trustee.

14.     CM will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

15.     In light of the foregoing, the Committee believes that CM's fee structure is reasonable, market-based, and designed to fairly compensate CM for its work in these Chapter 11 cases and to cover fixed and routine overhead expenses.

## BASIS FOR RELIEF

16.     By this Application, the Committee requests that the Court approve the compensation arrangements set forth in the Engagement Letter pursuant to Bankruptcy Code section 328(a).  The compensation arrangements contained in the Engagement Letter are highly beneficial to the Debtors' estates as they provide the proper inducement for CM to act

expeditiously and prudently with respect to the matters for which it will be employed. The compensation of CM shall be subject to the standard of review set forth in Bankruptcy Code section 328 and not subject to any other standard of review; provided, however, that CM's retention may be subject to review by the U.S. Trustee.

17.    The Committee has specifically selected CM to serve as its financial advisor because of its extensive experience in advising debtors, individual creditors, creditors' committees, and other constituents in large Chapter 11 cases.

18.    Pursuant to Bankruptcy Code section 328(a), the Committee may retain CM on reasonable terms and conditions. The Committee submits that CM's terms of compensation and expense reimbursement as set forth in the Engagement Letter are reasonable.

## DISINTERESTEDNESS; LACK OF ADVERSE INTEREST

19.    To the best of the Committee's knowledge and based on the Young Declaration, the Committee submits that CM is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that CM currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except as set forth in the Young Declaration. Further, except as set forth in the Young Declaration, CM has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

20.    CM will not, while employed by the Committee, represent any other entity having an adverse interest in connection with the Debtors' Chapter 11 cases.

21.    The Committee has been informed that CM is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that CM discovers any

connection with any interested party or enters into any new relationship with any interested party, CM will promptly supplement its disclosure to the Court.

22.    The Committee submits that the employment of CM on the terms and conditions set forth in the Engagement Letter and summarized herein is in the best interests of the Debtors, their creditors, the Committee, and all parties-in-interest.

## NO PRIOR REQUEST

23.    No previous application for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit C**, authorizing the Committee to employ CM as its financial advisor in these cases *nunc pro tunc* to February 26, 2014 and granting such other and further relief in the Committee's favor as the Court may deem just, proper, and equitable.

Dated: March 26, 2014
       Los Angeles, California

Respectfully submitted.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR
EVENT RENTALS, INC., *et al.*

By: _____  3/26/2014
    Name: Joel Nevens
          Co-Chairman of the Committee
    For:  JOMAR Table Linens, Inc.

By: _____  3/26/2014
    Name: Kevin Saunders
          Co-Chairman of the Committee
    For:  Ryder Truck Rental, Inc.