## EXHIBIT A

**Declaration of John T. Young, Jr.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Event Rentals, Inc., *et al.*, | Case No. 14-10282 (PJW) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline:**<br>**April 9, 2014 at 4:00 p.m.**<br>**Hearing Date:**<br>**April 16, 2014 at 2:00 p.m.** |

## DECLARATION OF JOHN T. YOUNG, JR. IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 26, 2014

I, John T. Young, Jr., pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare that the following is true and correct:

1.      I am a Senior Managing Director of Conway MacKenzie, Inc. ("CM"), and am duly authorized to execute this declaration on behalf of CM. I submit this declaration, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the Application for Employment of Conway MacKenzie, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to February 26, 2014 (the "Application").[2]  Unless otherwise stated, I have personal knowledge of the facts stated herein. To the extent any information disclosed herein requires amendment or modification upon CMs

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871 ); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.l. 3] and is also available at http://kccllc.net/CPR.

[2]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**A.      CM's Qualifications**

2.       CM has been asked to serve as financial advisor to the Committee appointed in the Chapter 11 cases of Event Rentals, Inc., *et al.* (collectively, the "Debtors").

3.       CM is a turnaround and crisis management consulting firm specializing in corporate restructurings, operations improvement, litigation analytics and valuations.  CM has extensive experience working with and for distressed companies in complex financial and operational restructurings, both out-of-court and in chapter 11 proceedings throughout the United States.  CM professional have advised debtors, creditors and equity constituents in numerous reorganizations, which advisory services have included financial analysis and budgeting, forecasting, cash management, operational assessments and improvements, and the provision of interim management.  CM has advised companies with annual sales ranging from $5 million to over $5 billion in a broad range of industries.

4.       In light of the size and complexity of these chapter 11 cases, the Committee requires the services of a seasoned and experienced financial advisor familiar with the industry to, among other things, assist the Committee in (i) understanding the Debtors' businesses and operations, (ii) executing its fiduciary duties and (iii) maximizing the value of the Debtors' estates.  Therefore, the Committee respectfully submits that the services of CM are necessary and appropriate to ensure that the Committee's interests are protected.

5.       The Committee has selected CM as its financial advisor based upon, among other things:  (a) the Committee's need to retain a financial advisory firm to provide advice with

respect to the Debtors' restructuring activities; (b) CM's senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as these cases; and (c) CM's knowledge of the industry as well as the Debtors' businesses, operations, and capital structure. Furthermore, the Committee believes that CM is well-qualified to provide its services in a cost-effective, efficient, and timely manner. The Committee submits that the employment and retention of CM would be in the best interests of the Debtors, their estates and their creditors. CM has agreed to provide financial advisory services to the Committee in the Debtors' chapter 11 cases, pursuant to the terms and conditions of the Engagement Letter, a copy of which is attached as **Exhibit B** to the Application.

**B.      Professional Compensation**

6.      Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, CM proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. CM professionals will will be billed at their respective standard hourly rates, which range from $200 (paraprofessional) to $675 (senior managing director).

7.      CM will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges. CM will charge for these expenses at rates consistent with charges made to other CM clients, and subject to the guidelines of the United States Trustee.

8.      CM will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

9.     The Committee believes that the fee structure is reasonable, market-based, and designed to fairly compensate CM for its work in these Chapter 11 cases and to cover fixed and routine overhead expenses.

**C.     Disinterestedness**

10.     Neither CM, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, represents any interest adverse to that of the Debtors' estates in the matters upon which the Committee seeks to engage CM, and I believe the firm to be a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

11.     From time to time, CM has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these Chapter 11 cases.  As described below, however, CM has undertaken a detailed search to determine, and to disclose, whether it is providing or has provided, services to any significant creditor, investors, insider or other party in interest in such unrelated matters.

12.     CM provides services in connection with numerous cases, proceedings and transactions unrelated to these Chapter 11 cases.  Those unrelated matters involve numerous attorneys, financial advisors and creditors, some of whom may be claimants or parties with actual or potential interests in these Chapter 11 cases, or may represent such parties.

