IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Event Rentals, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>Jointly Administered<br><br>Objection Deadline: April 29, 2014 at 4:00 p.m. EST<br>Hearing Date: May 13, 2014 at 2:00 p.m. EST |

## MOTION OF EVENT RENTALS, INC. AND ITS AFFILIATED DEBTORS FOR ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG CLASSIC/PRIME, INC., COLONY SPECIALTY, INTERNATIONAL PLAYERS CHAMPIONSHIPS, INC., AND TERRY MASCOLO

Event Rentals, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this Motion (the "Motion") pursuant Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, approving the Settlement Agreement substantially in the form attached hereto as Exhibit B (the "Settlement Agreement"),[2] by and among Classic/Prime, Inc., International Players Championships, Inc., Colony Specialty, and Terry Mascolo (collectively, the "Parties"). In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Settlement Agreement.

## I.   BACKGROUND

### A.   General Background

1.   On February 13, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Bankruptcy Code, thereby commencing these Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.   On or about February 25, 2014, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [D.I. 91] (the "Creditors' Committee"). As of the date hereof, no trustee or examiner has been requested or appointed in the Chapter 11 Cases.

3.   The Debtors are the nation's largest provider of event rental products and related services, with 39 locations across 22 markets. The Debtors have the largest offering of event equipment, value-added event services, and temporary structure assets, and provide services for over 145,000 events for approximately 55,000 customers annually. The Debtors employ approximately 2,500 employees throughout the year and have total annual revenues of approximately $235 million.

4.   Additional background facts on the Debtors, including an overview of the Debtors' businesses, information concerning the Debtors' corporate structure, information concerning the Debtors' debt structure, and information on the events leading up to the Chapter 11 Cases is contained in the *Declaration of Jeffrey M. Black in Support of First Day Motions and Applications* filed on February 13, 2014 [D.I. 13].

B.  **Background Fact Specific to the Motion**

5. On March 29, 2013, Terry Mascolo ("Mascolo") commenced Case No. 13-11360-CA-06 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Litigation"), asserting a claim against, among others, International Players Championships, Inc., and Classic/Prime, Inc.

6. Classic/Prime, Inc., along with the other Debtors, maintains appropriate levels of insurance coverage. Classic/Prime, Inc. has consulted with its insurer, Colony Specialty (the "Insurer"), and determined that it is fully covered for the claims asserted in the Litigation. Moreover, the Settlement Agreement agreed upon by the Parties will leave ample coverage under the Debtors' insurance policy with the Insurer for the Debtors to prudently operate their businesses. Accordingly, Classic/Prime, Inc. has exercised its business judgment to execute the Settlement Agreement.

7. The following summarizes[3] the pertinent terms of the Settlement Agreement:

> - In consideration for the sum of fifty thousand dollars, or other valuable consideration received from the Insurer on behalf of Classic/Prime, Inc. and International Players Championships, Inc. (collectively, the "Releasees"), Mascolo agrees to release and forever discharge Releasees and their insurers from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, which the Mascolo now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of, the Litigation and its pleadings, including, without limitation, any and all known or unknown claims for bodily, personal injuries, and/or

---

[3]  The summary contained herein is provided solely for the convenience of the reader and is qualified in its entirety by the Settlement Agreement. To the extent that this summary conflicts with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

3

death, or any future claim of Mascolo's representatives or heirs, which has resulted or may result from the alleged acts or omissions of the Releasees.
- Prior to receiving the settlement funds provided in the Settlement Agreement, Mascolo will deliver an executed copy of a joint stipulation of dismissal with prejudice, dismissing the Litigation, and the Releasees shall file the same and a final order of dismissal with prejudice, dismissing the Litigation.
- The Settlement Agreement is immediately effective upon execution by Mascolo and entry of an order approving the same by this Court.

## II. JURISDICTION

8. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

9. By this Motion, the Debtors request an order pursuant to Bankruptcy Rule 9019, substantially in the form attached hereto as Exhibit A, approving the Settlement Agreement in all respects.

