# Exhibit B

Settlement Agreement

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Event Rentals, Inc., *et al.*,[1] | Case No. 14-10282 (PJW) |
| Debtors. | Jointly Administered |

### SETTLEMENT RELEASE BY AND AMONG CLASSIC/PRIME, INC., COLONY SPECIALTY, INTERNATIONAL PLAYERS CHAMPIONSHIPS, INC., AND TERRY MASCOLO

KNOW ALL MEN BY THESE PRESENTS, that **TERRY MASCOLO, PLAINTIFF**, Releasor, for and in consideration of the sum of **FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00)**, or other valuable considerations, received from **COLONY SPECIALTY**, on behalf of **CLASSIC/PRIME, INC. and INTERNATIONAL PLAYERS CHAMPIONSHIPS, INC.**, *Releasees*, the receipt whereof is hereby acknowledged,

> (Wherever used, the term "Releasor" and *"Releasees"* shall include those parties specifically named in this release. The term "Releasor" and *"Releasees"* shall also include singular and plural, heirs, legal representatives, assigns of individuals, employees, agents, servants, officers and directors, stockholders, attorneys, representatives, employers, successor subsidiaries, affiliates, partners, predecessors or successors in interest, assigns of corporations, whenever the context so admits or requires.)

*HEREBY* remise, release, acquit, satisfy, and forever discharge the *Releasees,* of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which Releasor ever had, now has, or hereafter can, shall or may have, against *Releasees*, for, upon or by reason of any matter, cause or thing whatsoever, whether direct or vicarious, from the beginning of the world to the day this document is signed, including but not limited to any and all claims made in the case of **TERRY MASCOLO, PLAINTIFF, versus STARBUCKS CORPORATION, a Foreign Profit Corporation, INTERNATIONAL PLAYERS CHAMPIONSHIPS, INC., a Florida Profit Corporation, and CLASSIC/PRIME, INC., a Foreign Profit Corporation, DEFENDANTS., Circuit Court CASE NO.: 13-11360-CA-06, IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA,** (referred to herein as "This Litigation"), which shall include any claims for attorney's fees and costs.

Releasor hereby agrees to indemnify and hold harmless the *Releasees* from all claims, suits, liens, and subrogated interests and agrees to satisfy all existing and future liens arising out of the subject matter of the above mentioned case.

Releasor has had the benefit of personal counsel and fully understands the terms of this Release and is making full and final settlement of all claims of every nature and character which Releasor has against *Releasees*.

This Release shall be a full, final, complete and binding settlement between the Releasor and *Releasees*, their respective heirs, assigns and successors. Further, it is understood that this Release shall include a release of all active and vicarious liability and shall also include a release of any person or entity who would be vicariously responsible for the acts of *Releasees*, including, but not limited to, any lessors, assigns, corporations, or entity operating as a fictitious name.

It is further understood and agreed that this settlement is the compromise of disputed claims and that the payment made is not to be construed as an admission of liability on the part of *Releasees*, who expressly deny any liability for this action.

Releasor hereby acknowledges and agrees that Releasor further expressly waives and assumes the risk of any and all claims for damages against *Releasees* which exist as of this date but of which the Releasor does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect

Releasor's decision to enter into this Release. Releasor understands that this claim is being settled as a business decision only and that payment of the sums specified herein are being made as a complete compromise of matters involving disputed issues of law and fact and the Releasor thereby assumes the risk that the facts or law may be otherwise than Releasor believes.

It is further understood and agreed that no promise or agreement not expressed within the written terms of this document has been made to Releasor as an inducement to enter into this agreement and that this Release contains the entire agreement between the parties to it and that the terms of this Release are contractual and not a mere recital.

It is further understood that on February 13, 2014, Classic/Prime, Inc. and its affiliates filed their respective voluntary petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankrutpcy Court"), thereby commencing the above captioned bankruptcy cases.

