IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Event Rentals, Inc., *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 29, 175, & 274** |

### NOTICE OF DEBTORS' INTENT TO ASSUME, ASSIGN, TRANSFER, AND/OR SELL CERTAIN EXECUTORY CONTRACTS, LEASES, AND INTELLECTUAL PROPERTY RIGHTS

    PLEASE TAKE NOTICE THAT, on February 13, 2014 (the "Petition Date"), Event Rentals, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    PLEASE TAKE FURTHER NOTICE THAT, on February 14, 2014, the Debtors filed a motion [Docket No. 29] (the "Sale Procedures Motion")[2] with the Bankruptcy Court seeking, among other things, approval of certain procedures (the "Assignment Procedures") applicable to the identification and assumption of certain contracts (the "Assumed Contracts"), certain leases (the "Assumed Leases"), and certain intellectual property rights (the "Intellectual Property Rights"), and assignment thereof, in connection with the Sale by which the Debtors intend to sell substantially all of their assets.

    PLEASE TAKE FURTHER NOTICE THAT, on March 14, 2014, the Bankruptcy Court entered an order [Docket No. 175] (the "Bid Procedures Order") granting the Sale Procedures Motion and approving the procedures for the assumption and assignment of the Assumed Contracts, Assumed Leases, and Intellectual Property Rights.  A copy of the Bid Procedures Order (exclusive of exhibits) is attached hereto as Schedule 1.

    PLEASE TAKE FURTHER NOTICE THAT the Debtors intend to assume, assign, transfer, and/or sell to CPR Acquisition Holdings, LLC (together with its subsidiaries and

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327).  The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3] and is also available at http://kccllc.net/CPR.

[2]  Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Sale Procedures Motion.

any successors or assigns, or other entity(ies) designated to effect the transactions contemplated by the Agreement (as defined below), the "Buyer") the Assumed Contracts, Assumed Leases, and Intellectual Property Rights listed on Schedule 2 annexed hereto pursuant to sections 363 and 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT the Debtors have set forth on Schedule 2 hereto the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date (the "Cure Payment Liabilities").  The amounts set forth on Schedule 2 may, in some instances, represent the amount that the Buyer has advised it is prepared to pay in order to take an assignment, transfer, and/or sale of a particular Assumed Contract, Assumed Lease, or Intellectual Property Rights.  The Bankruptcy Code requires that the Cure Payment Liabilities (which include any amounts owing (as determined by agreement of the parties or order of the Bankruptcy Court) on account of the Debtors' prepetition obligations under the Assumed Contracts and Assumed Leases) be paid (or that adequate assurance of payment be provided) to the parties owed such amounts upon the Debtors' assumption of the Assumed Contracts, Assumed Leases, and Intellectual Property Rights.

**PLEASE TAKE FURTHER NOTICE THAT YOU SHOULD LOCATE YOUR NAME (OR THAT OF YOUR ENTITY) AND CONTRACT ON SCHEDULE 2 HERETO.  CONTRACTS ARE LISTED BY NON-DEBTOR PARTY NAME (EXCEPT IN THOSE CASES WHERE THE NON-DEBTOR PARTY NAME BEGINS WITH THE WORD "THE," IN WHICH CASES THE WORD "THE" HAS BEEN OMITTED) AND SORTED ALPHABETICALLY.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT, TRANSFER, AND/OR SALE TO THE BUYER OF A CONTRACT, A LEASE, OR INTELLECTUAL PROPERTY RIGHTS, INCLUDING TO THE VALIDITY OF ANY CURE PAYMENT LIABILITIES AS DETERMINED BY THE DEBTORS, OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS, DEFAULTS, CONDITIONS, OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE ASSUMED CONTRACTS AND ASSUMED LEASES MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SETTING FORTH WITH SPECIFICITY ANY AND ALL CURE OBLIGATIONS OR OTHER CONDITIONS WHICH SUCH PARTY ASSERTS MUST BE CURED OR SATISFIED WITH RESPECT TO SUCH CONTRACT, LEASE, OR INTELLECTUAL PROPERTY RIGHT WITH APPROPRIATE DOCUMENTATION IN SUPPORT THEREOF, SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED BY** (a) the Debtors, c/o Event Rentals, Inc., 901 West Hillcrest Blvd., Inglewood, California 90301 (Attn: Jeffrey M. Black); (b) co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.); (c) co-counsel to the Buyer, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Lee R. Bogdanoff, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.); (d) counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Bradford J.

