ROBERT JOSEPH HILLER
2632 East Edison Street
Tucson, AZ 85716
Phone: (520) 971-0105

Creditor Pro Se

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Case No.: 14-10288 |
| **CLASSIC PARTY RENTALS, INC,** | ) CHAPTER 11 PROCEEDING |
| Debtor | ) MOTION FOR RELIEF FROM |
| | ) AUTOMATIC STAY AND |
| | ) PERMANENT INJUNCTION |
| **ROBERT JOSEPH HILLER,** a single man, | ) |
| Movant, | ) |
| vs. | ) |
| CLASSIC PARTY RENTALS, INC | ) |
| Respondents. | ) |

COMES NOW, Movant Robert Joseph Hiller (hereinafter "Hiller"), pro se, pursuant to 11 U.S.C. § 362(d), Bankruptcy Rule 4001, Bankruptcy Rule, and requests this Court to grant relief from the automatic stay in the above-entitled matter.

Movant Hiller requests this relief so that he may proceed against Debtors CLASSIC PARTY RENTALS, INC., (hereinafter "CLASSSIC"), in a Tucson, Arizona lawsuit, filed on January 31, 2014, in the State of Arizona Pima County Consolidated Justice Court, CV14002944, for personal injuries suffered prior to the

1

filing of Debtor's Bankruptcy Petition. Movant Hiller asserts that Debtors CLASSIC maintained liability insurance coverage for any recovery obtained in the personal injury action and Movant Hiller stipulates that he will only seek to obtain payment on his damage claims in the personal injury action from the liability insurance carrier for Debtors CLASSIC.

This motion is further supported by the attached Memorandum of Points and Authorities annexed hereto and hereby incorporated by reference.

DATED this 2nd day of April, 2014.

Robert Joseph Hiller, Movant pro se

/s/ Robert Joseph Hiller
Robert Joseph Hiller
Creditor / Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 31, 2014, Movant Hiller filed a personal injury action against Debtors CLASSIC in the Pima County Consolidated Justice Court, No. CV14002944, entitled Hiller v. Flower, et.al. This suit was timely filed within the applicable statute of limitations for such actions. On February 12, 2014, Debtors CLASSIC filed for Chapter 11 protection under the Bankruptcy Code. Notice to Movant Hiller of Debtors CLASSIC's petition was never served. Moveant Hiller, as a potential creditor, was

2

omitted from the petition. Movant learned of the bankruptcy proceeding when he was sent a letter by Ronald Gorsich, attorney for CLASSIC, on March 19, 2014.

Movant Hiller's personal injury claims in the Pima County Consolidated Justice Court case relate to injuries and damages resulting from a bicycle collision with a fork lift either owned or operated by CLASSIC and occurring prior to the filing of Debtors CLASSIC's Bankruptcy Petition. Movant Hiller is willing to accept the limitations imposed by the available liability insurance coverage maintained by Debtors CLASSIC to satisfy any recovery he may be awarded in the foregoing action.

This request for relief is made pursuant 11 U.S.C. § 362(d), so that Movant Hiller may proceed with his Pima County Consolidated Court action and with the understanding that he may only recover payment on his personal injury damage claims from the liability insurance carrier for CLASSIC. This action will have no other effect on the assets of Debtors CLASSIC or upon other creditors.

The Bankruptcy Court has broad discretion in granting relief of an automatic stay. See e.g., 11 U.S.C. § 362, Revision Notes and Legislative Reports 1978 Acts. "The facts of each request will determine whether relief is appropriate under the

circumstances." In re Jewett, 146 B.R. 250, 251 (Bankr. 9th Cir. 1992).

In the present action, relief is sought so that the Movant Hiller may seek payment from the insurance carrier under the terms of the liability policy held by the Debtors/Defendants CLASSIC and effective at the time of the injuries to Movant Hiller. Where the Debtor has liability insurance, and it does no injustice under the Bankruptcy Code, relief from the stay is proper. Indeed, upon information and belief, the Pima County Consolidated Justice Court action will be defended at no cost to Debtors CLASSIC or to their estate by and through counsel provided by their liability insurance carrier. Counsel has not yet been assigned, however, pursuant to CLASSIC's insurance policy, it is anticipated that counsel will be assigned by York Risk Services.

Abundant case law supports relief in like circumstances when a discharge in bankruptcy does not preclude an action against a discharged debtor as the named defendant where such Debtor is insured against liability for negligence. E.g., In Re Beeney, 142 B.R. 360, 362-63 (Bankr. 9th Cir. 1992); In Re Edgeworth, 993 F.2d 51 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114 (3rd Cir. 1993); Green v. Welsh, 956 F.2d 30, 35 (2nd Cir. 1992). Indeed, applicable statutes direct that

4

the bankruptcy court "shall" lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1); see Christensen v. Tucson Estates Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990); Piombo Corporation v. Castlerock Properties (In re Castlerock Properties), 781 F.2d 159, 162 (9th Cir. 1986); MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985); In re Davis, 91 B.R. 470, 471 (Bankr. N.D. Ill. 1988). "Cause" is not defined in the Bankruptcy Code and is determined on a case-by-case basis. See In re Tucson Estates, Inc., 912 F.2d 1162, 1166 ("Cause' has no clear definition and is determined on a case by case basis . . ."); In re MacDonald, 755 F.2d 715, 717 (9th Cir 1985).

The facts and circumstances of this case demonstrate that there is ample "cause" requiring relief from the automatic stay in this matter, and it is debtor's burden to prove that there is no "cause" for relief. Here, however, the Debtors CLASSIC cannot meet such a burden, especially where Movant Hiller has stipulated to limit his recovery to the available insurance proceeds. Therefore, Movant Hiller is entitled to and requests relief from the automatic stay as a matter of law.

## CONCLUSION

WHEREFORE, Movant Hiller requests that this Court lift the automatic stay of 11 U.S.C. § 362(a) to the extent of liability

5

coverage provided by the liability insurance carrier, thereby permitting Movant Hiller to proceed with his pending personal injury action against the Respondent in Hiller v. CLASSIC, Pima County Superior Court Cause No. CV14002944.

DATED this 2nd day of April, 2014.

Robert Joseph Hiller, Movant pro se

/s/ Robert Joseph Hiller
Robert Joseph Hiller
Creditor / Movant

ORIGINAL of the foregoing filed
this 2nd day of April, 2014, with:

Clerk, U.S. Bankruptcy Court
District of Delaware
824 Market Street North
Wilmington Delaware 19801

COPY of the foregoing mailed
this 2nd day of April, 2014, to:

Ronald K. Gorsich., Esq.
White and Case, LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Ofc: 1-213-620-7700
FAX: 1-213-452-2329
*Attorneys for Debtor CLASSIC
Trustee, Chapter 11*

Jeffrey M. Schlerf, Esq.
Fox Rothshild LLP
919 North Market Street, Suite 1600
Wilmington, Delaware, 19801
302-654-7444
*Attorneys for Debtor CLASSIC*

6

CLASSIC PARTY RENTALS, INC.
901 W Hillcrest Blvd.
Inglewood, California 90301

Kenneth Flower and Carrie Flower, h/w
dba Arizona Party Rental
3619 E Speedway Blvd.
Tucson, Arizona 85716

Fernando Acuna
7024 W Coolidge St
Phoenix, Arizona 85033

Arizona Tents and Events
dba Classic Party Rentals
4707 East Baseline Road
Phoenix, Arizona 85042

Dated 2 April 2014,

*[signature]*

Robert Joseph Hiller, pro se