

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Event Rentals, Inc., et al.,[1] | Case No. 14-10282 (PJW) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 314 and 413 |

## ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT BY AND AMONG (I) THE DEBTORS; (II) THE COMMITTEE; (III) THE PREPETITION AGENT AND THE PREPETITION LENDERS PARTY THERETO; (IV) THE DIP AGENT AND THE DIP LENDERS PARTY THERETO; AND (V) THE BUYER

Upon consideration of the joint motion (the "Motion")[2] of the official committee of unsecured creditors appointed in the above-captioned chapter 11 cases (the "Committee") and Event Rentals, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for an order pursuant to Bankruptcy Rule 9019 approving the Settlement Agreement by and among (i) the Debtors; (ii) the Committee; (iii) the Prepetition Agent and the Prepetition Lender Parties; (iv) the DIP Agent and the DIP Lender Parties; and (v) the Buyer; and reasonable, adequate, and sufficient notice of the Motion and the hearing thereon having been given; and all affected parties having been afforded due process and an opportunity to be heard with respect to the Motion and all relief requested therein, and no other

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that all objections to the Motion (or any portion thereof) and/or the entry of this Order that have not been withdrawn, waived or settled, and all reservations of rights in connection with the Motion, are hereby overruled; and it is further

ORDERED that the Settlement Agreement attached to the Motion as <u>Exhibit B</u> and incorporated herein by reference is approved in its entirety as being fair, reasonable, and adequate, and is effective and binding on the Parties according to its terms as if set forth fully in this Order; and it is further

ORDERED that each of the Parties to the Settlement Agreement is directed to perform in accordance with the terms of the Settlement Agreement and are authorized to take such steps as may be necessary or appropriate in order to implement the terms of the Settlement Agreement and this Order without further notice, hearing, or order of the Court; and it is further

ORDERED that (i) the Debtors' Stipulations shall be binding on the Debtors, the Debtors' estates, the Committee, and all other parties in interest; (ii) no party will be allowed to pursue any Challenge; and (iii) once this Order becomes final and unappealable, no entity can seek any relief from its provisions under sections 105 or 502(j) of the Bankruptcy Code or other applicable law; and it is further

ORDERED that this Order and the Settlement Agreement shall be binding upon the Parties, any trustees appointed in the Chapter 11 Cases, any trustees appointed in any subsequent

chapter 7 cases relating to the Debtors, and all other parties in interest in accordance with and subject to the terms of the Settlement Agreement; and it is further

ORDERED that, notwithstanding Bankruptcy Rule 6004(h) to the extent applicable, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
April 29, 2014

_____
UNITED STATES BANKRUPTCY JUDGE