## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Event Rentals, Inc., *et al.*,[1] | Case No. 14-10282 (PJW) |
| | (Jointly Administered) |
| Debtors. | **Objection Deadline: June 2, 2014 at 4:00 PM EST** <br> **Hearing Date: June 19, 2014 at 2:00 PM EST** |

**EVENT RENTALS INC. AND ITS AFFILIATED DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE TIME PERIODS DURING WHICH THE DEBTORS MAY FILE A CHAPTER 11 PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

Event Rentals, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the exclusive periods during which the Debtors may file a chapter 11 plan of reorganization and solicit acceptances thereof, to and including October 13, 2014 and December 13, 2014, respectively. In support of the Motion, the Debtors respectfully represent as follows:

## I. BACKGROUND

### A. General Background

1. On February 13, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Classic Midwest, Inc. (9934); Classic Northeast, Inc. (9871); Classic Panache, Inc. (1237); Classic Party Rentals, Inc. (3911); Classic Party Rentals LP (0583); Classic/Prime, Inc. (7149); Classic Southeast, Inc. (0700); DBO Acquisition Corp. (1923); DUBO Acquisition Corp. (8795); Event Rentals, Inc. (9443); Grand Events & Party Rentals, Inc. (7940); Special Event Holding, Inc. (5659); and Unique Tabletop Rentals, Inc. (4327). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://kccllc.net/CPR.

Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On or about February 25, 2014, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [D.I. 91] (the "Creditors' Committee"). As of the date hereof, no trustee or examiner has been requested or appointed in the Chapter 11 Cases.

3.      The Debtors are the nation's largest provider of event rental products and related services, with 39 locations across 22 markets. The Debtors have the largest offering of event equipment, value-added event services, and temporary structure assets, and provide services for over 145,000 events for approximately 55,000 customers annually. The Debtors employ approximately 2,500 employees throughout the year and have total annual revenues of approximately $235 million.

4.      Additional background facts concerning the Debtors, including an overview of the Debtors' businesses, information concerning the Debtors' corporate structure, information concerning the Debtors' debt structure, and information on the events leading up to the Chapter 11 Cases, are contained in the *Declaration of Jeffrey M. Black In Support of First Day Motions and Applications* filed on February 13, 2014 [Docket No. 13] (the "CEO Declaration").

**B.      The Sale Process**

5.      On the Petition Date, the Debtors filed the *Motion of Event Rentals, Inc. and its Affiliated Debtors for Entry of (i) an Order (a) Authorizing and Approving Bid Procedures to be Employed in Connection with the Proposed Sale of Substantially all of the Assets of the Debtors; (b) Scheduling an Auction and Sale Hearing; (c) Authorizing and*

*Approving Assignment Procedures to be Employed in Connection with the Identification and Assumption of Certain Contracts, Leases, and Intellectual Property Rights; and (d) Approving the Manner and Form of Notice of the Auction, Sale Hearing, and Assignment Procedures; and (ii) an Order (a) Approving the Agreement for the Sale and Purchase of the Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (b) Granting Related Relief* [D.I. 29] (the "Sale Motion"), seeking to sell substantially all of their assets through a sale pursuant to section 363 of the Bankruptcy Code (the "Sale").

6.      Pursuant to the order approving the bid procedures in the Sale Motion [D.I. 175] (the "Bid Procedures Order"), the Debtors conducted an auction of substantially all of their assets on April 21, 2014.  Pursuant to the terms of the Bid Procedures Order, Apollo Capital Management, L.P., on behalf of investment funds managed by it or any of its affiliates ("Apollo"), and the CPR Acquisition Holdings, LLC, (the "Stalking Horse Bidder") submitted qualified bids for substantially all of the Debtors' assets.

7.      The Debtors selected, after the auction and in consultation with the Prepetition Lenders and the Committee, the bid of Apollo as the successful bid (the "Successful Bid") and the bid of the Stalking Horse Bidder as the back-up bid (the "Back-Up Bid").  The Debtors believe that the Successful Bid represents the highest and best offer for their assets.  As such, the Successful Bid represents the best possible outcome for the Debtors, their creditors, and all parties in interest.

8.      By order dated April 29, 2014 [D.I. 444] (the "Sale Order"), the Bankruptcy Court approved the sale of substantially all of the Debtors' assets to CP OpCo, LLC (the "Buyer").

