# Exhibit B

Settlement Agreement

LOSANGELES 1064905 (2K)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Event Rentals, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>Jointly Administered |

## SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND AM ELECTRICAL ENGINEERING AND DESIGN SERVICES RESOLVING PROOF OF CLAIM NO. 188

After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession, including After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (collectively, the "Debtors"), and AM Engineering and Design Services ("Claimant" and the Debtors and Claimant collectively, the "Parties," and each individually, a "Party") hereby enter into this settlement agreement resolving Claimant's Proof of Claim No. 188 (the "Agreement").

### Recitals

A. On February 13, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

LOSANGELES 1064729 (2K)

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.     On or about April 7, 2014, Claimant filed proof of claim number 188 asserting a secured claim in the amount of $292,943.51 (the "Claim"). Claimant asserted that the Claim was secured by two mechanics liens, numbers 1113854007 and 1113854006 filed in Cook County, Illinois (the "Mechanics Liens").

C.     The Debtors dispute the validity of the Mechanics Liens and the Claim.

D.     The Parties desire to settle and resolve all claims of the Claimant against the Debtors and reduce their final settlement to writing so that it shall be binding on all Parties, as well as their heirs, representatives, employees, officers, directors, affiliates, successors, and assigns.

## SETTLEMENT

NOW, THEREFORE, in consideration of the premises, the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, with the intent to be legally bound, the Parties hereby stipulate and agree as follows:

1.     The recitals set forth above are true and correct and are incorporated herein by reference as if fully restated.

2.     This Agreement fully and finally resolved and settles the Claim and all other claims and matters between the Debtors and the Claimant relating to the Claim, except as herein set forth.

3.     The Parties acknowledge that this Agreement is made subject to the Approval of the Bankruptcy Court. Within ten (10) days of the execution of this agreement, the

2

...

...

Debtors shall file a motion seeking approval of this agreement with the Bankruptcy Court. Upon the date of entry of the Bankruptcy Court's order approving this Agreement (the "Effective Date"), this Agreement shall be fully effective and binding on the Parties.

4. On account of and in full settlement of the Claim, Claimant shall have an allowed, general unsecured claim against After-Party7, Inc. (f/k/a Classic Midwest, Inc.) in the amount of $200,000 (the "Allowed Claim").

5. Any amounts or claims on account of the Claim in excess of the Allowed Claim as set forth in this Agreement shall be disallowed.

6. Any and all security interests, or liens, including the Mechanics Liens in favor of the Claimant arising in connection with the Claim shall be automatically terminated, released and of no further force and effect. Within ten (10) days of the Effective Date of this Agreement Claimant shall take all steps necessary to file a satisfaction or release of lien with the recorder of deeds in whose office the Mechanics Liens were filed.

7. The Claimant represents that the Claimant has not previously assigned or transferred any interest the Claimant has in the Claims.

8. The Parties acknowledge and agree that this Agreement is fully and adequately supported by consideration and is fair and reasonable. The Parties further acknowledge and agree that each Party: (a) has carefully read this Agreement and knows and understands its contents completely; (b) has consulted its attorneys, if so represented, or otherwise declined to do so after reasonable opportunity; (c) is executing this Agreement of its own free will, act and deed; (d) in making this Agreement, it has not relied upon any statement or representation made by the person, firms, organizations or corporation who are hereby released from claims other than those provided for herein, or by any person or person representing them,

3

LOSANGELES 1064729 (2K)

other than as expressly stated herein; and (e) this Agreement is the result of negotiations between the Parties to this Agreement, each of which has participated in the drafting of this Agreement. No party shall be deemed the drafter of this Agreement; accordingly, this Agreement shall not be more strictly construed against either Party.

9. Each individual signing this Agreement has complete and full authority to act for the named Party and has the authority to bind it and all other persons or entities with any right, title or interest therein.

10. This Agreement shall be construed and governed in accordance with the laws of the State of Delaware.

11. This Agreement constitutes the full and entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no agreements, representations or warranties except as specifically set forth herein. All prior discussions, negotiations, letters, demands and writings of any kind are fully merged into this Agreement and are to be construed to be of no further force or effect, it being the intention of the Parties that this Agreement shall serve as the sole and entire expression of their agreement and understanding. This Agreement may not be amended or modified except by an instrument in writing signed by the Party against whom enforcement of such amendment or modification is sought. This Agreement may be signed in counterparts, and facsimile and digitally transmitted original signatures shall be deemed originals.

12. By entering into this Agreement, the Debtors make no opinion and assume no responsibility for the tax treatment or consequences of this Agreement and the Claimant should consult with the Claimant's accountant or financial advisor as to same.

LOSANGELES 1064729 (2K)

13. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Agreement.

IN WITNESS WHEREOF, the Parties by their duly authorized agents have executed and sealed this Agreement as of this 6 day of June, 2014.

**AFTER-PARTY2, INC. (F/K/A EVENT RENTALS, INC.) AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION, INCLUDING AFTER-PARTY7, INC. (F/K/A CLASSIC MIDWEST, INC.)**

By: _____
Andrew Hinkelman
Chief Restructuring Officer


**AM ELECTRICAL ENGINEERING AND DESIGN SERVICES**

By: _____/s/_____ 06/04/14
Aaron W. Murr
Owner

Official Seal
Josephine K Petan
Notary Public State of Illinois
My Commission Expires 12/28/2015

Josephine K. Petan
6th day of June 2014

5