IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>Jointly Administered<br><br>Re: Docket No. 597 |

**AGREED ORDER AUTHORIZING AFTER-PARTY2, INC. (F/K/A EVENT RENTALS, INC.) AND ITS AFFILIATED DEBTORS TO PAY CERTAIN UNDISPUTED TAXES OWED TO BROWARD COUNTY**

Upon consideration of the Claim Numbers 75 and 81 filed by Broward County Records, Taxes & Treasury Division ("Broward County"), the *Agreed Order Approving Letter Agreement Re Wind-Down Budget Amendments by and Among (i) the Debtors; (ii) the Prepetition Secured Agent; and (iii) the Consenting Prepetition Lenders* [D.I. 536] (the "Order"),[2] which authorized After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors") to take such steps as may be necessary or appropriate in order to implement the terms of the letter agreement attached as Exhibit 1 to the Order, (the "Letter Agreement"), and the Letter Agreement, which allows the Debtors to pay Alleged Prepetition Prior Secured Creditor Claims to the extent the Bankruptcy

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Order or the Letter Agreement.

Court determines that the amount listed therein is in fact secured in whole or in part by a Prepetition Prior Lien; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion is sufficient, and that no other or further notice need be provided; and it appearing that the relief requested herein is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the $50,281.54, evidenced by Claim Number 75 filed by Broward County Records, Taxes & Treasury Division ("Broward County"), and $72,311.87, evidenced by Claim Number 81 filed by Broward County, are secured by Prepetition Prior Liens and/or are priority tax claims; and it is further

ORDERED that Claim Numbers 75 and 81 shall be allowed as secured claims in the aggregate amount of $61,500; and it is further

ORDERED that the Debtors are authorized to immediately pay $61,500 from the Prepetition Prior Secured Creditor Reserve Amount to Broward County; and it is further

ORDERED that the $61,500 payment to Broward County is in full satisfaction of Claim Numbers 75 and 81; and it is further

ORDERED that any amounts in excess of $61,500 claimed on account of Claim Numbers 75 and 81 shall not be allowed and are hereby expunged; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that nothing contained in this Order shall alter or modify the Letter Agreement in any respect, and such Letter Agreement shall remain in full force and effect in accordance with its terms; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated: Wilmington, Delaware
July __, 2014

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

26206691

3