IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1] | Case No. 14-10282 (PJW) |
| | Jointly Administered |
| Debtors. | Re: Docket No. 561 |

### ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND AM ELECTRICAL ENGINEERING AND DESIGN SERVICES PURSUANT TO BANKRUPTCY RULE 9019

Upon consideration of the motion (the "Motion")[2] of After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for an order pursuant to Bankruptcy Rule 9019 approving the Settlement Agreement by and among the Debtors and AM Design (the "Order"); and reasonable, adequate, and sufficient notice of the Motion and the hearing thereon having been given; and all affected parties having been afforded due process and an opportunity to be heard with respect to the Motion and all relief requested therein, and no other or further notice need be provided; and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Settlement Agreement attached to the Motion as <u>Exhibit B</u> and incorporated herein by reference is approved in its entirety as being fair, reasonable, and adequate, and is effective and binding on the Parties according to its terms as if set forth fully in this Order; and it is further

ORDERED that, upon the entry of this Order, AM Design shall hold an allowed unsecured claim against After-Party7, Inc. in the amount of $200,000; and it is further

ORDER that, all amounts or claims on account of the Claim in excess of $200,000 are disallowed; and it is further

ORDERED that, any and all security interests or liens relating to the Claim, including the Mechanics Liens, in favor of AM Design shall be automatically terminated, released, and of no further force and effect. Within ten (10) day of the entry of this Order, AM Design shall take all steps necessary to file a satisfaction or release of lien with the recorder of deeds in whose office the Mechanics Liens were filed.

ORDERED that this Order and the Settlement Agreement shall be binding upon the Parties, any trustees appointed in the Chapter 11 Cases, any trustees appointed in any subsequent chapter 7 cases relating to the Debtors, and all other parties in interest in accordance with and subject to the terms of the Settlement Agreement; and it is further

ORDERED that each of the Parties to the Settlement Agreement are authorized to take such steps as may be necessary or appropriate in order to implement the terms of the Settlement Agreement and this Order without further notice, hearing, or order of the Court; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
July 16, 2014

_____
UNITED STATES BANKRUPTCY JUDGE