# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br><br>Jointly Administered<br><br>**Re: D.I. 649** |

## AGREED ORDER AUTHORIZING AFTER-PARTY2, INC. (F/K/A EVENT RENTALS, INC.) AND ITS AFFILIATED DEBTORS TO PAY CERTAIN TAXES OWED TO THE STATE OF TEXAS

Upon consideration of the *Agreed Order Approving Letter Agreement Re Wind-Down Budget Amendments by and Among (i) the Debtors; (ii) the Prepetition Secured Agent; and (iii) the Consenting Prepetition Lenders* [D.I. 536] (the "Order"),[2] which authorized After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors") to take such steps as may be necessary or appropriate in order to implement the terms of the letter agreement attached as Exhibit 1 to the Order, (the "Letter Agreement"), and the Letter Agreement, which allows the Debtors to pay Disputed Sales Tax Claims to the extent those claims are finally allowed as priority tax claims; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Order or the Letter Agreement, as defined below.

LOSANGELES 1067824 (2K)

this Agreed Order is sufficient, and that no other or further notice need be provided; and it appearing that the relief requested herein is in the best interests of the Debtors, their estates, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that Claim Numbers 760, 761, and 762 (the "Texas Tax Claims") shall be allowed as priority tax claims in the aggregate amount of $410,000.00; and it is further

ORDERED that the Debtors are authorized to immediately pay $410,000.00 from the Priority Sales Tax Reserve to the Texas Comptroller of Public Accounts on account of the allowed amount of the Texas Tax Claims; and it is further

ORDERED that the $410,000.00 payment to the Texas Comptroller of Public Accounts is in full and final satisfaction of the Texas Tax Claims and all other amounts owed by the Debtors to the State of Texas taxing authorities, and it is further

ORDERED that any amounts in excess of $410,000.00 allegedly owed on account of any Texas state taxes, shall not be allowed; and it is further

ORDERED that any amounts in excess of $410,000.00 claimed on account of the Texas Tax Claims shall not be allowed and are hereby expunged; and it is further

ORDERED that nothing contained in this Order shall alter or modify the Letter Agreement in any respect, and such Letter Agreement shall remain in full force and effect in accordance with its terms; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated: Wilmington, Delaware
July 28, 2014

_____
UNITED STATES BANKRUPTCY JUDGE