## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1] | Case No. 14-10282 (PJW) |
| | Jointly Administered |
| Debtors. | |

### NOTICE OF FILING OF LIQUIDATION TRUST AGREEMENT

PLEASE TAKE NOTICE that, on August 15, 2014, After-Party2, Inc. f/k/a Event

Rentals, Inc. and its Affiliate Debtors ("Debtors") filed the Liquidating Trust Agreement, a copy

of which is attached as Exhibit A, which the Debtors believe is in substantially final form.

Dated: August 15, 2014

                                    FOX ROTHSCHILD LLP

                                    By: _____
                                    Jeffrey M. Schlerf (No. 3047)
                                    John H. Strock (No. 4965)
                                    L. John Bird (No. 5310)
                                    919 North Market Street, Suite 300
                                    Wilmington, Delaware 19801
                                    Telephone:(302) 654-7444

                                    —and—

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); After-Party5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

John K. Cunningham
(admitted *pro hac vice*)
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Boulevard
49th Floor
Miami, Florida 33131
Telephone:       (305) 371-2700

—and—

Craig H. Averch
(admitted *pro hac vice*)
**WHITE & CASE LLP**
633 West Fifth Street
Suite 1900
Los Angeles, California 90071
Telephone:       (213) 620-7700

*Attorneys for the Debtors
and Debtors in Possession*

# EXHIBIT A

## LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement (the "Agreement") dated as of _____, 2014, which pertains to the administration of the Liquidation Trust,[1] is made effective as of the Effective Date of the Plan, by and between After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtor and debtors in possession in the Chapter 11 Cases (the "Debtors"),[2] and Meta Advisors, LLC, in its capacity as Liquidation Trustee in accordance with the Plan.

## R E C I T A L S:

(A)    On February 13, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The Chapter 11 Cases are jointly administered under Case Number 14-10282.

(B)    On February 25, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

(C)    On June 11, 2014, the Debtors and the Committee filed their initial Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors. (as amended, the "Plan") and Proposed Disclosure Statement (as amended, the "Disclosure Statement");

(D)    On July 14, 2014, the Debtors and the Committee (jointly referred to as the "Proponents") filed their first amended Plan and Disclosure Statement.

(E)    On July 17, 2014, the Bankruptcy Court entered an order approving the Disclosure Statement.

(F)    On _____, 2014, the Bankruptcy Court entered the Confirmation Order confirming the Plan.  A copy of the confirmed Plan is attached hereto as Exhibit 1.

(G)    The Plan provides for the creation of a post-confirmation Liquidation Trust to hold and administer the Liquidation Trust Assets (as defined below) and to distribute the proceeds therefrom to the Liquidation Trust Beneficiaries, in accordance with the terms of this

---

[1]  Capitalized terms used herein and not otherwise defined in Article I shall have the meanings set forth in the Plan and the Confirmation Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940).  The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

Agreement and the Plan. This Agreement is executed to establish the Liquidation Trust and to facilitate the Plan.

(H)    The Liquidation Trust is created on behalf of, and for the benefit of, the Liquidation Trust Beneficiaries.

(I)    The respective powers, authority, responsibilities and duties of the Liquidation Trustee shall be governed by this Agreement, the Plan, the Confirmation Order and other applicable orders issued by the Bankruptcy Court.

(J)    This Agreement is intended to supplement, complement and implement the Plan; *provided, however,* that if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

(K)    The Liquidation Trust is intended to be treated as a "liquidating trust" pursuant to Treasury Regulation § 301.7701-4(d) and as a "grantor trust" for federal income tax purposes, pursuant to Section 671 through 679 of the Internal Revenue Code of 1986, as amended (the "IRC Code"). In the event that the Liquidation Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations Section 301.7701-4(d), the Liquidation Trustee shall take such action as it shall deem appropriate to have the Liquidation Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a publicly traded partnership within the meaning of Section 7704 of the IRC Code), including, if necessary, creating or converting it into a Delaware limited partnership or limited liability company that is so classified. For federal income tax purposes, the Liquidation Trust Beneficiaries will be treated as the grantors and owners of the Liquidation Trust and, therefore, will be responsible for the payment of tax on their respective allocable share of the taxable income of the Liquidation Trust.

(L)    In accordance with the Plan, the Liquidation Trust is further intended to be exempt from the requirements of (i) pursuant to section 1145 of the Bankruptcy Code, the Securities Exchange Act of 1933, as amended, and any applicable state and local laws requiring registration of securities, and (ii) the Investment Company Act of 1940, as amended, pursuant to sections 7(a) and 7(b) of that Act and section 1145 of the Bankruptcy Code.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the parties to this Agreement agree as follows:

## DECLARATION OF TRUST

The Debtors and the Liquidation Trustee enter into this Agreement to effectuate the distribution of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries pursuant to the Plan and the Confirmation Order;

Pursuant to the Plan, the Confirmation Order, and this Agreement, all right, title, and interest in, under, and to the Liquidation Trust Assets are absolutely and irrevocably assigned to the Liquidation Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Liquidation Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Liquidation Trust Assets are to be held by the Liquidation Trust and applied on behalf of the Liquidation Trust by the Liquidation Trustee on the terms and conditions set forth herein, solely for the benefit of the Liquidation Trust Beneficiaries and for no other party.

## ARTICLE I
## RECITALS, DEFINITIONS, AND INTERPRETATION:

1.1     Recitals

The Recitals are incorporated into and made terms of this Agreement.

1.2

Definitions Any capitalized term used herein, but not otherwise defined, shall have the meaning set forth in the Plan.  For purposes of this Agreement, the following terms will have the meanings set forth below:

"Beneficial Interests" shall have the meaning ascribed thereto in Section 10.1 hereof.

"Claim" means any claim, as that term is defined in the Plan, other than a Buyer Pay Claim.

"Distribution Agent" shall have the meaning ascribed thereto in Section 5.1 hereof.

"Excluded Assets" means, collectively, (a) the amounts designated in the Wind-Down Budget Reconciliation attached as Exhibit B to the Wind-Down Letter Agreement for Professional Fees and A&G Realty Partners, (b) the Prepetition Prior Secured Creditor Reserve, (c) the Priority Sales Tax Reserve, and (d) all other amounts the Prepetition Lenders are entitled to receive under paragraph 7(c) of DIP Order.

"Liquidation Trust Assets" shall have the meaning ascribed thereto in Article II hereof.

"Liquidation Trust Fund" means the $125,000 reserved for the Liquidation Trustee in the Wind Down Budget as established by the Final Order (i) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code; (ii) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code; (iii) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; (iv) Granting Liens and Superpriority Claims; and (v) Modifying the Automatic Stay [D.I. 277].

"Liquidation Trustee Non-Professionals" shall have the meaning ascribed thereto in Section 14.1 hereof.

"Liquidation Trustee Professionals" shall have the meaning ascribed thereto in Section 14.1 hereof.

"Trust Register" shall have the meaning ascribed thereto in Section 10.4 hereof.

1.2     Interpretation

All references herein to specific provisions of the Plan or Confirmation Order are without exclusion or limitation of other applicable provisions of the Plan or Confirmation Order. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

## ARTICLE II
## NAME OF TRUST AND APPOINTMENT OF LIQUIDATION TRUSTEE

2.1     Name of Trust and Appointment of Liquidation Trustee

The name of the Liquidation Trust is the "After-Party2, Inc. Liquidation Trust." On the Effective Date, pursuant to Article 8.3 of the Plan and paragraph [15] of the Confirmation Order, the authority, power, and incumbency of the Debtors over the Liquidation Trust Assets shall terminate, and vest in the Liquidation Trustee, and all Assets of the Debtors, other than the Excluded Assets, shall become assets of the Liquidation Trust (the "Liquidation Trust Assets"). The After-Party2, Inc. Liquidation Trust shall be entitled to liquidate any and all of the Liquidation Trust Assets and the proceeds of the Liquidation Trust Assets shall be treated and considered as Available Proceeds. The Liquidation Trustee shall have the power and authority to administer the Excluded Assets, other than the amounts designated in the Wind-Down Budget Reconciliation attached as Exhibit B to the Wind-Down Letter Agreement for Professional Fees and A&G Realty Partners. For the avoidance of doubt, the Excluded Assets (i) shall in no event be treated or considered as Available Proceeds, (ii) must be distributed only in strict accordance with Section 4.1(c) of the Plan, and (iii) shall be administered by Liquidation Trust in strict accordance with the Plan, the DIP Order, the Sale Order, the Secured Facilities Settlement Agreement, and the Wind-Down Letter Agreement. The Liquidation Trustee's administration of such assets will in no event make any of those assets available for any purpose, use, or distribution other than as provided in the Plan, the DIP Order, the Sale Order, the Secured Facilities Settlement Agreement, and the Wind-Down Letter Agreement.

