**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 14-10282 (PJW) |
| After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1,2] | Jointly Administered |
| Debtors. | |

**NOTICE OF DEBTORS' INTENT TO ASSUME, ASSIGN,
TRANSFER, AND/OR SELL CERTAIN DESIGNATION RIGHTS CONTRACTS**

PLEASE TAKE NOTICE THAT, on February 13, 2014 (the "Petition Date"), After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors remain in possession of their property pursuant to section 1107(a) of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT, on the Petition Date, the Debtors filed a motion [D.I. 29] to sell substantially all of the Debtors' assets (the "Sale Motion").[3]

PLEASE TAKE FURTHER NOTICE THAT, on April 29, 2014, the Court entered an order approving the Sale Motion [D.I. 444] (the "Sale Order"). Pursuant to the Sale Order, the Debtors were authorized to consummate, and, on May 23, 2014, did consummate, that certain Asset Purchase Agreement, dated as of April 28, 2014, (the "APA") by and among the Debtors and CP OpCo, LLC (the "Buyer"). Pursuant to the Sale Order, certain contracts and/or leases included on Schedule 2.7(e) of the APA are "Designation Rights Contracts." The Sale Order approves the procedures for the assumption and assignment of Designation Rights Contracts. A copy of the Sale Order may be obtained for free at http://www.kccllc.net/cpr/.

PLEASE TAKE FURTHER NOTICE THAT the Debtors intend to assume, assign, transfer, and/or sell to CP OpCo, LLC (the "Buyer") the Designation Rights Contracts listed on Schedule 1 annexed hereto pursuant to sections 363 and 365 of the Bankruptcy Code (the "Assumed Designation Rights Contracts").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] On June 10, 2014, the Bankruptcy Court entered an order approving a modification to the caption of the Debtors' cases. Pursuant to the Asset Purchase Agreement and the Sale Order, the Debtors were required to cease using the "Event Rentals" name after the closing of the Sale.

[3] Where the context requires, each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Sale Procedures Motion.

PLEASE TAKE FURTHER NOTICE THAT the Debtors have set forth on Schedule 1 hereto the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date (the "Cure Payment Liabilities"). The amounts set forth on Schedule 1 may, in some instances, represent the amount that the Buyer has advised it is prepared to pay in order to take an assignment of, receive by transfer, and/or purchase a particular Assumed Designation Rights Contract. The Bankruptcy Code requires that the Cure Payment Liabilities (which include any amounts owing on account of the Debtors' prepetition obligations under the Assumed Designation Rights Contracts) be paid (or that adequate assurance of payment be provided) to the parties owed such amounts upon the Debtors' assumption of the Assumed Designation Rights Contracts.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT, TRANSFER, AND/OR SALE TO THE BUYER OF A DESIGNATION RIGHTS CONTRACT, INCLUDING TO THE VALIDITY OF ANY CURE PAYMENT LIABILITIES AS DETERMINED BY THE DEBTORS OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS, DEFAULTS, CONDITIONS, OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE DESIGNATION RIGHTS CONTRACTS MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SETTING FORTH WITH SPECIFICITY ANY AND ALL CURE OBLIGATIONS OR OTHER CONDITIONS WHICH SUCH PARTY ASSERTS MUST BE CURED OR SATISFIED WITH RESPECT TO SUCH DESIGNATION RIGHTS CONTRACT WITH APPROPRIATE DOCUMENTATION IN SUPPORT THEREOF, SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED BY** (a) the Debtors, After-Party2, Inc. c/o FTI Consulting, One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew Hinkelman); (b) co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.); and counsel to the Buyer, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Lauren Shumejda, Esq.) **WITHIN FOURTEEN (14) CALENDAR DAYS OF BEING SERVED THIS NOTICE.**

**PLEASE TAKE FURTHER NOTICE THAT, UNLESS AN ASSUMPTION OBJECTION IS FILED AND SERVED BY A PARTY TO AN ASSUMED DESIGNATION RIGHTS CONTRACT BY THE OBJECTION DEADLINE, ALL PARTIES WHO HAVE RECEIVED ACTUAL OR CONSTRUCTIVE NOTICE HEREOF SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT AN ASSUMPTION OBJECTION AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION, ASSIGNMENT, TRANSFER, AND/OR SALE, AND SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTORS, THE BUYER, OR ANY OTHER ASSIGNEE OF THE RELEVANT ASSUMED DESIGNATION RIGHTS CONTRACT THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION OR ASSIGNMENT MUST BE SATISFIED, UNDER SUCH ASSUMED DESIGNATION RIGHTS CONTRACT.**

PLEASE TAKE FURTHER NOTICE THAT Assumption Objections must set forth the cure amount or other obligation the objecting party asserts is due, the specific types and

dates of the alleged defaults, pecuniary losses, and conditions to assignment and the support therefor, if any.

PLEASE TAKE FURTHER NOTICE THAT if, as to any Assumed Designation Rights Contract, no Assumption Objection is received by the Objection Deadline, such Assumed Designation Rights Contracts shall be deemed assumed by the Debtors and assigned, transferred, and/or sold to the Buyer without further order of the Bankruptcy Court, effective as of September 1, 2014.  If an Assumption Objection is received by the Objection Deadline and the Debtors and the Buyer are unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of such Assumption Objection shall be subject to further order of the Bankruptcy Court and the Debtors shall promptly schedule a hearing to consider such Assumption Objection.

PLEASE TAKE FURTHER NOTICE THAT hearings with respect to Assumption Objections shall be held on such date as the Bankruptcy Court may designate.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU AGREE WITH THE CURE PAYMENT LIABILITIES SET FORTH ON <u>SCHEDULE 1</u> AND DO NOT OTHERWISE OBJECT TO THE DEBTORS' ASSUMPTION, ASSIGNMENT, TRANSFER, AND/OR SALE OF YOUR DESIGNATION RIGHTS CONTRACT, YOU NEED NOT TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE THAT a complete copy of the Sale Motion may be obtained by (a) sending a written request to counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.), or (b) accessing the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/CPR.  The Debtors encourage parties to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: August 18, 2014

John K. Cunningham
WHITE & CASE LLP
Southeast Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, Florida 33131
Telephone:  (305) 371-2700

—and—

Craig H. Averch
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone:  (213) 620-7700

Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
FOX ROTHSCHILD LLP
Citizens Bank Center, Suite 300
919 North Market Street
Wilmington, DE 19801
Telephone:  (302) 654-7444

**Schedule 1**

| | | | |
|---|---|---|---|
| C & L Family Trust dated 7/14/84 and The Shaffer Family Trust date 10/5/84, d/b/a Hi Point Properties (the "Landlord") | That certain Lease between the Landlord and Regal Rents, Inc. dated July 13, 1999 (as amended from time to time thereafter, the "Lease")[4] | July 13, 1999 (and as from time to time amended thereafter) | $0.00 |

---

[4] Pursuant to this Notice of Intent to Assume/Assign, Transfer and/or Sell Certain Designation Rights Contracts, CP OpCo, LLC shall assume the Lease as amended and superseded by that certain Standard Industrial/Commercial Single-Tenant Lease between the Landlord and CP OpCo, LLC dba Classic Party Rentals dated July 24, 2014 effective as of September 1, 2014.