13.     CM's personnel may have business associations with certain creditors of the Debtors unrelated to these Chapter 11 cases.  In addition, in the ordinary course of its business, CM may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other parties in interest in these Chapter 11 cases.

4

14.     In connection with the preparation of this Declaration, CM conducted a review of its (and its affiliates' and employees') contacts with the Debtors, their non-debtor affiliates, and certain entities holding large claims against or interest in the Debtors that were made reasonably known to CM.  A listing of the parties reviewed is reflected in Schedule "1" attached to this Declaration.  CM's review, completed under my supervision, consisted of a query of the Schedule 1 parties containing names of individuals and entities that are represented by CM.

15.     Based on the results of its review, CM (including its affiliates and employees) does not have a relationship with any of the parties listed in Schedule 1 in matters related to these proceedings except as set forth herein.  CM's assistance to these parties has been related to providing various consulting services.  To the best of my knowledge, no services have been provided to these parties-in-interest which involve their rights in the Debtors' cases, nor does CM's involvement in this case compromise its ability to continue such consulting services.

16.     Further, as part of its diverse practice, CM appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in the Chapter 11 cases.  Further, CM (including its affiliates and employees) has performed, in the past, and may perform in the future, consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on CM's current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships creates interests materially adverse to the Debtors, and none is in connection with this case.

17.     On a going forward basis, CM shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest.

18.     CM (including its affiliates and employees) and I do not believe any of us is a "creditor" of any of the Debtors within the meaning of section 101(1) of the Bankruptcy Code. Further, neither I, CM (including its affiliates and employees) nor any member of the CM engagement team serving the Debtors, to the best of my knowledge, is a holder of any of the Debtors' outstanding debt, equity or preferred stock investments.

19.     Neither CM, any member or employee thereof, nor I, insofar as I have been able to ascertain, is so connected with the Judges of the United States Bankruptcy Court for the District of Delaware, the United States Trustee (Region 3) or the Assistant Trustee or Trial Attorneys for the Office of the United States Trustee, as to render the employment of CM, as financial advisor for the Committee, inappropriate under Bankruptcy Rule 5002(b).

20.     Neither CM, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, is or was a creditor, an equity holder, or insider of the Debtors.

21.     Neither CM, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, is or was a director, officer or employee of the Debtors as defined in Bankruptcy Code sections 101(14)(B) or (C) within two years before the date of filing of the Debtors' Chapter 11 cases.

22.     On the basis of the above, I believe CM to be a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

23.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2014

CONWAY MACKENZIE, INC.

By: _/s/ John T. Young, Jr._
    John T. Young, Jr.
    Senior Managing Director

**SCHEDULE 1**
**Entities Submitted to the Conflicts Database**

**Debtors**
**(including certain Prior Names)**
Special Event Holding, Inc.
Event Rentals, Inc.
Classic Party Rentals, Inc.
Classic Midwest, Inc.
Classic Northeast, Inc.
Classic Panache, Inc.
Classic/Prime, Inc.
Classic Southeast, Inc.
Unique Tabletop Rentals, Inc.
Grand Events & Party Rentals, Inc.
Classic Party Rentals LP
DUBO Acquisition Corporation
DBO Acquisition Corporation
A-Rental World Incorporated
Regal Rents Acquisition Corp.
Sisters Party Rentals, Inc.
VTR/Sawin
AES Acquisition Corp.
Northcoast
La Bella
Classic Tents
DR LCC Red Hot Rentals
Ascot Party Rentals, Inc.
ARS Acquisition Corp.
La Eve, Inc.
Regal International
Regal Rents
Regal Rents Acquisition Corp.
Regal Rents, Inc.
Tri Rentals
Classic Tents Corporation
Grand Events, Inc.
Phoenix Event Services
Chicago Party Rentals
Tri State Service Party Rentals
TriServe Party Rentals
Tri State Top Notch
Puffin and Just Linens
SH Party (Mill Party)
Party Panache, Inc.
Panache GP Rentals, LLC
Successful Events, Inc.
Fiesta Rentals
Bel Company
DBEL Acquisition LP
Cannonball Party Rentals
Prime Event Group, Inc.