## IV. BASIS FOR RELIEF

10. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises are favored in bankruptcy because they minimize the costs of litigation and further the parties' interests in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); 10 Collier on Bankruptcy, ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed., 2013). In deciding whether to approve a compromise under Bankruptcy Rule 9019, the Court must determine if the settlement is "fair, reasonable, and in the interest of the estate." *In re TSIC, Inc.*, 393 B.R. 71, 78 (Bankr.

4

D. Del. 2008); *In re Key3Media Group, Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (citing *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). This test is known as the "best interests" test.

11.    Under the "best interests" test, a debtor must show that a compromise or settlement is "fair and equitable" to the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006) (discussing application of fair and equitable standard); *Martin*, 91 F.3d at 393 (same); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held to be in best interest of the estate). Under the "best interests" test and as further articulated by courts within the Third Circuit, the reasonableness of a proposed compromise and settlement is determined in reference to the following four factors: (1) the probability of success in litigation concerning the subject matter of the settlement; (2) the projected difficulty in collecting after obtaining a judgment in such litigation; (3) the complexity of the issues involved, and the expense, inconvenience, and delay that would therefore attend such litigation; and (4) the paramount interest of holders of claims against and interests in the debtor, to which proper deference to their reasonable views of the settlement should be afforded. *Martin*, 91 F.3d at 393 (following *TMT* and clarifying four-factor test); *see also Nutraquest*, 434 F.3d at 644-45; *In re RNI Wind Down Corp.*, 348 B.R. 286, 297-99 (Bankr. D. Del. 2006); *In re Kaiser Aluminum Corp.*, 339 B.R. 91, 96-97 (D. Del. 2006).

12.    In applying the *Martin/TMT* four-factor test, the reasonableness of a proposed compromise and settlement does not depend on a determination that the settlement reached is the best that could possibly be obtained, but rather, whether the settlement "fall[s] below the lowest point in the range of reasonableness." *In re Pa. Truck Lines, Inc.*, 150 B.R.

595, 598 (E.D.Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *Key3Media*, 336 B.R. at 92-93 (court is not required to determine that settlement is best possible compromise).

13. The *Martin/TMT* factors weigh heavily in favor of approving the Settlement Agreement. Importantly, it shields the Debtors' assets from further litigation because the Insurer will pay Mascolo the full consideration required by its terms, leaving more than adequate coverage for the Debtors to continue to prudently operate their businesses. The Settlement Agreement allows the Debtors to dispose of the Litigation whose outcome is uncertain, without substantial attorneys' fees, court costs, and distraction to the Debtors' management and staff, not to mention the potential downside risk should the result of the Litigation be adverse. Moreover, while the Debtors maintain adequate insurance coverage to operate their businesses, the Debtors' Insurer has approved the Settlement Agreement and is funding 100% of the settlement payment. Accordingly, it does not cost the Debtors' estates anything to resolve this Litigation. Thus, entering into the Settlement Agreement is well within the "range of reasonableness" required by Rule 9019.

14. Finally, the Parties to the Settlement Agreement negotiated its terms in good faith and at arm's length. Accordingly, the Debtors believe that the terms of the Settlement Agreement are fair, equitable, and in the best interests of all parties in interest.

15. For all of the foregoing reasons, the Debtors respectfully request that the Court approve the Settlement Agreement.

### V.   NOTICE

16. Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware, counsel to the Prepetition Secured Lenders, counsel to the Creditors' Committee, counsel to Colony Specialty, counsel to International Players

Championships, Inc., counsel to Mascolo, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

17. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
April 8, 2014

**FOX ROTHSCHILD LLP**

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market Street
Suite 300
Wilmington, Delaware 19801
Telephone:    (302) 654-7444

—and—

John K. Cunningham
(admitted *pro hac vice*)
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard
49th Floor
Miami, Florida 33131
Telephone:    (305) 371-2700

—and—

Craig H. Averch
(admitted *pro hac vice*)
**WHITE & CASE LLP**
633 West Fifth Street
Suite 1900
Los Angeles, California 90071
Telephone:    (213) 620-7700

*Attorneys for the Debtors
and Debtors in Possession*