## AGREEMENT

Releasor agrees as follows:

### §1.0 Release

**§1.1** In consideration for the payment set forth above, Releasor hereby completely releases and forever discharges *Releasees* and their insurers from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, which the Releasor now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of, This Litigation and its pleadings, including, without limitation, any and all known or unknown claims for bodily, personal injuries, and/or death, or any future claim of Releasor's representatives or heirs, which has resulted or may result from the alleged acts or omissions of the *Releasees*.

**§1.2** This Release shall also apply to *Releasees'* and their insurer's past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

### §2.0    Payments

*Releasees* will be required to make payment of the above described settlement funds only after receipt of two copies of this Release, each properly executed by Releasor, in addition to the executed settlement documents described below. Releasor expressly understands that Releasor must properly execute this Release prior to receiving the above described settlement funds.

All sums set forth above constitute damages on account of personal injuries, sickness, and/or death within the meaning of Section 104(a) (2) of the Internal Revenue Code of 1986, as amended.

### §3.0    Delivery of Dismissal with Prejudice

Prior to receiving the settlement funds in this Litigation, in addition to executing this Release as described above, Releasor shall deliver to *Releasees* one executed copy of a Joint Stipulation of Dismissal with Prejudice, drafted by counsel for *Releasees*. Further, Releasor hereby authorizes *Releasees*, upon receipt of the executed settlement documents described herein and delivery of the settlement proceeds to Releasor, to forward the Joint Stipulation of Dismissal With Prejudice and a corresponding Final Order of Dismissal with Prejudice to the Court, for execution.

### §4.0    Representation of Comprehension of Document

In entering into this Release, Releasor represents that Releasor has relied solely upon the advice of his/her counsel, who is the counsel of his/her own choice, concerning the legal and income tax consequences of this Release; that the terms of this Release have been completely read and explained to Releasor by that counsel; and that the terms of this Release are fully understood and voluntarily accepted by Releasor.

### §5.0    Liens

Releasor further hereby covenants to satisfy any outstanding subrogated interests or liens, including Medicare Liens, applicable to This Litigation, this settlement and/or this Release. Further, Releasor agrees to indemnify and hold harmless *Releasees* and their attorneys for any outstanding interests or liens applicable to This Litigation, this settlement and/or this Release.

### §6.0    Warranty of Capacity to Execute Agreement

Releasor represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release, except as

otherwise set forth herein; that Releasor has the sole right and exclusive authority to execute this Release and receive the sums specified in it; and that Releasor has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release.

§7.0　Governing Law

This Release shall be construed in accordance with the laws of the State of Florida.

§8.0　Additional Documents

Releasor agrees to cooperate fully and execute any and all supplementary documents as outlined within this Release and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.

§9.0　Entire Agreement and Successors in Interest

This Release contains all of the terms of the settlement of This Litigation, as understood by Releasor, and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of Releasor.

§10.0　Effectiveness

This Release shall become effective immediately following execution by Releasor and following entry of an order by the Bankruptcy Court approving the Release.

§11.0　Reservation of Other Claims and First Party Rights

Releasor reserves her right to pursue and recover future damages, medical expenses, health care and related expenses, from any person, firm, or organization who may be responsible for payment of such damages and/or expenses, including but not limited to any first party health insurance coverage, but such reservation does not include the *Releasees* who are given a full and final release of all claims, including all past, present, or future claims for subrogation and/or contribution arising out of the above-referenced accident.

**END OF THE RECITAL**

IN WITNESS WHEREOF, I hereunto set my/our hands and seals on this 28th day of March, 2014.

Signed, sealed and delivered in the presence of:

_____
TERRY MASCOLO

_____
WITNESS

_____
WITNESS

STATE OF Florida           )
                           )SS
COUNTY OF Miami-Dade )

The foregoing instrument was acknowledged before me this 28th day of March, 2014, by _____, TERRY MASCOLO, who is (personally known to me) or who has produced _____ (type of ID) and who did take an oath.

_____
Signature of Notary Public

Farideth Maldonado
Printed Name of Notary Public

[Notary Seal]
FARIDETH A. MALDONADO
Notary Public - State of Florida
My Comm. Expires Feb 5, 2017
Commission # EE 868891