Sandler, Esq. & John D. Fiero, Esq.); and (e) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David Buchbinder, Esq.) **BY 4:00 P.M. ON APRIL 22, 2014 (THE "OBJECTION DEADLINE").**

**PLEASE TAKE FURTHER NOTICE THAT, EXCEPT AS LIMITED BY THE NEXT PARAGRAPH, UNLESS AN ASSUMPTION OBJECTION IS FILED AND SERVED BY A PARTY TO AN ASSUMED CONTRACT OR ASSUMED LEASE OR A PARTY INTERESTED IN AN ASSUMED CONTRACT OR ASSUMED LEASE BY THE OBJECTION DEADLINE, ALL PARTIES WHO HAVE RECEIVED ACTUAL OR CONSTRUCTIVE NOTICE HEREOF SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT AN ASSUMPTION OBJECTION AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION, ASSIGNMENT, TRANSFER, AND/OR SALE, AND SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTORS, THE BUYER, OR ANY OTHER ASSIGNEE OF THE RELEVANT ASSUMED CONTRACT OR ASSUMED LEASE THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION OR ASSIGNMENT MUST BE SATISFIED, UNDER SUCH ASSUMED CONTRACT OR ASSUMED LEASE.**

PLEASE TAKE FURTHER NOTICE THAT Assumption Objections must set forth the cure amount or other obligation the objecting party asserts is due, the specific types and dates of the alleged defaults, pecuniary losses, and conditions to assignment and the support therefor, if any. Upon receipt of an Assumption Objection, subject to the Buyer's rights under the Agreement, the Buyer (on behalf of the Debtors' estates) may hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Buyer and the objecting party, and the Buyer shall have the right to litigate any dispute about the Claimed Cure Amount on behalf of the Debtors' estates. So long as the Buyer holds the Claimed Cure Amount in reserve, subject to the Buyer's rights under the Agreement, the Debtors seek authority to assume, assign, transfer, and/or sell the Assumed Contract or Assumed Lease that is the subject of an objection without further delay.

PLEASE TAKE FURTHER NOTICE THAT if, as to any Assumed Contract, Assumed Lease, or Intellectual Property Right, no Assumption Objection is received by the Objection Deadline, such Assumed Contract, Assumed Lease, or Intellectual Property Right shall be deemed assumed by the Debtors and assigned, transferred, and/or sold to the Buyer without further order of the Bankruptcy Court, effective as of the later of (i) the entry of the Sale Order approving, among other things, the Asset Purchase Agreement with the Buyer (the "Agreement") or (ii) the payment of the applicable Cure Payment Liability, if any, set forth on Schedule 2 hereto, in each case subject to occurrence of the Closing. If an Assumption Objection is received by the Objection Deadline and the Debtors and the Buyer are unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of such Assumption Objection shall be subject to further order of the Bankruptcy Court and the Debtors shall promptly schedule a hearing to consider such Assumption Objection.

PLEASE TAKE FURTHER NOTICE THAT notwithstanding anything herein to the contrary, the Buyer may, from time to time, exclude any Assumed Contract, Assumed Lease or Intellectual Property Right in its sole and absolute discretion until the Closing; *provided, however*, that after the Closing, the Buyer may declare any Contract to be an Excluded Contract if the Cure Payment Liability for any such Contract is subject to dispute as of the Closing and is

determined by the Bankruptcy Court after the Closing to be greater than the amount set forth in Schedule 2.4(g) of the Agreement. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within three (3) business days of such determination.

        PLEASE TAKE FURTHER NOTICE THAT hearings with respect to Assumption Objections shall be held on such date as the Bankruptcy Court may designate.

        **PLEASE TAKE FURTHER NOTICE THAT IF YOU AGREE WITH THE CURE PAYMENT LIABILITIES SET FORTH ON SCHEDULE 2 AND DO NOT OTHERWISE OBJECT TO THE DEBTORS' ASSUMPTION, ASSIGNMENT, TRANSFER, AND/OR SALE OF YOUR CONTRACT, LEASE, OR INTELLECTUAL PROPERTY RIGHT YOU NEED NOT TAKE ANY FURTHER ACTION.**

        PLEASE TAKE FURTHER NOTICE that under Sections 2.7(d) and 2.7(e) of the Agreement, the Buyer has certain rights with respect to "Previously Omitted Contracts" and "Designation Rights Contracts" (including the potential assumption, assignment, transfer, and/or sale of such contracts upon further notice and, if unopposed, without a hearing) and with respect to "Real Property Leases" (including the potential designation of a Real Property Lease for potential assumption, assignment, transfer, and/or sale after the Closing upon further notice). The foregoing summary of certain of the Buyer's rights in respect of Previously Omitted Contracts and Real Property leases is subject in all respects to the terms and conditions set forth in the Agreement.

        PLEASE TAKE FURTHER NOTICE THAT a complete copy of the Sale Motion may be obtained by (a) sending a written request to counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.), or (b) accessing the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/CPR. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: April 8, 2014

| | |
|---|---|
| John K. Cunningham<br>WHITE & CASE LLP<br>Southeast Financial Center<br>200 South Biscayne Boulevard, 49th Floor<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br><br>    —and—<br><br>Craig H. Averch<br>WHITE & CASE LLP<br>633 West Fifth Street, Suite 1900<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700 | Jeffrey M. Schlerf (No. 3047)<br>John H. Strock (No. 4965)<br>L. John Bird (No. 5310)<br>FOX ROTHSCHILD LLP<br>Citizens Bank Center, Suite 1600<br>919 North Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 654-7444 |