C.   **Settlements with the Committee, the Liquidity Parties, the Prepetition Lenders, the Prepetition Agent, and the Buyer.**

9.      On April 29, 2014, the Bankruptcy Court entered an order approving the settlement agreement between and among the Debtors, the Committee and its members, and the Liquidity Parties[2] [D.I. 447] (the "Liquidity Settlement Agreement").  As part of the Liquidity Settlement Agreement, the Debtors, the Committee, and the Liquidity Parties agreed that, in exchange for broad releases, the Liquidity Parties shall not receive any distribution from or in connection with these Chapter 11 Cases, and shall waive any claim associated with the obligations of the Liquidity Parties.

10.     On April 29, 2014, the Bankruptcy Court entered an order approving the settlement agreement between and among the Debtors, the Committee, the Prepetition Agent, the Prepetition Lenders parties thereto, the DIP Agent, the DIP Lenders parties thereto, and the Buyer [D.I. 446] (the "Secured Facility Settlement Agreement").

11.     As part of the Secured Facility Settlement Agreement, the Debtors, the Committee, and the Prepetition Lenders agreed, among other things: (i) to revise the "Wind Down Budget" (as defined in the Asset Purchase Agreement attached as Exhibit A to the Sale Order) to provide for the additional transfer of over $600,000 free and clear of liens and claims of the Prepetition Lenders and of the DIP Lenders for distribution in accordance with the Plan and further order of the Bankruptcy Court; (ii) that the Buyer shall receive all rights, claims, and causes of action of the Debtors and their estates (the "Litigation Claims"), including those arising under chapter 5 of the Bankruptcy Code, but shall not seek affirmative recovery from any party on account of the Litigation Claims that arise under Chapter 5 of the Bankruptcy Code; and (iii) to negotiate in good faith the provisions of a chapter 11 plan in these Chapter 11 Cases (an

---

[2] The "Liquidity Parties" are collectively: Quad-C Principals LLC; Quad-C Partners VII, L.P.; S.A.C. Domestic Capital Funding, Ltd.; S.A.C. Offshore Capital Funding Ltd.; and JPM Mezzanine Capital, LLC.

"Acceptable Plan"), which Acceptable Plan shall contain customary broad and mutual release provisions among the Debtors (and their respective officers and directors), the Committee, the Liquidity Parties, the Prepetition Lenders, and other participating creditors relating to the Debtors or their businesses, these Chapter 11 Cases, and other obligations and transactions set forth in the Secured Facility Settlement Agreement.

**D.      The Claims Bar Date**

12.      On April 15, 2014, the Bankruptcy Court entered an order [D.I. 323] (i) establishing the following bar dates: (i) May 27, 2014 at 4:00 p.m. Eastern Time as the deadline for each person or entity (other than governmental units, as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim for prepetition claims against the Debtors (the "General Claims Bar Date"); (ii) August 12, 2014 at 4:00 p.m. Eastern Time as the deadline for governmental units to file proofs of claim (the "Governmental Claims Bar Date," together with the General Claims Bar Date, the "Claims Bar Dates".)

## II.      JURISDICTION

13.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.      RELIEF REQUESTED

14.      By this Motion, and pursuant to section 1121(d) of the Bankruptcy Code, the Debtors request the entry of an order extending the time periods under sections 1121(b) and (c) of the Bankruptcy Code during which the Debtors may file a chapter 11 plan of reorganization and solicit acceptances thereof to and including October 13, 2014 and December 13, 2014, respectively, without prejudice to the Debtors' right to seek additional and further

extensions of these periods as may be appropriate under the circumstances then prevailing. The requested extensions are realistic sufficient to permit confirmation of a consensual chapter 11 plan.[3]

## IV.    BASIS FOR RELIEF REQUESTED

15.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"). 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code further provides that if a debtor proposes its plan within the Exclusive Filing Period, then the debtor has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such plan (the "Exclusive Solicitation Period," and collectively, with the Exclusive Filing Period, the "Exclusive Periods"). 11 U.S.C. § 1121(c)(3). Absent an extension, the Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period will expire on June 13, 2014 and August 13, 2014, respectively. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend a debtor's Exclusive Periods. 11 U.S.C. § 1121(d). As demonstrated below, cause exists for extending the Debtors' Exclusive Periods.