Meta Advisors, LLC is hereby appointed to serve as the initial Liquidation Trustee under the Plan, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement. A successor Liquidation Trustee shall be appointed as set forth in Section 12.1 hereof in the event the Liquidation Trustee is removed or resigns pursuant to this Agreement or if the Liquidation Trustee otherwise vacates the position.

## ARTICLE III
## DUTIES AND POWERS OF THE LIQUIDATION TRUSTEE

3.1     Generally

Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the date that the Liquidation Trust Assets are transferred to the Liquidation Trust, the Liquidation Trustee may control and exercise authority over the Liquidation Trust Assets and shall be responsible for liquidating and administering (or abandoning, as the case may be) the Liquidation Trust Assets and taking actions on behalf of, and representing, the Liquidation Trust.

The Liquidation Trustee shall have the authority to bind the Liquidation Trust within the limitations set forth herein and in the Plan, but shall for all purposes hereunder be acting in the capacity of Liquidation Trustee and not individually.

3.2    Scope of Authority of Liquidation Trustee

Within the limitations set forth herein and subject to the provisions of the Plan, the responsibilities and authority of the Liquidation Trustee, shall include, without limitation, (i) authority to take all steps necessary to wind down the affairs of the Debtors, (ii) to hold, manage, sell, and distribute the assets of the Liquidation Trust to the holders of Allowed Claims, (iii) to hold the assets of the Liquidation Trust for the benefit of the holders of Allowed Claims, (iv) to have the power and authority to hold, manage, sell, and distribute Cash or non-Cash assets of the Liquidation Trust obtained through the exercise of its power and authority, (v) to have the power and authority to object to claims and otherwise reconcile all claims against the Debtors; (vi) to have the power and authority to perform such other functions as are provided in the Plan; (vii) to have the power and authority to administer the closure of the Chapter 11 Cases; and (viii) taking such actions as are necessary and reasonable to carry out the purposes of the Liquidation Trust. The Liquidation Trustee shall be responsible for all decisions and duties with respect to the Liquidation Trust and its assets. In all circumstances, the Liquidation Trustee shall act in the best interests of all beneficiaries of the Liquidation Trust and in furtherance of the purpose of the Liquidation Trust.

3.3    Liquidation Trust Expenses

All Liquidation Trust Expenses will be charged against and paid by the Liquidation Trust, and the Liquidation Trustee will pay the same as and when due and payable.

3.4    Capacity of Liquidation Trustee

Notwithstanding any state or federal law to the contrary or anything herein, the Liquidation Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Liquidation Trust may alone be named movant, respondent, party plaintiff, or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

3.5    Power to Contract

In furtherance of the purpose of the Liquidation Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, and/or this Agreement, the Liquidation Trustee shall have the right and power on behalf of the Liquidation Trust, and also may cause the Liquidation Trust, to enter into any covenants or agreements binding the Liquidation Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Liquidation Trustee to be consistent with and advisable in furthering the purpose of the Liquidation Trust.

3.6    Ultimate Right to Act Based on Advice of Counsel or Other Professionals

Nothing in this Agreement shall be deemed to prevent the Liquidation Trustee from taking or refraining to take any action on behalf of the Liquidation Trust that, based upon the advice of counsel or other professionals, the Liquidation Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Liquidation Trustee may owe the Liquidation Trust Beneficiaries or any other Person under the Plan, Confirmation Order, or this Agreement.

3.7    Additional Powers of Liquidation Trustee

In connection with the administration of the Liquidation Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Liquidation Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Plan and of the Liquidation Trust and to otherwise protect the interests of Liquidation Trust Beneficiaries as contemplated in the Plan. Without limiting the generality of Article III of this Agreement, in addition to the powers granted in the Plan, the Liquidation Trustee shall have the power to take the following actions on behalf of the Liquidation Trust and any powers reasonably incidental thereto that the Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidation Trust without application to, or approval of, the Bankruptcy Court unless otherwise specifically limited or restricted by the Plan or this Agreement:

(a)    hold legal title (on behalf of the Liquidation Trust as Liquidation Trustee, but not individually) to the Liquidation Trust Assets held by the Liquidation Trust;

(b)    open and maintain bank accounts on behalf of or in the name of the Liquidation Trust;

(c)    cause the Liquidation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order, or this Agreement, and to perform all obligations thereunder;

(d)    receive and take such action as may be necessary to take possession, custody or control of all assets and property to be distributed to the Liquidation Trust pursuant to the Plan;

(e)    protect and enforce the rights to the Liquidation Trust Assets vested in the Liquidation Trust by the Plan by any method deemed appropriate in his or her sole discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(f)    investigate any Liquidation Trust Assets, including potential litigation, and any objections to Claims, and cause the Liquidation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004;

(g)    invest funds (in the manner set forth in Section 3.11, herein), make distributions and pay any other obligations owed by the Liquidation Trust from the Liquidation Trust Assets as provided herein and in the Plan;

(h)     in reliance initially solely upon the Debtors' schedules and the official claims register maintained in the Chapter 11 Cases, review and, where appropriate, cause the Liquidation Trust to allow or object to Claims, and supervise and administer the Liquidation Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to Disputed Claims required to be administered by the Liquidation Trust;

(i)     prosecute, defend, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms hereof, Claims against the Liquidation Trust or the Liquidation Trust Assets;

(j)     in reliance upon the Debtors' schedules and the official claims register maintained in the Chapter 11 Cases, maintain the Trust Register evidencing the beneficial interests herein held by each Liquidation Trust Beneficiary;

(k)     cause the Liquidation Trust to pay expenses, debts, charges, taxes, and other liabilities, and make disbursements necessary to preserve, liquidate, and enhance the Liquidation Trust Assets;

(l)     cause the Liquidation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Liquidation Trustee has determined, based upon the advice of its agents and or professionals, may be required to be withheld from such distribution under the income tax or other laws of the United States or of any state or political subdivision thereof;

(m)     cause the Liquidation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Liquidation Trust, and file tax returns for the Liquidation Trust as a grantor trust under IRC Code section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance with the Plan and this Agreement, and pay taxes, if any, payable for and on behalf of the Liquidation Trust; provided, however, that notwithstanding any other provision of this Agreement, the Liquidation Trustee shall have no personal responsibility for the signing or accuracy of the Debtors' income tax returns that are due to be filed after the Effective Date or for any tax liability related thereto;

(n)     utilize the Liquidation Trust Fund to purchase such insurance coverage as the Liquidation Trustee, in his or her sole discretion, deems necessary and appropriate with respect to the liabilities and obligations of the Liquidation Trustee and its agents, representatives, employees, or independent contractors, with respect to the Liquidation Trustee's duties with respect to the Liquidation Trust Assets (in the form of an errors and omissions policy, fiduciary policy or otherwise);

(o)     retain and pay, as applicable, professionals, agents and other third parties as provided in, and subject to the terms of, this Agreement;

(p)     settle, in his or her sole discretion any and all Contested Claims;

(q)     incur any reasonable and necessary expenses in administering the Liquidation Trust, as set forth in the Plan or this Agreement;

(r)    cause the Liquidation Trust to seek a determination of tax liability or refund under section 505 of the Bankruptcy Code;

(s)    cause the Liquidation Trust to establish such reserves for taxes, assessments, and other expenses of administration of the Liquidation Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidation Trust;

(t)    establish, adjust, and maintain reserves for Contested Claims required to be administered by the Liquidation Trust;

(u)    if any of the Liquidation Trust Assets are situated in any state or other jurisdiction in which the Liquidation Trustee is not qualified to act as trustee, the Liquidation Trustee may nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction; and

(v)    assume such other powers as may be vested in or assumed by the Liquidation Trustee pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

3.8    General Authority of the Liquidation Trustee

Unless specifically stated otherwise herein, the Liquidation Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement or (b) specifically contemplated in the Plan.