**SCHEDULE 1**
**Entities Submitted to the Conflicts Database**

PEG East, Inc.
SSES/TVI
Classic Atlanta, Inc.
Ace Party Rentals, Inc.
The Turlington Group, Inc.
Party Showcase
Potomac Service Corporation
Event Rentals 2
Capital Party
Low Country
Special Event Rentals
Worldwide Rent LLC
International Capital Development
Ace Party Rentals
Party Place, LLC
Grand Events
Atlanta Party Plus
Classic Atlanta
A to Z Rental Center of Palm Springs, Inc.
Abbey Event Services
Classic Tents
A -Star Party Rentals
Abbey LA
Festive Fare
Classic East, Inc.
Forest Acquisition Corp.
Classic Party Rentals
Cannonball Party Rentals
Ducky Bob's
Ducky Bob's Cannonball Party & Tent Rentals
Ducky Bob's Cannonball Party Rentals
Ducky Bob's Party & Tent Rentals
Ducky Bob's Party Rentals
Ducky Bob's Regent Rentals

**Officers Directors of Debtors**
Timothy W. Billings
Stephen M. Burns
Terrence D. Daniels
Robert W. Reistetter
Jeffrey M. Black
Carrie Blankenheim
Jenny Ford

**Lenders**
Ableco Finance LLC
Bank of America, N.A.
CoLTS 2005-2 LTD
Credit Suisse Loan Funding LLC

**SCHEDULE 1**
**Entities Submitted to the Conflicts Database**

DBD Credit Funding LLC
299 Credit Finance Holdings LLC
Emporia Preferred Funding II, LTD
Emporia Preferred Funding III, LTD
FM Leveraged Capital Fund I
FM Leveraged Capital Fund II
Fortress Credit Funding III LP
Fortress Credit Funding IV LP
General Electric Capital Corporation
GSC Partners CDO Fund VI, Limited
GSC Partners CDO Fund VII, Limited
Ivy Hill Investment Holdings, LLC
NewStar Commercial Loan Trust 2006-1
NewStar Loan Funding, LLC
Sargas C LO I LTD
Twin Haven Special Opportunities IV, L.P.
Wachovia Bank N.A.
S.A.C. Domestic Investments, LP
Banc One Capital Partners II, LLC
CapitalSource Finance, LLC
Quad-C Partners, VII, L.P.
Quad-C Principals, LLC
JPM Mezzanine Capital, LLC
S.A.C. Offshore Capital Funding, Ltd.
S.A.C. Domestic Capital Funding, Ltd.

**Top 20 Creditors**
Don Parker/BOA Terra Firm
Mr. and Mrs. Herb Stone
American Turf & Carpet
Zurich North America
Stan and Beth White
Commissioner of Taxation and Finance, Binghamton, NY
Lockton Insurance Brokers Inc.
Brad Turlington/The Turlington Group
Jomar
Ryder Transportation Services
Designer 8 Event Furniture Rental
Chameleon Chair LLC
Venable LLP
TopTec Products LLC
Soyan Wong/David Brann
American Furniture Rental
MTY Enterprises, LLC
Descartes Systems (USA) LLC
Aztec Tents Design & Production
John Moran
Ecolab
United Rentals Northwest, Inc.
B2B Transportation Services, Inc.

**Other Parties**
Structured Asset Investors, LLC
Ivy Hill Asset Management, L.P.
GSC Acquisition Holdings, LLC
GSC Manager, LLC
NewStar Financial, Inc.
Sargas Asset Management, LLC
Twin Haven Capital Partners, LLC
Quad-C Management, Inc.