### A.    The Exclusive Periods May Be Extended for Cause

16.    The paramount objectives of a chapter 11 case are the rehabilitation of a debtor's business and the development, proposal, negotiation, confirmation, and consummation of a chapter 11 plan. The Exclusive Periods under section 1121 of the Bankruptcy Code were

---

[3] The Debtors anticipate filing a proposed chapter 11 plan immediately upon the closing of the Sale. Accordingly, assuming a timely closing by the end of May 2014, the Debtors would seek confirmation and substantial consummation by the end of September 2014.

intended to afford a debtor a full and fair opportunity to achieve these objectives without the

disruption of its business that might be caused by the filing of competing plans.

      17.    Section 1121(d) of the Bankruptcy Code permits the Court to extend a

debtor's Exclusive Periods upon a demonstration of cause:

> (1) Subject to paragraph (2), on request of a party in interest made
> within the respective periods specified in subsections (b) and (c) of
> this section and after notice and a hearing, the court may for cause
> reduce or increase the 120-day period or the 180-day period
> referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be
> extended beyond a date that is 18 months after the date of the order
> for relief under this chapter.
>
>    (B) The 180-day period specified in paragraph (1) may not be
> extended beyond a date that is 20 months after the date of the
> order for relief under this chapter.

11 U.S.C. § 1121(d).

      18.    "The hallmark of . . . section [1121(d)] is flexibility." *In re Perkins*, 71

B.R. 294, 297 (W.D. Tenn. 1987). Congress intended that the Exclusive Periods be of adequate

length for a debtor to formulate, negotiate, and draft a consensual plan and solicit acceptances

thereof. As reflected in the legislative history of section 1121 of the Bankruptcy Code, section

1121(d) "allows the flexibility for individual cases" to extend the Exclusive Periods "to allow the

debtor to reach an agreement." H.R. Rep. No. 95–595, at 232 (1977), *reprinted in* 1978

U.S.C.C.A.N. 5963, 6191; *see In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr.

D.N.J. 1993), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 534

(Bankr. D.N.H. 1988) ("the legislative intent . . . [is] to promote maximum flexibility").

      19.    In circumstances where the initial Exclusive Periods prove inadequate for

the debtor to negotiate and file a plan, which often is the case, the bankruptcy court has the

discretion to, and in the context of large and complex chapter 11 cases routinely does, extend a

debtor's Exclusive Periods for substantial periods of time. In determining whether cause exists to extend a debtor's Exclusive Periods, courts generally consider several factors, including whether (a) the debtor's case is sizable and complex; (b) there is good faith progress towards rehabilitation and the development of a consensual plan of reorganization; and (c) the debtor is seeking to use the Exclusive Periods to pressure creditors into accepting a plan of reorganization. *See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Express One Intern, Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

**B.        Cause Exists to Grant the Extension Requested by the Debtors**

20.    The Debtors believe that ample cause exists to support the requested extension. First, the Debtors' businesses and Chapter 11 Cases are extremely complex. Throughout the pendency of the Chapter 11 Cases the Debtors and their advisors have devoted their attention to arranging the successful Sale. The Debtors expect that the Sale will close shortly before the Exclusive Periods expire. Moreover, the General Claims Bar Date expires shortly before the Exclusive Filing Period expires, and the Governmental Claims Bar Date expires after the Exclusive Filing Period expires. As such, the universe of claims eligible to receive distributions from and vote on the plan will not be determined before the Exclusive Filing Period expires. Second, an extension of the Exclusive Periods will not harm any parties in interest. Finally, the Debtors' request to extend the Exclusive Periods is made in good faith. For these reasons, as more fully explained below, the Court should grant this Motion.

**i.        The Sale Closing and Bar Date**

21.    Through diligent post-petition marketing efforts the Debtors were able to secure a buyer for the substantially all of their assets. Finding, negotiating with, and securing the

Buyer, in addition to continuing to run the day-to-day operations of the Debtors' businesses was of paramount importance to the Debtors, their professionals, and the success of these Chapter 11 Cases. The Debtors and their professionals are now in the process of preparing to close the Sale, and are devoting a great deal of their time and energy to preparing the required schedules and other materials necessary to ensure that the Sale proceeds without a hitch. As such, the Debtors' have not had an ample opportunity to develop, negotiate, and draft a liquidating plan for the Debtors' estates.