3.9    Limitation of Liquidation Trustee's Authority; No On-Going Business

Notwithstanding anything to the contrary under applicable law, this Agreement or the Plan, the authority of the Liquidation Trustee is limited as follows:

(a)    For federal tax purposes, the Liquidation Trustee shall not be authorized to engage in any trade or business with respect to the Liquidation Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust; provided, however, that nothing in this section 3.9 shall prohibit the Liquidation Trustee from engaging in a trade or business on its own account, provided that such activity does not interfere or conflict with the Liquidation Trustee's administration of the Liquidation Trust.

(b)    The Liquidation Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidation Trust Assets as required by applicable law and consistent with the treatment of the Liquidation Trust as a "liquidating trust" pursuant to Treasury Regulation § 301.7701-4(d) and as a "grantor trust" for federal income tax purposes, pursuant to Section 671 through 679 of the Internal Revenue Code of 1986, as amended (the "IRC Code") to the extent such actions are permitted by this Agreement.

(c)    The Liquidation Trustee shall not take, or fail to take, any action that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" and as a "grantor trust" for federal income tax purposes.

3.10    Other Activities

The Liquidation Trustee shall be entitled to engage in a trade or business on its own account, or be employed by third parties, while performing the duties required under the Plan and this Agreement, so long as such other employment does not involve holding or representing any interest adverse to the interests of the Liquidation Trust, or otherwise preclude or impair the Liquidation Trustee from performing his duties under the Plan and this Agreement.

3.11    Investment, Safekeeping, and Abandonment of Liquidation Trust Assets

Except as otherwise provided in the Plan, the powers of the Liquidation Trustee to invest any moneys held by the Liquidation Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Liquidation Trust's liquidation purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. Such investments will mature in such amounts and at such times as may be deemed necessary by the Liquidation Trustee, with sole and absolute discretion, to provide funds when needed to make Plan Distributions and payments as required by the Plan. Neither the Liquidation Trust nor the Liquidation Trustee shall have any liability for interest or producing income and any moneys received by them and held for distribution or payment to the Liquidation Trust Beneficiaries, except as such interest shall actually be received by the Liquidation Trust or the Liquidation Trustee, which shall be distributed as provided in the Plan and this Agreement.

The right and power of the Liquidation Trustee to invest the Liquidation Trust Assets transferred to the Liquidation Trust, the proceeds thereof, or any income earned by the Liquidation Trust, will be limited to the right and power to invest such Liquidation Trust Assets (pending distributions in accordance with the Plan), as set forth the Plan; provided, however, that the scope of any such investments will be limited to include only those investments that a "liquidating trust" or "grantor trust", as more particularly set forth herein, may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements, or otherwise.

If, in the Liquidation Trustee's reasonable judgment (i) any non-cash Liquidation Trust Assets cannot be sold in a commercially reasonable manner or the Liquidation Trustee believes, in good faith, that such property has inconsequential value to the Liquidation Trust or the Liquidation Trust Beneficiaries; or (ii) in the case of any cash Liquidation Trust Assets, distribution of such cash to the Liquidation Trust Beneficiaries would be administratively burdensome in relation to the amount to be distributed, then the Liquidation Trustee shall have the right to cause the Liquidation Trust to abandon or otherwise dispose of such Liquidation Trust Assets, including by donation of such Liquidation Trust Assets to a charity; provided, however, the Liquidation Trustee shall not abandon any assets unless counsel for the Prepetition Agent has confirmed in writing that the Prepetition Lenders do not wish to receive such assets.

3.12    Conflicts of Interest.

The Liquidation Trustee will appoint a disinterested Person to handle any matter where the Liquidation Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Liquidation Trustee is unwilling or unable to appoint a disinterested Person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

## ARTICLE IV
## TERM AND COMPENSATION FOR LIQUIDATION TRUSTEE

4.1    Compensation

(a)    The Liquidation Trustee shall be entitled to receive fair and reasonable compensation for services rendered on behalf of the Liquidation Trust and reimbursement of all reasonable expenses. The compensation and expenses of the Liquidation Trustee shall be charged against and paid from the Liquidation Trust Fund. In the event that the compensation owed to the Liquidation Trustee exceeds the amount of the Liquidation Trust Fund, the Liquidation Trustee shall be entitled to recovery any additional amounts owed from the Liquidation Trust Assets.

(b)    In the event that the compensation and expenses of the Liquidation Trustee are less than the amount of the Liquidation Trust Fund, the amounts remaining in the Liquidation Trust Fund shall be returned to the Prepetition Lenders in accordance with the terms of the Plan and the Final DIP Order.

4.2    Termination

The duties, responsibilities and powers of the Liquidation Trustee will terminate on the date the Liquidation Trust is dissolved under applicable law in accordance with the Plan, or by an order of the Bankruptcy Court.

4.3    No Bond

The Liquidation Trustee shall not be obligated to obtain a bond but may do so, in his or her sole discretion, in which case the expense incurred by such bonding shall be paid by the Liquidation Trust Assets.

4.4    Removal

The Liquidation Trustee may be removed at any time for cause, by a Final Order of the Bankruptcy Court, after notice and a hearing. For purposes of removing the Liquidation Trustee, "cause" shall mean gross negligence, willful misconduct, breach of fiduciary duty, breach of trust, and reckless or willful mishandling of the Liquidation Trust Assets.

4.5     Resignation

The Liquidation Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Bankruptcy Court and any parties in interest requesting notice in the Chapter 11 Cases.

4.6     Appointment of Successor Trustee

Upon the resignation, incapacity, or removal of the Liquidation Trustee, a successor Liquidation Trustee shall be appointed by the counsel to the Creditors' Committee. Thereupon, such successor Liquidation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of his/her predecessor in the Liquidation Trust with like effect as if originally named herein; *provided, however*, that a removed or resigning Liquidation Trustee shall, nevertheless, when requested in writing by the successor Liquidation Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidation Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Liquidation Trustee.

4.7     Trust Continuance

The resignation, incapacitation, liquidation, or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.

**ARTICLE V**
**PROVISIONS REGARDING PLAN DISTRIBUTIONS**

5.1     Distribution Agent

The Liquidation Trustee shall act as the initial disbursing agent in making Plan Distributions in accordance with the Plan (the "Distribution Agent"). The Liquidation Trustee may employ or contract with other Persons to serve as the Distribution Agent and assist in or make the Plan Distributions required under the Plan.

5.2     Plan Distributions

(a)     Plan Distributions. The Liquidation Trustee will make periodic and final Plan Distributions under the Plan from Available Proceeds. The Distribution Agent will withhold from amounts distributable to any Person any and all amounts, determined in the Distribution Agent's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement or as reasonably necessary to maintain the value of the Liquidation Trust Assets. The Distribution Agent will require any Person receiving a Plan Distribution hereunder to furnish to the Distribution Agent in writing an employer identification number or taxpayer identification number as assigned by the Internal Revenue Service, and the Distribution Agent may condition any Plan Distribution to any Person hereunder on receipt of such identification number. If a Liquidation Trust Beneficiary does not timely provide the Distribution Agent with its taxpayer identification number in the manner and by the

deadline established by the Distribution Agent, then the distribution to such Liquidation Trust Beneficiary shall be administered in accordance with section 5.4 of this Agreement.

(b)    Before any distribution can be made, the Liquidation Trustee shall, in its reasonable discretion, establish, supplement, and maintain reserves as appropriate.    The Liquidation Trustee shall also maintain as necessary a reserve for Contested Claims (the "Contested Claim Reserve").  For the avoidance of doubt, the Liquidation Trustee may withhold any distribution pending determination of whether to object to a Claim.  Any such withheld distribution shall become part of the Contested Claim Reserve and shall be distributed to the Liquidation Trust Beneficiary on the first distribution date after a decision is made not to object to the pertinent Claim or the Claim becomes Allowed.  The Liquidation Trustee need not maintain the Contested Claim Reserve in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidation Trust, provided, however, that the Liquidation Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

### 5.3    Timing of Plan Distributions

(a)    On the Plan Distribution Date, the Distribution Agent will make all Plan Distributions required by the Plan.  As soon as reasonably possible after the Effective Date of the Plan, the Liquidation Trustee will file objections to Unsecured Claims.  Once those objections are resolved, the Distribution Agent shall make a single Plan Distribution from the Available Proceeds to Allowed Unsecured Claims (the "Initial Distribution").