**Utilities**
550 Meadowland Parkway
Ablemarle County Service Authority
American Disposal Services
Atmos Energy
Bertolotti Disposal Inc.
Burrtec Waste Recycling Services
Carpinteria Valley Water District
Cirro Energy
City of Buellton
City of Burlingame
City of Carrollton
City of Charlotte
City of Charlottesville
City of El Segundo
City of Hollywood
City of Inglewood
City of Modesto California
City of Raleigh
City of Santa Ana Municipal Utilities Services
City of Santa Barbara
City of Torrance Utilities
City of Tucson
City of West Palm Beach
Coachella Valley Water District
Commonwealth Edison Co.
Consolidated Disposal Services # 902
Consolidated Edison Company of N.Y. Inc.
Dominion Resources Inc. d/b/a Dominion Virginia Power
Duke Energy Corp.
E.J. Harrison & Sons
Florida Power & Light
Georgia Power Co.
Groot Industries Inc.
IESI NY Corp.
Imperial Irrigation District
Long Island Power Authority
Marborg Industries
Mauriello Disposal, Inc.

**SCHEDULE 1**
**Entities Submitted to the Conflicts Database**

Memphis Light, Gas and Water
Modesto Irrigation District
Napa County Recycling & Waste Services
Nasa Services
Nashville Electric Service
National Grid Corp.
Nicor Gas
Northern Virginia Electric Cooperative
NV Energy, Inc.
Pacific Gas & Electric Co.
Piedmont Nat ural Gas Company, Inc.
PSNC Energy
Public Service Company of New Mexico
Recology San Mateo County
Republic Services #620
Republic Services #742
Republic Services #800
Sacramento Municipal Utility District
Saguaro Environmental Services
Salt River Project
San Diego Gas & Electric Co.
Scana Corp.
South Carolina Electric & Gas
Southern California Edison Co.
Southern Waste Systems
Southwest Gas Corp.
Tampa Electric
The Gas Co.
Tucson Electric Power Co.
Village of Hodgkins
Village of McCook
Waste Industries, Inc.
Waste Management, Inc.
Waste Management, Inc. of Arizona
Waste Management, Inc. of New Mexico
Waste Management, Inc. of San Diego
Wilson Hull & Nell

**Insurance**
First Mercury Insurance Co.
Old Republic General Ins. Co.
Rockhill Insurance Co.
Great American Ins. Co.
Zurich American
Underwriters at Lloyd's
Colony Insurance Co.
Old Republic
ACE (Westchester Insurance Co.)
Federal Ins. Co.
Lockton Companies

Premium Assignment Corporation

**Bank Accounts**
Bank of America, N .A.
U.S. Bank National Association

**Five Percent Shareholders**
Quad-C Partners VII, L.P.
Quad-C Principals, LLC
Quad-C Partners VII Co-Investment Fund, L.P.
JPM Mezzanine Capital, LLC
S.A.C. Offshore Capital Funding, Ltd.
S.A.C. Domestic Capital Funding, Ltd.

**Professionals**
Littler Mendelson, P.C.
Perkins Coie
Venable LLP
York Risk Services Group, Inc.
Kling & Pathak
Cronkite & Kissell
CBIZ NHM, LLC
Mark Nunis, CPA
J.H. Cohn LLP
Employment Tax Specialist
Jorgensen & Co.
TFI Resources
J.J. Keller & Associates, Inc.
Vedder Price P.C.
Farber Hass Hurley LLP
Cohn Reznick LLP
Sprague and Associates
Pettit Kohn Ingrassia & Lutz
Knightsbridge Human Capital Management
Ernst & Young

**Advisors**
Jefferies LLC
FTI Consulting, Inc.
Fox Rothschild LLP
Advisors
Kurtzman Carson Consultants LLC

**Litigation Parties**
Emau Hernandez
Luis Nunez
Jason Jackson
Jaime Perez
Jaime Patricio

**SCHEDULE 1**
**Entities Submitted to the Conflicts Database**

**Judges of the Delaware Bankruptcy Court**
Kevin Gross
Kevin J. Carey
Brendan L. Shannon
Christopher S. Sontchi
Mary F. Walrath
Peter J. Walsh

**Office of the United States Trustee**
Roberta DeAngelis
Thomas Patrick Tinker
David Buchbinder
Mark Kenney
Richard Schepacarter
Tiiara Patton
Juliet Sarkessian
Jane Leamy
Benjamin Hackman
Timothy J. Fox, Jr.