22.    Moreover, because the Sale has not closed, the size of the Debtors' estates is not set. For instance, if the Sale does not close and the Debtors consummate a transaction with the Stalking Horse Bidder, the return to unsecured creditors on account of the Secured Facility Settlement Agreement would be less than if the Sale to the Buyer were to be consummated. It would be improvident for the Debtors to draft a plan before the Sale has closed and the size of their estates and the amounts to be distributed to creditors is certain.

23.    The Debtors anticipate filing a plan soon after the Sale has closed; however, it may not be possible to have a fully negotiated plan in place before the Exclusive Filing Period expires. Accordingly, the Debtors request that the Court extend the Exclusive Periods in order to allow the Debtors to close the Sale and devote an adequate amount of time, attention, and energy to negotiating a comprehensive liquidating plan.

24.    Further, the Court recently entered an order approving the Debtors' motion to establish a bar date [D.I. 323], setting the last day that creditors may file claims as May 27, 2014, and the last day that governmental creditors may file claims as August 12, 2014. As the Governmental Bar Date extends past the Exclusive Filing Period, the Debtors will not know the universe of claims at the time the original Exclusive Filing Period expires. Thus,

because the scope of the Debtors' claims and liabilities will be uncertain until after the expiration of the Bar Date, the Debtors request that the Court extend the Exclusive Periods to provide the Debtors with ample time to formulate a plan after the Claims Bar Dates.

ii.     **An Extension of the Exclusive Periods Will Not Harm Parties in Interest**

25.     The extension of the Exclusive Periods will not harm any of the Parties in Interest.  The treatment of the Prepetition Secured Lenders has been set by the terms of the order approving the Debtors' debtor in possession facility [D.I. 277] and the Sale Order.  While the treatment of the Liquidity Parties has been established by the Liquidity Settlement Agreement.  Finally, through the Secured Facility Settlement Agreement, the Committee has secured funds for unsecured creditors and has agreed to participate in negotiating the plan in good faith

26.     Accordingly, since the recoveries for parties in interest have already been set extending the Exclusive Filing Periods will not harm parties in interest.  Moreover, an extension of the Exclusive Periods will allow the parties the time to negotiate a fully consensual plan.

iii.     **The Debtors' Request for an Extension of the Exclusive Periods Is Made in Good Faith**

27.     The Debtors believe that the requested extension of the Exclusive Periods is warranted and appropriate under the circumstances, particularly in light of the fact that this is the Debtors' initial request.  Further, the Debtors' good faith is evidence by their successful negotiation of consensual settlement agreements with the Prepetition Lenders, Prepetition Agent, Liquidity Parties, and Creditors' Committee.  Finally, the Debtors do not seek an extension of their Exclusive Periods in order to delay the chapter 11 process or to pressure creditors to consent to an unfair plan.  On the contrary, the Debtors submit that the requested extension is realistic and necessary, will not prejudice the legitimate interests of creditors and other parties in

interest, and will afford them a meaningful opportunity to pursue a consensual plan of reorganization, all as contemplated by chapter 11 of the Bankruptcy Code.

28.    The Debtors seek an extension of the Exclusive Periods of approximately four months.  The Debtors believe that this extension of the Exclusive Periods will allow it to focus on formulating a viable plan of reorganization.

### V.    <u>NOTICE</u>

29.    Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware, counsel to the Prepetition Secured Lenders, counsel to the Creditors' Committee, and all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

30.    No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order (i) extending the
Exclusive Filing Period and the Exclusive Solicitation Period to and including October 13, 2014
and December 13, 2014, respectively; and (b) granting the Debtors such other relief as the Court
deems just and proper.

Dated: Wilmington, Delaware
May 19, 2014

FOX ROTHSCHILD LLP

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market Street
Suite 300
Wilmington, Delaware 19801
Telephone:    (302) 654-7444

—and—

John K. Cunningham
(admitted *pro hac vice*)
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard
49th Floor
Miami, Florida 33131
Telephone:    (305) 371-2700

—and—

Craig H. Averch
(admitted *pro hac vice*)
**WHITE & CASE LLP**
633 West Fifth Street
Suite 1900
Los Angeles, California 90071
Telephone:    (213) 620-7700

*Attorneys for the Debtors
and Debtors in Possession*