(b)    From and after the Initial Distribution, and until the termination of this Liquidation Trust, the Distribution Agent will, to the extent funds are available and a distribution is practicable in the Liquidation Trustee's reasonable discretion, make subsequent distributions of the available Liquidation Trust Assets in accordance with the provisions of this Agreement, the Plan and Confirmation Order to the holders of Allowed Unsecured Claims, including partial distributions to holders of Allowed Unsecured Claims whose claims were previously Contested Claims but were allowed after an interim distribution was made.

### 5.4    Unclaimed Property

(a)    Holding of Unclaimed Property.  If a Plan Distribution to any holder of an Allowed Claim is Unclaimed Property, no additional Plan Distributions will be made to such holder unless and until the Liquidation Trustee is notified in writing of any information necessary to make the distribution to the Liquidation Trust Beneficiary in accordance with this Agreement, the Plan, and applicable law, including such Liquidation Trust Beneficiary's then-current address or taxpayer identification number.  Nothing contained in the Plan will require the Proponents or the Liquidation Trustee or the Distribution Agent to attempt to locate any holder of an Allowed Claim.  The Liquidation Trustee will hold all Unclaimed Property (and all interest, dividends, and other distributions thereon) for the benefit of the holders of Claims entitled thereto under the terms of the Plan.  The Distribution Agent will make all Plan Distributions of Unclaimed Property on or after the Plan Distribution Date as soon as reasonably practicable after such Unclaimed Property has become deliverable or has been claimed in accordance with the Plan.

(b)     Plan Distribution of Unclaimed Property.  At the end of ninety (90) days following the date that any Cash or other property becomes Unclaimed Property, the holder of the Allowed Claim theretofore entitled to such Unclaimed Property will be deemed to have forfeited such property, which shall become unclaimed property under section 347(b) of the Bankruptcy Code, and all such Claims shall be deemed disallowed and expunged, and the corresponding beneficial interests in the Liquidation Trust shall be deemed canceled; whereupon, all right, title and interest in and to such Unclaimed Property and any further Plan Distributions under the Plan will be available for Plan Distribution to all other holders of Allowed Claims, unless the holder of an Allowed Claim entitled to such Unclaimed Property makes a request in writing to the Liquidation Trustee for such Unclaimed Property (which request must set forth the Plan Distribution address for such holder) prior to the expiration of such period.

(c)     Inapplicability of Unclaimed Property or Escheat Laws.  Unclaimed Property held by the Liquidation Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

(d)     Voided Checks; Request for Reissuance.  Distribution checks issued to Liquidation Trust Beneficiaries shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Requests for reissuance of any voided check shall be made directly to the Liquidation Trustee by the Liquidation Trust Beneficiary that was originally issued such check so that they are received within ninety (90) days after the date of issuance of such check.  If no request is made as provided in the preceding sentence, distributions in respect of voided checks shall be treated as Unclaimed Property distributions under the Plan.  The Liquidation Trust Beneficiary shall bear all risk that, and shall indemnify and hold the Liquidation Trust and Liquidation Trustee harmless against any loss that may arise if, the Liquidation Trustee does not reissue a check promptly after receiving a request for reissuance and the unclaimed distribution date passes without the check being reissued or cashed.

5.5     Plan Distribution to Holders of Claims Generally

(a)     No Plan Distribution in Excess of Allowed Claim.  Notwithstanding anything to the contrary herein, no holder of an Allowed Claim will receive, in respect of such Claim, Plan Distributions under the Plan in excess of the amount of its Allowed Claim; provided, however, that in the event (i) all Allowed Priority Tax Claims and all Allowed Secured Claims have been paid in full and (ii) the principal amounts of all Allowed Unsecured Claims have been paid in full and there are funds and assets remaining in the Liquidation Trust Assets, the Liquidation Trustee shall be permitted to pay interest on Allowed Unsecured Claims in an amount to be determined by the Liquidation Trustee or to make such additional distributions to holders of Allowed Unsecured Claims as may be determined by the Liquidation Trustee.

(b)     Disputed Payments; Conflicting Claims.  If any disputes or conflicting claims arise as to the identity of a holder of an Allowed Claim that is to receive any Plan Distribution or with respect to the beneficial interest of any Liquidation Trust Beneficiary, the Distribution Agent may, in lieu of making such Plan Distribution to such Person, make such Plan Distribution into an escrow account or otherwise hold such Plan Distribution until the disposition thereof is determined by Final Order of the Bankruptcy Court or by written agreement among the interested parties to such dispute, which written agreement is reasonably acceptable to the

Liquidation Trustee.  Neither the Liquidation Trust nor the Liquidation Trustee shall become liable to any Person for their refusal to comply with any conflicting claims or demands, nor shall the Liquidation Trust or the Liquidation Trustee be liable for interest on any funds that are withheld hereunder.

(c)      Withholding Taxes.  The Liquidation Trustee may, in its discretion, cause the Liquidation Trust to withhold from amounts distributable from the Liquidation Trust any and all amounts as may be sufficient to pay the maximum amount of any federal or state withholding taxes or other amounts required to be withheld under any applicable law.  The Liquidation Trustee shall determine such maximum amount to be withheld in its sole, reasonable discretion and shall cause the Liquidation Trust to distribute to the Liquidation Trust Beneficiary any excess amounts withheld.  All Persons holding Claims will be required to provide to the Distribution Agent any information necessary to effect the withholding of such taxes. Notwithstanding the foregoing, each holder of an Allowed Claim that is to receive a Plan Distribution hereunder will have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit on account of such Plan Distribution, including, without limitation, withholding tax obligations in respect of in-kind (non-cash) Plan Distributions.  Any party issuing an instrument or making an in-kind (non-cash) Plan Distribution under the Plan has the right, but not the obligation, to refrain from making such Plan Distribution until the Person to which the Plan Distribution is to be made has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligation.

(d)      Timing of Plan Distributions.  Payments and Plan Distributions in respect of Allowed Claims under the Plan will be made as provided in Article 12 of the Plan.

(e)      Plan Distributions after the Effective Date.  Plan Distributions made after the Effective Date to holders of Allowed Claims that are Contested Claims as of the Effective Date will be deemed to have been made on the Effective Date.  No interest will accrue or be payable on such Claims or any Plan Distributions except as specifically provided herein.

(f)      Manner of Payments.  Unless the Person receiving a Plan Distribution agrees otherwise, any Plan Distribution to be made in Cash under the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank, in the sole discretion of the Liquidation Trustee. Cash payments to foreign creditors may, in addition to the foregoing, be made in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

(g)      Delivery of Plan Distribution.  Plan Distributions to holders of Allowed Claims will be made to the holder's Plan Distribution address as determined by Article 9.3 of the Plan.

(h)      Record Date for Plan Distributions.  The Distribution Agent will have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the close of business on the Plan Distribution Date, and will be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims that are holders of such Claims as of the close of business on the Plan Distribution Date.  The

Distribution Agent will instead be entitled to recognize and deal for all purposes under the Plan with only those record holders stated on the official claims register as of the close of business on the Plan Distribution Date.

        (i)      No Plan Distributions Pending Allowance.  Notwithstanding any other provision of the Plan, no payments or Plan Distributions by the Distribution Agent will be made with respect to all or any portion of a Contested Claim unless and until all objections to such Contested Claim have been settled or withdrawn by agreement of the parties or have been determined by Final Order, and the Contested Claim, or some portion thereof, has become an Allowed Claim; provided however, that the Liquidation Trustee may, in his discretion, pay the Plan Distribution due on account of any undisputed portion of a Contested Claim.

5.6     Control of Claims Resolution Process

        After the Effective Date, the Liquidation Trustee, on behalf of the Liquidation Trust, will have the power and authority to file and prosecute objections to, or negotiate, settle or otherwise resolve, any and all Contested Claims in any Class and to prosecute or defend all appeals relating to such Contested Claims.

5.7     Plan Distributions Under Twenty-Five Dollars

        No Plan Distributions of less than twenty-five dollars ($25.00) will be made by the Distribution Agent to any holder of an Allowed Claim unless a request therefor is made in writing to the Distribution Agent.  If no request is made as provided in the preceding sentence within ninety (90) days of the Effective Date, all such Plan Distributions shall constitute Unclaimed Property.

5.8     Fractional Plan Distributions

        Notwithstanding any other provision of the Plan to the contrary, payments of fractions of dollars by the Distribution Agent will not be required.   Whenever any Plan Distribution of a fraction of a dollar would be required, the Plan Distribution will reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

5.9     Final Plan Distribution

        In accordance with Article IX of the Plan and notwithstanding any other provision of the Plan to the contrary, in the event that: (a) in the discretion of the Liquidation Trustee, the Liquidation Trust (i) has insufficient funds to make any further Plan Distributions to the Liquidation Trust Beneficiaries and (ii) has no remaining potential sources of funds; (b) all Allowed Secured Claims, Administrative Claims and Priority Tax Claims have been paid in full; (c) it is impractical or impossible for the Liquidation Trustee to make further distributions under the Plan; and (d) there are no claims pending, the Liquidation Trustee will either abandon the remaining Liquidation Trust Assets or make a final Plan Distribution of all remaining Available Proceeds pursuant to the terms of the Plan; provided, however, that the Liquidation Trustee will not abandon any assets unless counsel for the Prepetition Agent has confirmed  in writing that the Prepetition Lenders do not wish to receive such assets.

5.10    Full and Final Satisfaction against Liquidation Trust

On and after the Effective Date of the Plan, the Liquidation Trust, the Liquidation Trustee and the Distribution Agent will have no liability on account of any Claims or Equity Interests except as set forth in the Plan and in the Liquidation Trust Agreement.

5.11    Requirement of Undertaking

The Liquidation Trustee may request any court of competent jurisdiction to require, and any such court may in its discretion require, in any suit for the enforcement of any right or remedy under the Plan, or in any suit against the Liquidation Trustee for any act taken or omitted by the Liquidation Trustee, that the filing party litigant in such suit undertake to pay the costs of such suit or post a bond, if required, and such court may in its discretion assess reasonable costs, including, without limitation, reasonable attorneys' fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant.

5.12    Extensions of Time

The Liquidation Trustee may file a motion to extend any deadlines for the making of Plan Distributions prior to the occurrence of any such deadlines, to the extent necessary, which deadlines shall be deemed automatically extended after the filing of such motion, and pending the entry of an order by the Bankruptcy Court extending any such deadline.

**ARTICLE VI**
**TRUST FUNDING**

6.1    Liquidation Trust Funding

The costs and expenses of the Liquidation Trust, including, without limitation, the compensation to and reimbursement of expense to the Liquidation Trustee and the fees, costs and expenses of all Liquidation Trustee Professionals retained by the Liquidation Trustee in connection with the performance of the Liquidation Trustee's duties in connection with this Agreement, shall be paid from the Liquidation Trust Fund and the Liquidation Trust Assets in accordance with Section 4.1 of this Agreement.

6.2    Liquidation Trust Assets

Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, on the Effective Date and periodically thereafter if additional Liquidation Trust Assets become available, the Debtors will be deemed to have automatically distributed to the Liquidation Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred to the Liquidation Trust, all of their right, title, and interest in and to all of the Liquidation Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such Liquidation Trust Assets will automatically vest in the Liquidation Trust free and clear of all Claims, liens, encumbrances and other liabilities, subject only to the Claims of the Liquidation Trust Beneficiaries as set forth in the Plan and the expenses of the Liquidation Trust and the Liquidation Trustee as set forth herein and in the Liquidation Trust Agreement, with all

-16-

proceeds of the Liquidation Trust to be distributed in accordance with the provisions of the Plan. Thereupon, the Debtors will have no interest in or with respect to the Liquidation Trust Assets or the Liquidation Trust.

# ARTICLE VII
## PROCEDURES FOR RESOLVING CONTESTED CLAIMS

### 7.1   Objections to Claims

Except as otherwise provided by the Plan, on and after the Effective Date, the Liquidation Trust will have the right to the exclusion of all others to make, file and prosecute objections to Contested Claims within one hundred and eighty days of the Effective Date (subject to being extended by the order of the Bankruptcy Court upon motion of the Liquidation Trustee without notice or a hearing). The Liquidation Trustee will conduct a review of the applicable books and records of the Debtors, the Schedules, and all Proofs of Claim filed in the Chapter 11 Cases and, except as provided hereunder, the Liquidation Trustee, on behalf of the Liquidation Trust will file objections to such Claims (if any) with the Clerk of the Bankruptcy Court on or before the Claim Objection Deadline. Except as otherwise provided in the Sale Order, and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, from and after the Effective Date the Liquidation Trustee, with respect to Claims other than Buyer Pay Claims and Claims to be satisfied from the Priority Sales Tax Reserve or the Prepetition Prior Secured Creditor Reserve, shall have authority to settle or compromise all Claims without further review or approval of the Bankruptcy Court; the Liquidation Trustee shall have the ability to settle or compromise Claims to be satisfied from the Priority Sales Tax Reserve or the Prepetition Prior Secured Creditor Reserve (i) with the prior written consent of counsel to the Prepetition Agent, which shall not be unreasonably withheld, or (ii) Bankruptcy Court approval. The Liquidation Trustee shall use commercially reasonable efforts to dispute all Tax Claims (including Disputed Sales Tax Claims and Unasserted Tax Audit Claims) and Non-Lender Secured Claims as to which, in the Liquidation Trustee's reasonable discretion, a good faith basis for dispute exists.

### 7.2   Materiality of Dispute against Contested Claims

The Liquidation Trustee shall not be obligated to object to any Claim unless the amount of such Claim as reflected upon any proof of claim or in the Schedules is $25,000 or more greater than the amounts reflected as being due and owing upon the Debtors' books and records, unless such Claim is otherwise objectionable under 11 U.S.C. § 502. No Plan Distribution will be made with respect to any Contested Claim (or any portion of such Claim) unless and until a Final Order allowing such Claim has been entered.

### 7.3   Subordination of Claims

Under the Plan or by order of the Bankruptcy Court, a Claim may be subordinated to other Claims pursuant to section 510 of the Bankruptcy Code. No Plan Distributions will be made in respect of a subordinated Claim until all Claims to which such Claim has been subordinated have been satisfied in full in accordance with section 510 of the Bankruptcy Code.

Any action to subordinate a Claim may be filed by the Liquidation Trust at any time after the Effective Date but prior to such Claim becoming an Allowed Claim.

### 7.4    Estimation of Claims

The Liquidation Trust may, at any time, request that the Bankruptcy Court estimate any Contested Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Liquidation Trust or the Proponents previously had objected to such Claim, and the Bankruptcy Court will retain jurisdiction to estimate any Contested Claim at any time, including, without limitation, during litigation or another proceeding concerning any objection to such Contested Claim.

### 7.5    Designation of Claims as Buyer Pay Claims

The Liquidation Trustee may file a notice with the Bankruptcy Court designating a Claim as a Buyer Pay Claim and stating the basis for such designation.  Such notice shall be served on (i) the Buyer; and (ii) the holder of the Claim and no further service shall be required in respect of such notice.  If either the Buyer or the holder of the Claim does not object to such notice within twenty-one (21) days, such Claim shall be deemed a Buyer Pay Claim for all purposes.  If either the Buyer or the holder of the Claim objects to such notice, by filing an objection and statement of the basis for such objection within twenty-one (21) days and serving such objection on the Liquidation Trustee and the Buyer or the holder of the Claim, as applicable, such objection shall constitute an objection to the Claim and a hearing on the characterization of such Claim as a Buyer Pay Claim shall be scheduled for the next omnibus shearing date in the Chapter 11 Cases that is not less than fourteen (14) days from the date of service of the objection or such later date as agreed to by the Buyer, the Liquidation Trustee, and the holder of the Claim.  To the extent the Bankruptcy Court, in resolution of a Buyer Pay Claim dispute, determines the priority, amount, or recurred nature of the Claim subject to such dispute, such determination shall be final and binding on all parties for all purposes.  Following the determination of a Buyer Pay Claim dispute, either the Buyer or the Liquidation Trustee may file a further objection to the Claim on other grounds within the later of (y) thirty (30) days following such determination, and (z) the applicable Claim Objection Deadline.

### 7.6    No Plan Distribution In Respect of Disallowed Claims

To the extent that a Contested Claim is Disallowed in whole or in part, the holder of such Claim will not receive any Plan Distribution on account of the portion of such Claim (including, without limitation, the whole, if applicable) that is Disallowed.

## ARTICLE VIII
## LIABILITY AND EXCULPATION PROVISIONS

### 8.1    Liability, Indemnification of the Liquidation Trustee and the Liquidation Trustee Professionals

(a)    Notwithstanding anything herein to the contrary, neither the Liquidation Trustee nor any of its firms, companies, affiliates, partners, officers, directors, members, employees, professionals advisors, attorneys, financial advisors, investments bankers disbursing

agents, or agents, including any Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, and any such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for gross negligence or willful misconduct that is found by a Final Order of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered by the Liquidation Trust. In no event shall the Liquidation Trustee be liable for indirect, punitive, special, incidental, or consequential damages or loss (including but not limited to lost profits) whatsoever, even if the Liquidation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action; provided, however, that the Liquidation Trustee and any of its firms, companies, affiliates, partners, officers, directors, members, employees, professionals advisors, attorneys, financial advisors, investments bankers disbursing agents, or agents, including any Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals shall remain liable for actual pecuniary losses resulting from their gross negligence or willful misconduct.

(b)     None of the Persons identified in the immediately preceding section 8.1(a) of this Agreement shall be liable for any act or omission of any other Person identified in that section.

(c)     The Liquidation Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, and will not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such entities, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, the Liquidation Trustee will not be under any obligation to consult with the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, and the determination not to do so will not result in the imposition of liability on the Liquidation Trustee, the Liquidation Trustee Professionals, and Liquidation Trustee Non-Professionals or any other representatives, agents, employees, successors, or assigns of the Liquidation Trustee, unless such determination is based on willful misconduct, gross negligence, or fraud.

(d)     Except to the extent of any Bond provided by the Liquidation Trustee, if any, or as otherwise provided in the Plan or this Agreement, no recourse will ever be had, directly or indirectly, against the Liquidation Trustee, the Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals or any other representatives, agents, employees, successors, or assigns of the Liquidation Trustee, by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the Liquidation Trustee under the Plan or by reason of the creation of any indebtedness by the Liquidation Trustee under the Plan for any purpose authorized by the Plan. All such liabilities, covenants, and agreements of the Liquidation Trustee, the Liquidation Trustee Professionals, and Liquidation Trustee Non-Professionals or any other representatives, agents, employees, successors or assigns of the Liquidation Trustee, whether in writing or otherwise, under the Plan will be enforceable only against, and will be satisfied only out of any such Bond, if any, and the Liquidation Trust Assets or such part thereof as will, under the terms of any such agreement, be liable therefor, or will be evidence only of a right of payment out of

the income and Available Proceeds, as the case may be. Every undertaking, contract, covenant or agreement entered into in writing by the Liquidation Trustee will provide expressly against the personal liability of the Liquidation Trustee.

(e)    No successor Liquidation Trustee shall be in any way responsible for the acts or omissions of any Liquidation Trustee in office prior to the date on which such successor Liquidation Trustee becomes the Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility.

(f)    The Liquidation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a Final Order of a court of competent jurisdiction that the Liquidation Trustee was grossly negligent in ascertaining the pertinent facts.

(g)    The Liquidation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidation Trust and the Claims required to be administered by the Liquidation Trust. The Liquidation Trustee shall not be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

(h)    The Liquidation Trust will, to the fullest extent permitted by applicable law, defend, indemnify and hold harmless the Liquidation Trustee and any of its firms, companies, affiliates, partners, officers, directors, members, employees, professionals advisors, attorneys, financial advisors, investments bankers disbursing agents, or agents, including any Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, and any such Person's successors and assigns (collectively, the "Indemnified Parties" and each, an "Indemnified Party") from and against and in respect of any and all liabilities, losses, damages, claims, costs, and expenses (including, without limitation, reasonable attorney's fees, disbursements, and related expenses) of any kind, type, or nature, , which such Indemnified Parties may incur or to which such Indemnified Parties may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Indemnified Parties arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Liquidation Trust or the Plan or the discharge of their duties hereunder, to the extent such losses are not covered by a Bond, if any, or other applicable insurance, *provided, however*, that no such indemnification will be made to such Indemnified Persons if such loss, liability, expenses, or damage is finally determined by a Final Order of a court of competent jurisdiction to result directly and primarily from the willful misconduct, gross negligence, or fraud of the Indemnified Party asserting this provision.

(i)    All indemnification liabilities of the Liquidation Trust under this Section 8.1 of this Agreement shall be paid by the Liquidation Trust out of Liquidation Trust Fund and the Liquidation Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Liquidation Trust. The Liquidation Trustee shall not be personally liable from the payment of any Liquidation Trust expense or claim or other liability of the Liquidation Trust, and no Person shall look to the Liquidation Trustee or other Indemnified Parties personally for the payment of any such expense or liability.

(j)     The Liquidation Trust shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this section 8.1 of this Agreement after the submission of invoices for such amounts by the Indemnified Party. All invoices shall be subject to the approval of the Liquidation Trustee. By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement. The Bankruptcy Court shall hear and finally determine any disputes arising out of this section 8.1(j) of this Agreement.

8.2     <u>Reliance by Liquidation Trustee</u>

Except as otherwise provided herein:

(a)     the Liquidation Trustee may rely, and will be protected in acting or refraining from acting, upon any certificates, opinions, statements, instruments, or reports believed by it to be genuine and to have been signed or presented by the proper Person or Persons.

(b)     the Liquidation Trustee shall not be liable for any action reasonably taken or not taken by it in reasonable reliance upon the advice of a Liquidation Trustee Professional or Liquidation Trustee Non-Professional; and

(c)     persons providing services to the Liquidation Trustee shall look only to the Liquidation Trust Fund and the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such person in carrying out the terms of this Agreement, and the Liquidation Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidation Trustee are determined by a Final Order of a court of competent jurisdiction to be solely due to the Liquidation Trustee's own willful misconduct, gross negligence, or fraud.

## ARTICLE IX
## ESTABLISHMENT OF THE LIQUIDATION TRUST

9.1     <u>Transfer of Assets to Liquidation Trust and the Debtors' Attorney-Client Privilege;</u> <u>Assumption of Liabilities</u>

(a)     Pursuant to the Plan, the Debtors and the Liquidation Trustee hereby establish the Liquidation Trust on behalf of the Liquidation Trust Beneficiaries to be treated as the grantors and deemed owners of the Liquidation Trust Assets, and, on the Effective Date, the Debtors shall grant, release, transfer, assign, convey and deliver to the Liquidation Trust, on behalf of the Liquidation Trust Beneficiaries, all of their rights, titles, and interests in the Liquidation Trust Assets and certain other specified actions of such Debtors, other than any waived, exculpated, or released in accordance with the provisions of the Plan, notwithstanding any prohibition of assignability under applicable non-bankruptcy law. The Liquidation Trustee agrees to accept and hold the Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiaries, subject to the terms of the Plan and this Agreement. The Liquidation Trustee shall have no duty to independently arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure such transfers' compliance with the terms of the Plan and Confirmation Order, but shall work with the Debtors to take all reasonable and necessary steps to

consummate such transfer.  The Liquidation Trustee shall be conclusively entitled to rely on the legality and validity of the transfers contemplated in the Plan, Confirmation Order, and this Agreement.  In addition, on the Effective Date, all of the protections of the attorney-client privilege that belong to the Debtors shall also be transferred to the Liquidation Trustee.

9.2    Title to Assets

(a)    Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, on the Effective Date and periodically thereafter if additional Liquidation Trust Assets become available, the Debtors shall be deemed to have automatically distributed to the Liquidation Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred to the Liquidation Trust, all of their right, title, and interest in and to all of the Liquidation Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such assets shall automatically vest in the Liquidation Trust free and clear of all Claims and liens, subject only to the Allowed Claims of the Liquidation Trust Beneficiaries as set forth in the Plan and the expenses of the Liquidation Trust as set forth in the Plan and in this Agreement. Thereupon, the Debtors shall not have any interest in or with respect to the Liquidation Trust Assets or the Liquidation Trust.

(b)    The Liquidation Trustee shall have standing to file a motion to enforce the terms of the Plan.

(c)    For all federal income tax purposes, all parties to this Agreement and Liquidation Trust Beneficiaries shall treat the transfer of the Liquidation Trust Assets by the Debtors to the Liquidation Trust, as set forth herein and in the Plan, as a transfer of such assets by the Debtors to the Liquidation Trust Beneficiaries entitled to distributions under this Agreement, followed by a transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust.  Thus, the Liquidation Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

9.3    Valuation of Assets

As soon as reasonably practicable after the Effective Date, the Liquidation Trustee (to the extent that the Liquidation Trustee deems it necessary or appropriate) may value the Liquidation Trust Assets based on the good faith determination of the value of such Liquidation Trust Assets.  The valuation will be used consistently by all parties (including the Debtors, the Liquidation Trustee, and the Liquidation Trust Beneficiaries) for all federal income tax purposes.  The Bankruptcy Court will resolve any dispute regarding the valuation of the Liquidation Trust Assets.

### ARTICLE X
### BENEFICIAL INTERESTS

10.1    Allocation of Beneficial Interests to Holders of Claims

On the Effective Date or as soon thereafter as practicable, each holder of an Allowed Claim entitled to receive Plan Distributions from the Liquidation Trust shall be allocated its Pro Rata Share of beneficial interests in the Liquidation Trust (the "Beneficial

Interests") on account of its Allowed Claim. The allocation or ownership of a Beneficial Interest in the Liquidation Trust shall not entitle any Liquidation Trust Beneficiary or the Debtors to any title in or to the Liquidation Trust Assets or to any right to call for a partition or division of such assets or to require an accounting. Each Beneficial Interest shall, subject to Article V of this Agreement and the Plan, entitled the applicable Liquidation Trust Beneficiary to a distribution in the amounts, and at the times, set forth in this Agreement and the Plan.

10.2    Allocation of Beneficial Interests to Holders of Contested Claims or Interests

No Beneficial Interest shall be allocated to the holder of a Contested Claim unless and until such Claim has been Allowed.

10.3    Transfer of Beneficial Interests

The Beneficial Interests shall not be transferable except by operation of law. No transfer of a Beneficial Interest by operation of law shall be effective or binding upon the Liquidation Trust or the Liquidation Trustee for any purpose, unless and until written notification of such transfer is sent by certified mail to the Liquidation Trustee and received by the Liquidation Trustee, and the Liquidation Trustee may continue to cause the Liquidation Trust to pay all amounts to or for the benefit of the assigning Liquidation Trust Beneficiary until receipt of proper notification and proof of assignment by operation of law. The Liquidation Trustee may rely upon such proof without the requirement of any further investigation.

10.4    Register Entries Regarding Beneficial Interests

The Liquidation Trustee shall create, maintain and make appropriate notations in a trust register (the "Trust Register") and calculate the following ratios prior to each Plan Distribution to the Liquidation Trust Beneficiaries:

(a)    the Beneficial Interest and Allowed Claim held by each Liquidation Trust Beneficiary; and

(b)    the Beneficial Interest that would otherwise be attributable to the holder of a Contested Claim were such claim to become an Allowed Claim.

10.5    Representation of Beneficial Interest

The Beneficial Interests shall be uncertificated. The Beneficial Interests shall be represented by appropriate book entries in the Trust Register.

10.6    Trust Register

(a)    Register of Beneficial Interests. The Liquidation Trustee shall cause the Trust Register to be kept at the office of the Liquidation Trustee or at such other place or places that shall be designated by the Liquidation Trustee from time-to-time. The Liquidation Trustee may rely on the Claims Register or creditor lists prepared by the Debtors in preparing the Trust Register.

(b) <u>Access to Register by Liquidation Trust Beneficiaries</u>. The Liquidation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Liquidation Trustee, and in accordance with reasonable regulations prescribed by the Liquidation Trustee, to inspect and at the expense of the Liquidation Trust Beneficiary make copies of the Trust Register, in each case only for a purpose reasonable and related to such Liquidation Trust Beneficiary's Beneficial Interest in the Liquidation Trust.

(c) <u>Absolute Owners</u>. The Liquidation Trustee may deem and treat each Liquidation Trust Beneficiary of record as determined pursuant to this Agreement as the absolute owner of such Liquidation Trust Beneficiary's Beneficial Interests for the purpose of receiving Plan Distributions and payment thereon or on account thereof and for all other purposes whatsoever.

(d) <u>Changes to the Trust Register</u>. The Trust Register shall be amended to reflect the resolution of a Contested Claim.

10.7    <u>Identification of Liquidation Trust Beneficiaries</u>

In order to determine the actual names and addresses of the Liquidation Trust Beneficiaries, the Liquidation Trustee shall be entitled to conclusively rely on the names and addresses as determined in accordance with Sections 5.6(g) and (h) herein.

10.8    <u>No Standing</u>

Except as expressly provided in this Agreement, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidation Trust Assets.

10.9    <u>Exemption From Registration</u>

The rights of the Liquidation Trust Beneficiaries arising under this agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (i) the parties hereto intend that such rights shall not be "securities" and (ii) if the rights arising under this Agreement in favor of the Liquidation Trust Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No party to this Agreement shall make a contrary or different contention.

**ARTICLE XI**
**ADMINISTRATION**

11.1    <u>Purpose of the Liquidation Trust</u>

The Liquidation Trust will be established for the primary purpose of liquidating the Liquidation Trust Assets, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating

purpose of the Liquidation Trust. Accordingly, the Liquidation Trustee will, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries and not unduly prolong its duration. The Liquidation Trust will not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

11.2    Books and Records

The Liquidation Trustee shall maintain books and records relating to the administration of the Liquidation Trust Assets and the distribution by the Liquidation Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof, to comply with the reporting requirements arising under paragraph 7(c) of the DIP Order, and to comply with applicable provisions of law. The Liquidation Trustee shall also maintain books and records relating to the income and expenses of the Liquidation Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Liquidation Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Liquidation Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust, or as a condition for making any payment or distribution out of the Liquidation Trust Assets. Subject to all applicable privileges, the Liquidation Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Agreement, under the Plan or otherwise, upon thirty (30) days' prior written notice to the Liquidation Trustee, to request a reasonable inspection of the books and records held by the Liquidation Trustee, *provided that*, all costs associated with such inspection shall be paid in advance by such requesting Liquidation Trust Beneficiary, and further, if so requested, such Liquidation Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Liquidation Trustee, and make such other arrangements as may be reasonably requested by the Liquidation Trustee.

11.3    Compliance with Laws

Any and all distributions of Liquidation Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

**ARTICLE XII**
**REPORTING**

12.1    Annual and Final Reports

As soon as practicable after the end of each calendar year, and as soon as practicable upon termination of the Liquidation Trust, the Liquidation Trustee shall submit to the Bankruptcy Court a written report including (a) financial statements of the Liquidation Trust at the end of that calendar year or period, and (b) the receipts and disbursements of the Liquidation Trustee for such period.

12.2    Federal Income Tax

(a)    Grantor Trust Status. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), the Liquidation Trustee shall file returns for the Liquidation Trustee as a grantor trust pursuant to Treas. Reg. § 1.671-4(a).

(b)    Allocations of Liquidation Trust Taxable Income. Subject to the provisions of Section 12.2(a) hereof, allocations of Liquidation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to Liquidation Trust Beneficiaries (treating any holder of a Contested Claim, for this purpose, as a current Liquidation Trust Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Liquidation Trust (including any distributions held in reserve pending the resolution of Contested Claims). Similarly, taxable losses of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Liquidation Trust Assets. The tax book value of the Liquidation Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidation Trust, adjusted in either case in accordance with tax accounting principles prescribed by the Internal Revenue Code, the Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

12.3    Tax Treatment of Reserves for Contested Claims

The Liquidation Trustee may, in the Liquidation Trustee's sole discretion, determine the best way to report for tax purposes with respect to any reserve for Contested Claims, including (i) filing a tax election to treat any and all reserves for Contested Claims as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as part of the Liquidation Trust, or (b) electing to report as a separate trust or sub-trust or other entity. If election is made to report any reserve for Contested Claims as a DOF, the Liquidation Trust shall comply with all federal and state tax reporting compliance requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

12.4    Other

The Liquidation Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Liquidation Trust or the Liquidation Trust Assets, that are required by any governmental unit.

-26-

## ARTICLE XIII
## TRANSFER OF LIQUIDATION TRUST BENEFICIARIES' INTERESTS

13.1    Transfer of Liquidation Trust Beneficiaries' Interests

The interests of the Liquidation Trust Beneficiaries in the Liquidation Trust, which are reflected only on the records of the Liquidation Trust maintained by the Liquidation Trustee, are not negotiable and shall not be assignable voluntarily.  In the case of a deceased individual Liquidation Trust Beneficiary, his or her executor or administrator shall succeed to such decedent's interests. The Liquidation Trustee shall not be required to record any transfer in favor of any transferee that, in the sole discretion of the Liquidation Trustee, is or might be construed to be ambiguous or to create uncertainty as to the holder of the interest in the Liquidation Trust.  Until a transfer is in fact recorded on the Trust Register, the Liquidation Trustee, whether or not in receipt of documents of transfer or other documents relating to the transfer, may nevertheless make distributions and send communications to Liquidation Trust Beneficiaries, as though it has no notice of any such transfer, and in so doing the Liquidation Trustee shall be fully protected and incur no liability to any purported transferee or any other Entity.

## ARTICLE XIV
## TRUSTEE PROFESSIONALS AND NON-PROFESSIONALS

14.1    Retention of Liquidation Trustee Professionals and Liquidation Trust Non-Professionals

(a)    The Liquidation Trustee shall have the right to retain its own professionals including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts, and other agents or advisors, as the Liquidation Trustee deems appropriate (the "Liquidation Trustee Professionals") and on such terms as the Liquidation Trustee deems appropriate.  Nothing in this Agreement shall limit the Liquidation Trustee from engaging the Liquidation Trustee itself or the Liquidation Trustee's firm or its affiliates, to do work for the Liquidation Trust.  The Liquidation Trustee Professionals shall be compensated in accordance with Section 14.2 hereof.  The Liquidation Trustee Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, counsel, and financial advisors of the Debtors and of the Committee.

(b)    The Liquidation Trustee shall have the right to retain non-professionals including, without limitation, employees, independent contractors, or other agents as the Liquidation Trustee deems appropriate (the "Liquidation Trustee Non-Professionals") and on such terms as the Liquidation Trustee deems appropriate.  Such Liquidation Trustee Non-Professionals shall be compensated in accordance with Section 14.2 hereof.  The Liquidation Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, employees, independent contractors, or agents of the Debtors and of the Committee.

14.2    Payment to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals

(a)    After the Effective Date, the Liquidation Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidation Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses. The Liquidation Trustee shall pay those invoices within ten (10) days after receipt, without Bankruptcy Court approval, unless the Liquidation Trustee, objects in writing specifying the reasons for such objections and identifying the specific fees or expenses to which objection is made. If there is a dispute as to a part of an invoice, the Liquidation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount if the Liquidation Trustee Professionals and the Liquidation Trustee cannot otherwise reach agreement.

(b)    After the Effective Date, the Liquidation Trustee Non-Professionals shall be required to submit to the Liquidation Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges. The Liquidation Trustee shall pay those invoices within ten (10) days after receipt, without Bankruptcy Court approval, unless the Liquidation Trustee objects in writing specifying the reasons for such objections and identifying the specific fees or expenses to which objection is made. If there is a dispute as to a part of an invoice, the Liquidation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount if the Liquidation Trustee Non-Professionals and the Liquidation Trustee cannot otherwise reach agreement.

(c)    All payments to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals shall be paid out of the Liquidation Trust Fund. In the event that the aggregate fees and expenses of the Liquidation Trustee, including to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals, exceed the amount of the Liquidation Trust Fund, the Liquidation Trustee may make payments to Liquidation Trustee Professionals and Liquidation Trustee Non-Professionals from the Liquidation Trust Assets.

## ARTICLE XV
## TERMINATION OF LIQUIDATION TRUST

15.1    Duration and Extension

The Liquidation Trustee and the Liquidation Trust shall be discharged or dissolved, as the case may be, at such time as (i) all assets of the Liquidation Trust have been liquidated and (ii) all distributions required to be made by the Liquidation Trustee under the Plan have been made, but in no event shall the Liquidation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six (6) month period prior to the fifth (5th) anniversary (and, in the case of any extension, within six (6) months prior to the end of such extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the assets of the Liquidation Trust. After

(a) the final Plan Distribution and the balance of the Available Proceeds has been extinguished pursuant to the Plan, and (b) the filing by or on behalf of the Liquidation Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan, the Liquidation Trust will be deemed dissolved for all purposes without the necessity for any other or further actions.

15.2    Diligent Administration

The Liquidation Trustee shall (a) not unduly prolong the duration of the Liquidation Trust; (b) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidation Trust Assets; and (c) effect the liquidation and distribution of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.

## ARTICLE XVI
## AMENDMENT AND WAIVER

16.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived only by order of the Bankruptcy Court if necessary to implement the Plan; *provided, however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Liquidation Trust as a "grantor trust."  Technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary to clarify this Agreement or to enable the Liquidation Trust to effectuate the terms of this Agreement, with the consent of the Liquidation Trustee.

## ARTICLE XVII
## MISCELLANEOUS PROVISIONS

17.1    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

17.2    Preservation of Privilege

In connection with the prosecution of objections to Claims any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) provided to the Liquidation Trust in furtherance of its evaluation and prosecution of such objections shall be preserved as joint defense privilege documents.

17.3    Prevailing Party

Except in connection with any action to enforce the Plan, the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof shall be entitled to

collect any and all costs, expenses, and fees, including attorneys' fees, from the nonprevailing party incurred in connection with such dispute or enforcement action.

### 17.4    Laws as to Construction; Enforcement of Agreement

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law.  Any action to enforce or interpret this Agreement shall be brought in the Bankruptcy Court unless and until a final decree has been entered in the Chapter 11 Cases, and thereafter in any court of competent jurisdiction.

### 17.5    Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

### 17.6    Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the third (3rd) Business Day after such notice is delivered by facsimile (at the number set forth below with proof of confirmation), overnight delivery or electronic mail and mailed by certified mail, with return receipt requested at the address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

**As to the Liquidation Trustee:**

| Contact Name: | Meta Advisors LLC |
|---|---|
| Address: | c/o Kelly Drye & Warren LLP |
| | 101 Park Avenue |
| | New York, New York |
| Phone: | (212) 808-5087 |
| Email: | ewilson@metaadvisorsllc.com |

**As to the Debtors:**

| Contact Name: | Andrew Hinkelman |
|---|---|
| | Chief Restructuring Officer |
| Address: | 633 West Fifth Street |
| | 16th Floor |
| | Los Angeles, CA 90071 |
| Phone: | (213) 452-6003 |
| Email: | Andrew.Hinkelman@fticonsulting.com |

**As to the Prepetition Agent**

| | |
|---|---|
| Contact Name: | Klee, Tuchin, Bogdanoff & Stern LLP |
| | Attn: Whitman Holt |
| Address: | 1999 Avenue of the Stars |
| | 39th Floor |
| | Los Angeles, CA 90067 |
| Phone: | (310) 407-4055 |
| Email: | wholt@ktbslaw.com |

**As to the Official Committee of Unsecured Creditors:**

| | |
|---|---|
| Contact Name: | Pachulski Stang Ziehl & Jones |
| | Attn: Bradford J. Sandler, Esq. and John D. Fiero, Esq. |
| Address | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware |
| Phone: | (302) 652-4100 |
| Email: | bsandler@pszjlaw.com and jfiero@pszj.com |

17.7    Notices if to a Liquidation Trust Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the fifth (5th) Business Day after deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address as determined in accordance with the Trust Register.

17.8    Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Liquidation Trustee.

17.9    Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

17.10    Non-Interference

(a)    If any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

(b)    Without limiting the generality of Section 17.10(a) hereof, this Agreement is intended not to be in any respect inconsistent with, or to threaten, hinder, or prevent the implementation of, any terms of the DIP Facility, the DIP Order, the Asset Purchase Agreement, the Sale Order, the Secured Facilities Settlement Agreement, the Liquidity Settlement Agreement, or the Wind-Down Letter Agreement. Accordingly, to the extent of any inconsistency or conflict between the terms of this Agreement, on the one hand, and the terms of any of the DIP Facility, the DIP Order, the Asset Purchase Agreement, the Sale Order, the Secured Facilities Settlement Agreement, the Liquidity Settlement Agreement, or the Wind-Down Letter Agreement, on the other hand, the terms of the DIP Facility, the DIP Order, the Asset Purchase Agreement, the Sale Order, the Secured Facilities Agreement, the Liquidity Settlement Agreement, or the Wind-Down Letter Agreement, as applicable, shall govern and control. Without limiting the generality of the foregoing, nothing in this Agreement shall alter or diminish the residual rights, liens, and reporting requirements arising under paragraph 7(c) of the DIP Order.

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Dated: _____ __, 2014

**After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors**

By:    _____
      Name:_____
      Title:_____

**Meta Advisors, LLC, Liquidation Trustee**

By:    _____