## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1] | Case No. 14-10282 (PJW) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos.:** 616, 630, 635, 684, 685, 694, 695, 696 and 699 |

### ~~[PROPOSED]~~ ORDER CONFIRMING THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR AFTER-PARTY2, INC. (F/K/A EVENT RENTALS, INC.) AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

On February 13, 2014 (the "Petition Date"), After-Party2, Inc. and its affiliated debtors and debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors manage their property as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 25, 2014, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). To date, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

On April 29, 2014, the Court entered an order [D.I. 444] (the "Sale Order") approving the sale (the "Sale") of substantially all of the Debtors' assets to CP OpCo, LLC (the "Buyer"). On May 23, 2014, the Sale closed.

On June 11, 2014, the Debtors filed the *Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 551] and proposed disclosure statement in support thereof [D.I. 552]. On July 14, 2014, the Debtors filed the *First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 616] (the "Plan")[2] and proposed disclosure statement in support thereof [D.I. 618] (as may be amended from time to time, the "Disclosure Statement").

Also on July 16, 2014, the Court held a hearing on the adequacy of the Disclosure Statement (the "Disclosure Statement Hearing") and entered the *Order (i) Approving the Disclosure Statement Relating to the Chapter 11 Plan of Liquidation for After-Party2, Inc.; (ii) Approving Form of Ballots and Proposed Solicitation and Tabulation Procedures for the Plan; (iii) Approving the Solicitation Packages and Prescribing the Form and Manner of Notice and Distribution Thereof; (iv) Establishing Procedures for (a) Voting in Connection with the Plan Confirmation Process and (b) Temporary Allowance of Claims Related Thereto; and (v) Scheduling a Confirmation Hearing* [D.I. 630] (the "Disclosure Statement Order"). At the Disclosure Statement Hearing, subject to the amendments made on the record of the Disclosure Statement Hearing, the Court approved the Disclosure Statement.

_____

[2] Where the context requires, each capitalized term used but not otherwise defined herein or referenced by the Plan Documents (as defined below) shall have the meaning ascribed to such term in the Plan.

Following the Disclosure Statement Hearing, the Debtors revised the language of the Disclosure Statement in accordance with the discussion made on the record at the Disclosure Statement Hearing and such revisions have been approved by the United States Trustee.  On July 16, 2014, the Debtors filed a revised Disclosure Statement reflecting the forgoing modifications [D.I. 635].

The Disclosure Statement Order, among other things, (i) established August 20, 2014 at 4:00 p.m. (Prevailing Eastern Time) as the deadline for voting on the Plan, and (ii) scheduled a hearing commencing on August 27, 2014 at 11:00 a.m. (Prevailing Eastern Time) to consider confirmation of the Plan and objections thereto (the "Confirmation Hearing").

The Debtors' noticing, claims, solicitation, balloting and tabulation agent, Kurtzman Carson Consultants, LLC ("KCC"), transmitted solicitation packages and confirmation hearing notices in accordance with the Disclosure Statement Order, as attested to in the Affidavit of Service [D.I. 654] (the "Solicitation Affidavit").

On August 15, 2014, the Debtors filed the *Notice of Designation of Liquidation Trustee* [D.I. 684] and the *Notice of Filing Liquidation Trust Agreement* [D.I. 685] (together, and as amended by D.I. 694, the "Plan Documents").

The deadline for filing objections to the Plan as set forth in the Disclosure Statement Order was August 19, 2014 at 4:00 p.m. (Prevailing Eastern Time) (the "Objection Deadline"). Only one party filed an objection to the Plan.  On August 19, 2014, Raymond Leasing Corporation filed its limited objection to the Plan [D.I. 687] (the "Objection"), which has been consensually resolved as provided below.

On August 22, 2014, the Debtors filed the *Memorandum of Law in Support of Confirmation of First Amended Chapter 11 Plan for After-Party2, Inc. (f/k/a Event Rentals, Inc.)*

*and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 699] (the "Confirmation Memorandum"). Further, on August 22, 2014, the Debtors filed the declaration of Andrew Hinkelman in support of confirmation of the Plan [D.I. 696] (the "CRO Declaration").

On August 22, 2014, the Debtors filed the *Certification of Leanne V. Rehder Scott with Respect to the Tabulation of Votes on the First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors* [D.I. 695] (the "Voting Certification").

The Confirmation Hearing concluded on August 2̲7̲, 2014.

NOW, THEREFORE, the Court having considered the Plan, the Solicitation Affidavit, the Voting Certification, the CRO Declaration, the Confirmation Memorandum, the Objection, all evidence proffered or adduced and the arguments of counsel at the Confirmation Hearing, and the entire record of the Chapter 11 Cases, and after due deliberation thereon and good cause appearing therefor, this Court hereby makes and issues the following Findings of Fact and Conclusions of Law and hereby orders:[3]

---

[3] This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     <u>Jurisdiction and Venue</u>.  This Court has subject matter jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.  Venue before this Court was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).  The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code.

B.     <u>Burden of Proof</u>.  The Debtors and the Committee, as proponents of the Plan, have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by preponderance of the evidence, and, as set forth below, the Debtors and the Committee have met that burden.

C.     <u>Judicial Notice</u>.  This Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings, notices and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the Chapter 11 Cases, including, without limitation, the Disclosure Statement Hearing and the Confirmation Hearing.

D.     <u>The Record</u>.  The following record (the "<u>Record</u>") was established to support confirmation of the Plan:

(i)     all documents identified by the Debtors and the Committee at the Confirmation Hearing, including, without limitation, the Plan, the Disclosure Statement and all exhibits, schedules and attachments thereto and filed in connection therewith, and the Plan Documents, all of which were admitted into evidence without objection;

(ii)     the CRO Declaration;

(iii)　　the Solicitation Affidavit;

(iv)　　the Voting Certification;

(v)　　the entire record of the Chapter 11 Cases and the docket maintained by the clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered and evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases, as to all of which the Court took judicial notice at the Confirmation Hearing; and

(vi)　　the statements and argument of counsel on the record at the Confirmation Hearing, and all papers and pleadings filed with the Court in support of, in opposition to or otherwise in connection with, confirmation of the Plan.

The evidence that was admitted into the Record in support of confirmation of the Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Plan should be confirmed.

E.　　<u>Resolution of the Objection</u>.  The consensual resolution of the Objection satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules and is in the best interest of the Debtors and their Estates and supported by the Record, and therefore is approved. The Objection was consensually resolved by including the language in paragraph 31 of this Confirmation Order.

F.　　<u>Solicitation and Notice</u>.  To obtain the requisite acceptance of the Plan, on July 23, 2014, the Debtors commenced the solicitation of acceptances and rejections of the Plan by beginning the distribution of the Disclosure Statement and related materials to holders of Claims against the Debtors classified in Class 3 – Prepetition Lender Claims, Class 4 – Unsecured Claims, Class 5 – Liquidity Claims & Opt-Out Unsecured Claims, and the parties entitled to

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

receive notice pursuant to Rule 2002 of the Bankruptcy Rules.

(i)    As evidenced by the Solicitation Affidavit, and in compliance with the requirements of the Disclosure Statement Order, the Debtors transmitted to holders of scheduled claims as of the date of entry of the Disclosure Statement Order (the "Record Date") and to holders of timely filed Claims as of the Record Date, except as provided below: (a) a CD-ROM containing (i) the Disclosure Statement (together with the Plan attached thereto) and (ii) the Disclosure Statement Order; (b) with respect to all holders of Unsecured Claims, a copy of a recommendation letter from the Committee; (c) a notice of hearing to consider confirmation of the Plan and deadline for filing objections thereto (the "Confirmation Hearing Notice"); (d) an applicable ballot, customized for each recipient; and (e) a postage prepaid return envelope (collectively, the "Solicitation Packages").

(ii)    In addition, as evidenced by the Solicitation Affidavit, and in compliance with the requirements of the Disclosure Statement Order, the Debtors transmitted to all known holders of Claims against and Equity Interests in the Debtors that were either classified as unimpaired or deemed to have rejected the Plan either a Notice of Non-Voting Status – Unimpaired Classes or Notice of Non-Voting Status – Deemed to Reject, as applicable. Specifically, a Notice of Non-Voting Status – Unimpaired Classes was sent to each holder of a claim in Class 1 – Priority Claims and Class 2 – Non-Lender Secured Claims, and a Notice of Non-Voting Status – Deemed to Reject was sent to each holder of a claim in Class 6 – Equity Interests.

(iii)    Furthermore, as evidenced by the Solicitation Affidavit, the Debtors transmitted to parties in interest who were not entitled to vote on the Plan a Confirmation Hearing Notice.

7

(iv)    Finally, as evidenced by the Voting Certification, and in compliance with the requirements of the Disclosure Statement Order, the Debtors caused the Confirmation Hearing Notice to be published electronically at www.deb.uscourts.gov and www.kccllc.net/cpr immediately following the Disclosure Statement Hearing.

(v)    The Debtors have complied with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and all other applicable laws in connection with the solicitation of votes on the Plan and the provision of notice of the Confirmation Hearing and the August 19, 2014 deadline for filing and serving objections to confirmation and for voting on the Plan and all other relevant deadlines related to the Plan. As such, the notice provided was due and proper with respect to all matters relating to the solicitation of votes on, and the confirmation of, the Plan and satisfied the requirements of due process with respect to all creditors, equity holders and parties in interest who were provided actual or constructive notice.

G.    <u>Voting</u>. As evidenced by the Voting Certification, each class of Claims and Equity Interests either (i) voted to accept the Plan under section 1126 of the Bankruptcy Code and for purposes of section 1129(a)(8)(A) of the Bankruptcy Code; (ii) is not impaired as provided in section 1124 and 1129(a)(8)(B) of the Bankruptcy Code; or (iii) is deemed, under section 1126(g) of the Bankruptcy Code, to have voted to reject the Plan.

H.    <u>Compromises and Settlements Under and in Connection With the Plan</u>. All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

I.    <u>Exculpations and Injunctions</u>. The releases, exculpations, and injunctions provided in the Plan (i) are within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) are integral elements of the transactions incorporated into the Plan and inextricably bound with the

other provisions of the Plan; (iii) confer material benefit on, and are in the best interests of, the Debtors, their Estates, and their creditors; (iv) were approved by an overwhelming majority of holders of Claims against the Debtors; (v) are fair, equitable, and reasonable; (vi) are given and made after due notice and opportunity for hearing; and (vii) are consistent with sections 105, 524, 1123, 1129, 1141, and other applicable provisions of the Bankruptcy Code and other applicable law.

   J. <u>Executory Contracts and Unexpired Leases</u>.  The Debtors have exercised reasonable business judgment in determining to reject each of their executory contracts and unexpired leases under the terms of the Plan, and the exceptions set forth therein, and this Confirmation Order.  Each rejection of an executory contract or unexpired lease pursuant to Article XII of the Plan will be legal, valid, and binding upon the Debtors and all non-Debtors parties to such executory contract or unexpired lease, as applicable, all to the same extent as if such rejection had been effectuated pursuant to an appropriate order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.  Each of the executory contracts and unexpired leases to be rejected is deemed to be an executory contract or an unexpired lease, as applicable.

    The Plan constitutes a motion to reject all executory contracts and unexpired leases of the Debtors not previously assumed, except (i) any executory contracts and unexpired leases that are the subject of separate motions to reject, assume, or assume and assign filed pursuant to section 365 of the Bankruptcy Code by the Debtors before the entry of this Confirmation Order; (ii) all executory contracts and unexpired leases assumed or assumed and assigned by order of the Court entered before the Effective Date and not subsequently rejected pursuant to an order of the Court; (iii) any guaranty or similar agreement executed by a third

party which guarantees repayment or performance of an obligation owed to the Debtors or to indemnify the Debtors; (iv) agreements with third parties regarding preservation of the confidentiality of documents produced by the Debtors; and (v) executory contracts and unexpired leases that are the subject of a Counterparty Notice filed on or before September 26, 2014. Each executory contract or unexpired lease to be rejected pursuant to the Plan is burdensome and the rejection thereof is in the best interests of the Estates.

      K.      <u>Standing</u>. The Debtors have satisfied section 1121 of the Bankruptcy Code in that the Debtors have standing to file a plan. Furthermore, the Plan reflects the date it was filed with the Court and identifies the entities submitting it as Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

      L.      <u>The Plan Complies with the Bankruptcy Code (11 U.S.C. §§ 1129(a)(1))</u>. As set forth below and as demonstrated by the Record, the Plan complies with all relevant sections of the Bankruptcy Code, Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Plan. In particular, the Plan complies with all of the requirements of section 1129 of the Bankruptcy Code.

      M.      <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code. The Plan's classifications conform to the statute and separately classify claims based on valid business and legal reasons. The Debtors' classification has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Equity Interest in the Debtors' Estates and was not proposed to create a consenting impaired class and, thereby, manipulate class voting. Article II of the Plan designates classes of Claims and Equity Interests that require classification.

N.      Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code. Article III of the Plan specifies which classes of Claims and Equity Interests are not impaired under the Plan.

O.      Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Plan complies fully with the requirements of section 1123(a)(3) of the Bankruptcy Code. Article IV of the Plan specifies the treatment of classes and interests under the Plan, including those which are impaired.

P.      No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan complies fully with the requirements of section 1123(a)(4) of the Bankruptcy Code. As reflected in the treatment set forth in Article IV of the Plan, the treatment of each of the Claims and Equity Interests in each particular class is the same as the treatment of each of the other Claims or Equity Interests in such class; provided, however, to the extent any claimant received any better treatment than that described by the Plan for its class on the basis of the standards for compromise and settlement, the Court hereby finds that such better treatment does not need to be made available to other members of the class.

Q.      Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan complies fully with the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan provides adequate means for implementation of the Plan through, among other things, the implementation of the Liquidation Trust and the transfer of all of the Debtors' assets, except as provided herein, to the Liquidation Trust.

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

R.    Prohibition of Issuance of Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan does not provide for the issuance of any securities including non-voting securities; therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

S.    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). Section 8.4 of the Plan provides for the Liquidation Trust to be governed and administered by the Liquidation Trustee. Article IX of the Plan provides that Plan Distributions shall be made by the Liquidation Trustee. Therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

T.    Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the provisions of the Bankruptcy Code.

U.    Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan complies fully with the requirements of section 1129(a)(2) of the Bankruptcy Code. Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of title 11, including, specifically, sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Documents, and all other matters considered by the Court in connection with the Chapter 11 Cases.

V.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan complies fully with the requirements of section 1129(a)(3) of the Bankruptcy Code. Having examined the totality of the circumstances surrounding the Plan, the Court has determined that the Plan was proposed in good faith and not by any means forbidden by law. The Plan is the result of extensive arm's-length discussions, debate, and/or negotiations among the Debtors and key stakeholders and is overwhelmingly supported by the creditors and other parties in interest in the

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

Chapter 11 Cases. It is clear that the Plan promotes the objectives and purposes of the Bankruptcy Code.

      W.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  The Plan complies fully with the requirements of section 1129(a)(4) of the Bankruptcy Code.  Section 5.2 of the Plan clearly provides that each Professional Person who holds or asserts a Fee Claim will be required to file with the Court, and serve upon all parties required to receive notice, a Fee Application within forty-five (45) days after the Effective Date.  Failure to file and serve such notice timely and properly results in the Fee Claim not being entitled to any distribution under the Plan.  A Fee Claim in respect of which a Fee Application has been properly filed and served pursuant to Section 5.2(b) of the Plan will become an Allowed Administrative Claim only to the extent allowed by an order of this Court.  Pursuant to Section 14.11 of the Plan, no award or reimbursement of attorneys' fees or related expenses or disbursements will be allowed on, or in connection with, any Claims, except as set forth in the Plan or as ordered by the Court.  This Court previously approved interim application procedures under section 331 of the Bankruptcy Code, pursuant to which the Court authorized and approved the payment of certain fees and expenses of Professional Persons retained in the Chapter 11 Cases.  All such fees and expenses, as well as all other accrued fees and expenses of Professional Persons through the Effective Date, remain subject to final review for reasonableness by the Court under applicable provisions of the Bankruptcy Code.  The foregoing procedures for this Court's review and ultimate determination of fees and expenses paid satisfy the objectives of section 1129(a)(4) of the Bankruptcy Code.

      X.    <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Plan complies fully with the requirements of section 1129(a)(5) of the Bankruptcy Code.  Section 8.3 of the Plan provides that, on the Effective Date, the authority, power and incumbency of the Debtors

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

relating to the Assets of the Liquidating Trust shall terminate and vest in the Liquidation Trustee, who has been identified as Meta Advisors, LLC, a non-insider. Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

Y.    No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan complies fully with the requirements of section 1129(a)(6) of the Bankruptcy Code. Pursuant to Section 14.16, the Plan does not provide for the change of any rate that is within the jurisdiction of any governmental regulatory commission after the occurrence of the Effective Date. Therefore, the provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable and thus satisfied.

Z.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The Plan complies fully with the requirements of section 1129(a)(7) of the Bankruptcy Code. As set forth fully in the Liquidation Analysis and by the evidence adduced in the Confirmation Hearing, the "best interests" test is satisfied as to all impaired classes of Claims and Equity Interests. Furthermore, a liquidation under chapter 7 as set forth in the Liquidation Analysis would adversely affect the ultimate proceeds available for distribution to all holders of Allowed Claims in the Chapter 11 Cases. Moreover, the increased costs associated with a liquidation under chapter 7 would substantially reduce the proceeds available for distribution. These costs would include, among other things, increased administrative fees and costs payable to a trustee in bankruptcy and professional advisors to such trustee, each of which would be unfamiliar with the Chapter 11 Cases. In the context of the increased costs and delay associated with the administration of a chapter 7 case, confirmation of the Plan provides each rejecting creditor and interest holder with a recovery that is not less than such holder would receive in a chapter 7 liquidation of the Debtors. Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of

14

the Bankruptcy Code. Therefore, the "best interests" test is satisfied with respect to each of these classes.

AA.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)). Class 6 –Equity Interests is deemed to have rejected the Plan pursuant to section 1126(g). Accordingly, section 1129(a)(8) has not and cannot be satisfied. The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

BB.    Treatment of Administrative, Priority and Tax Claims (11 U.S.C. § 1129(a)(9)). The Plan complies fully with the requirements of section 1129(a)(9) of the Bankruptcy Code. Consistent with section 1129(a)(9)(A), on the Plan Distribution Date, each holder of an Allowed Administrative Claim, other than a Buyer Pay Claim, shall receive (i) the amount of such holder's Allowed Administrative Claim in one Cash payment or (ii) such other treatment as may be agreed upon in writing by the Liquidation Trustee and such holder; *provided*, that such treatment shall not provide a return to such holder having a present value as of the Effective Date in excess of such holder's Allowed Administrative Claim; *provided, further*, that an Administrative Claim representing a liability incurred in the ordinary course of business of the Debtors may be paid at the Buyer's election in the ordinary course of business at any time. In addition, the Plan provides that Buyer Pay Claims shall be paid by the Buyer as set forth in the Asset Purchase Agreement and the Sale Order. As required by section 1129(a)(9)(B) of the Bankruptcy Code, Section 4.1(a) of the Plan provides that each holder of an Allowed Priority Claim shall be unimpaired under the Plan and, pursuant to section 1124 of the Bankruptcy Code, all legal, equitable, and contractual rights of each holder of an Allowed Priority Claim in respect of such Claim shall be fully reinstated and retained, except to the extent that a holder of an Allowed Priority Claim agrees to different treatment or as otherwise provided in section

15

1124(2)(A)-(D) of the Bankruptcy Code, and such holder of an Allowed Priority Claim shall be paid on the Plan Distribution Date in full and in Cash.  Consistent with section 1129(a)(9)(C) of the Bankruptcy Code, Section 5.3 of the Plan provides that each holder of an Allowed Tax Claim that is not a Buyer Pay Claim will receive in full satisfaction of such Allowed Tax Claim (a) payments in Cash, in regular installments over a period ending not later than five (5) years after the Petition Date, of a total value, as of the Effective Date, equal to the Allowed amount of such Claim; (b) a lesser amount in one Cash payment as may be agreed upon in writing by the Liquidation Trustee and such holder; or (c) such other treatment as may be agreed upon in writing by such holder; *provided*, that such agreed upon treatment may not provide such holder with a return having a present value as of the Effective Date that is greater than the amount of such holder's Allowed Tax Claim or that is less favorable than the treatment provided to the most favored nonpriority Unsecured Claims under the Plan.  Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

CC.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  The Plan complies fully with the requirements of section 1129(a)(10) of the Bankruptcy Code.  Specifically, as set forth in the Voting Declaration, Classes 3, 4, and 5 have voted to accept the Plan.

DD.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan complies fully with the requirements of section 1129(a)(11) of the Bankruptcy Code.  The Record establishes that, on the Effective Date, the authority, power, and incumbency of the Debtors shall terminate and vest in the Liquidation Trustee, and that all Assets of the Debtors, other than the Excluded Assets, as such term is defined in the Liquidation Trust Agreement, shall be deemed to have automatically been distributed to the Liquidation Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred all such assets to the Liquidation Trust.  The

16

Liquidation Trust Agreement also grants the Liquidation Trustee the power and authority to administer the Excluded Assets, other than the amounts designated in the Wind-Down Budget Reconciliation, attached as Exhibit B to the Wind-Down Letter Agreement, for Professional Fees and A&G Realty Partners (together, the "Fee Claim Funds"), but only to the extent consistent with the Plan, the DIP Order, the Sale Order, the Secured Facilities Settlement Agreement, and the Wind-Down Letter Agreement. Based on the Record before the Court, the Court concludes that the Liquidation Trust will have sufficient means to meet all of its obligations under the Plan. Finally, because the Plan is a plan of liquidation, confirmation of the Plan will not be followed by further financial reorganization. Based on the foregoing findings and conclusions, the Plan satisfies the feasibility standard of section 1129(a)(11).

EE.   Payment of Fees (11 U.S.C. § 1129(a)(12)). The Plan complies fully with the requirements of section 1129(a)(12) of the Bankruptcy Code. Section 14.1 of the Plan provides for the payment of all statutory fees by the Debtor on or before the Effective Date. The Plan accordingly satisfies section 1129(a)(12) of the Bankruptcy Code.

FF.   Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections 1129(a)(13)-(16) are inapplicable as the Debtors (i) do not provide retiree benefits[4] (1129(a)(13)), (ii) have no domestic support obligations (1129(a)(14)), (iii) are not individuals (1129(a)(15)), and (iv) are for-profit businesses (1129(a)(16)).

GG.   Nonconsensual Confirmation (Cramdown) of Non-Accepting Classes (11 U.S.C. § 1129(b)). The Plan does not discriminate unfairly and is fair and equitable to Class 6 – Equity

---

[4] As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under the Bankruptcy Code.

Interests, which has not accepted the Plan. Further, within their respective classes, there exists no unfair discrimination of any of the holders of Claims or Equity Interests. Finally, the Plan does not violate the "absolute priority" rule contained in section 1129(b)(2).

HH.    Confirmation of Only One Plan (11 U.S.C. § 1129(c)). The Plan (including previous versions thereof) is the only plan that has been filed in these Chapter 11 Cases which has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

II.    Principal Purpose of Plan (11 U.S.C. § 1129(d)). The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

JJ.    Satisfaction of Confirmation Requirements. The Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

KK.    Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record in the Chapter 11 Cases, the Debtors, the Committee and its members (in their capacity as such), and each of their respective current or former officers, directors, members, employees, agents, attorneys, advisors, accountants, restructuring consultants, financial advisors and investment bankers have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to the Plan.

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

LL.   Plan Documents.  The Plan Documents, as they may be amended as contemplated and permitted by the Plan, have been negotiated in good faith and are, in the judgment of the parties, necessary and appropriate to effectuate the Plan and the Court so finds.

## ORDER

### Confirmation of the Plan

1.      Pursuant to  section 1129 of the Bankruptcy Code, the Plan is hereby CONFIRMED.  Any objections to the Plan not otherwise withdrawn, resolved or otherwise disposed of (including by the resolutions set forth in paragraph 31 of this Confirmation Order), are OVERRULED and denied.

2.      Notice of the Confirmation Hearing complied with (i) the terms of the Disclosure Statement Order, (ii) the Bankruptcy Code, and (iii) the Bankruptcy Rules; and was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases.

3.      The following are hereby incorporated by reference into and are an integral part of this Confirmation Order: (a) the Plan, (b) the exhibits to the Plan, and (c) the Plan Documents. The failure to reference any particular Plan Document, any provision of a Plan Document or the Plan in this Confirmation Order will have no effect on the Court's approval and authorization of, or the validity, binding effect, or enforceability of, the Plan and the Plan Documents in their entirety.

### Compromises and Settlements Under the Plan

4.      The settlements and compromises set forth in the Plan are approved in all respects.

### Classification and Treatment

5.      All Claims and Equity Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.

LOS ANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

6.      The treatment of all Claims and Equity Interests as provided in the Plan and the Plan Documents shall be, and hereby is, approved.

### Administrative Claims

7.      The holder of an Administrative Claim, other than (i) a Fee Claim; (ii) a Claim for Statutory Fees; (iii) a Buyer Pay Claim incurred and payable in the ordinary course of business by the Debtors (and not past due); (iv) a Claim of the type referred to in section 503(b)(1)(D) of the Bankruptcy Code (which Claims described in this clause (iv) shall be paid, notwithstanding anything else set forth in the Plan, by the Buyer or the Debtors, as applicable, in the ordinary course pursuant to applicable non-bankruptcy law without the necessity of filing a request for payment thereof); or (v) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Court and serve on the Debtors, the Committee, and the Office of the United States Trustee, notice of such Administrative Claim within forty-five (45) days after service of the Notice of Confirmation.  Such notice must include at a minimum (i) the name of the holder of the Claim; (ii) the amount of the Claim; and (iii) the basis of the Claim.  **Failure to timely and properly file and serve a request for payment of an Administrative Claim shall result in such Administrative Claim not being entitled to any distribution under the Plan.**

8.      An Administrative Claim with respect to which notice has been properly filed and served pursuant to Section 5.2(a) of the Plan shall become an Allowed Administrative Claim if no objection is filed on or before the later of (i) the date that is ninety (90) days after the Effective Date; and (ii) such date as may be (A) agreed to by the holder of such Administrative Claim, or (B) approved by the Court on motion of a party in interest, without notice or a hearing. If an objection is filed by the applicable objection deadline (or any extension thereof), the

LOS ANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order.

9.      Each Professional Person who holds or asserts a Fee Claim shall be required to file with the Court, and serve on all parties required to receive notice, a Fee Application within forty-five (45) days after the Effective Date. **The failure to file and serve such Fee Application timely and properly shall result in the Fee Claim not being entitled to any distribution under the Plan.** A Fee Claim in respect of which a Fee Application has been properly filed and served pursuant to Section 5.2(b) of the Plan shall become an Allowed Administrative Claim only to the extent allowed by order of the Court.

### Enforceability of Plan and Plan Documents

10.     Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents (including, but not limited to, the Plan Documents) shall be, and hereby are, valid, binding and enforceable notwithstanding any otherwise applicable nonbankruptcy law. Each of the Plan Documents (to the extent not already approved by order of this Court) is hereby approved. The Debtors may modify, amend or enter into the Plan Documents, without further order of the Court, in accordance with the provisions of the Plan.

### Authorization to Implement the Plan

11.     Upon the entry of this Confirmation Order, the Debtors and the Liquidation Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into or otherwise make effective all documents arising in connection therewith, including, without limitation, the Plan Documents (as they may be amended or modified as contemplated or permitted by the Plan), prior to, on and after the Effective Date. All such actions taken or caused

21

to be taken shall be, and hereby are, authorized and approved by the Court such that no further approval, act or action need to be taken under any applicable law, order, rule or regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the Plan and the making of Plan Distributions and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.

12.    On the Effective Date, the officers of the Debtors are authorized and directed to do all things and to execute and deliver all agreements, documents, instruments, notices and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors.

13.    The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors or the Liquidation Trustee or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

### Cancellation of Instruments and Securities

14.    Upon the occurrence of the Effective Date, all Equity Interests in the Debtors and any other note, bond, indenture or other instrument or document evidencing or creating any indebtedness or obligation of the Debtors shall be deemed cancelled on the Effective Date. Notwithstanding the forgoing, nothing in the Plan or this Confirmation Order shall cancel or otherwise operate to impair or diminish any rights under the DIP Facility, the DIP Order, the Asset Purchase Agreement, the Sale Order, the Secured Facilities Settlement Agreement, the Liquidity Settlement Agreement, or the Wind-Down Letter Agreement.

22

## Vesting of Assets in the Liquidation Trust

15.    On the Effective Date, the authority, power, and incumbency of the Debtors shall terminate and vest in the Liquidation Trustee, and all Assets of the Debtors, other than the Excluded Assets, as such term is defined in the Liquidation Trust Agreement, shall be deemed to have automatically been distributed to the Liquidation Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred all such Assets to the Liquidation Trust. The Liquidation Trust Agreement also grants the Liquidation Trustee the power and authority to administer the Excluded Assets, other than the Fee Claim Funds, subject to all terms and conditions of the Liquidation Trust Agreement.

## Dissolution of the Debtors

16.    The Debtors will continue to administer the Fee Claim Funds after the Effective Date and will dissolve immediately upon the distribution of all such funds without further order of the Court. The Debtors will pay all amounts remaining in the expense allocation for A&G Realty Partners in the Wind-Down Budget Reconciliation, attached as Exhibit B to the Wind-Down Letter Agreement, to the Prepetition Agent for distribution to holders of Allowed Prepetition Lender Claims within five (5) days following the earlier of (i) October 15, 2014 and (ii) the date the final Fee Application of A&G Realty Partners is approved by the Court.

## Plan Distributions

17.    The Liquidation Trustee shall make all Plan Distributions and such distributions shall be in accordance with the Plan and Plan Documents. For federal income tax purposes, *except* to the extent a Plan Distribution is made in connection with reinstatement of an obligation pursuant to section 1124 of the Bankruptcy Code, a Plan Distribution will be allocated first to the principal amount of a Claim and then, to the extent the Plan Distribution exceeds the principal amount of the Claim, to the portion of the Claim representing accrued but unpaid interest.

23

Except as otherwise provided herein, Plan Distributions shall be made to the holders of Allowed Claims as reflected in the registry of claims maintained by the Claims Agent on the Effective Date. The Liquidation Trustee and its agents shall have no obligation to recognize any transfer of a Claim after the Effective Date.

18.      Each Plan Distribution shall be made on the relevant Plan Distribution Date therefor and shall be deemed to have been timely made if made on such date or within twenty (20) days thereafter; *provided, however*, that any Plan Distributions with respect to any Prepetition Lender Claim shall be made within the time periods required under the DIP Order, the Secured Facilities Settlement Agreement, or the Wind-Down Letter Agreement, as applicable.

### Administration of the Liquidation Trust

19.      The Liquidation Trust Agreement, substantially in the form filed as a Plan Document, is hereby approved.

20.      The appointment of Meta Advisors LLC as the Liquidation Trustee is hereby approved. The Liquidation Trustee shall be compensated in the manner set forth in and consistent with the Liquidation Trust Agreement. The Liquidation Trustee shall have all powers, rights, duties and protections afforded the Liquidation Trustee under the Plan and the Liquidation Trust Agreement.

21.      On and after the Effective Date, in furtherance of and consistent with the purpose of the Liquidation Trust and the Plan, and in each case subject to all terms and conditions of the Liquidation Trust Agreement, the Liquidation Trustee shall (i) be authorized to take all steps necessary to wind down the affairs of the Debtors; (ii) have the power and authority to hold, manage, sell, and distribute the assets of the Liquidation Trust to the holders of Allowed Claims; (iii) hold the assets of the Liquidation Trust for the benefit of the holders of Allowed Claims;

24

(iv) have the power and authority to hold, manage, sell, and distribute Cash or non-Cash assets of the Liquidation Trust obtained through the exercise of its power and authority; (v) have the power and authority to object to Claims and otherwise reconcile all Claims against the Debtors; (vi) have the power and authority to perform such other functions as are provided in the Plan; (vii) have the power and authority to administer the closure of the Chapter 11 Cases; and (viii) have the power and authority to take such actions as are necessary and reasonable to carry out the purposes of the Liquidation Trust. The Liquidation Trustee shall be responsible for all decisions and duties with respect to the Liquidation Trust and its assets. In all circumstances, the Liquidation Trustee shall act in the best interests of all beneficiaries of the Liquidation Trust and in furtherance of the purpose of the Liquidation Trust.

22.     The Liquidation Trustee shall be responsible for all decisions and duties with respect to the Liquidation Trust and its assets. In all circumstances, the Liquidation Trustee shall act in the best interests of all beneficiaries of the Liquidation Trust and in furtherance of the purpose of the Liquidation Trust.

## Executory Contracts and Unexpired Leases

23.     Except as otherwise provided for in the Plan, on the Effective Date, each executory contract and unexpired lease that is not or was not (i) the subject of a separate motion to reject, assume, or assume and assign filed pursuant to section 365 of the Bankruptcy Code by the Debtors before the entry of the Confirmation Order; (ii) assumed or assumed and assigned by order of the Court entered before the Effective Date and not subsequently rejected pursuant to an order of the Court; (iii) a guaranty or similar agreement executed by a third party which guarantees repayment or performance of an obligation owed to the Debtors or to indemnify the Debtors; (iv) with third parties regarding preservation of the confidentiality of documents

25

produced by the Debtors; or (v) the subject of a Counterparty Notice filed on or before September 26, 2014, shall be deemed rejected on the earlier of (a) September 26, 2014; and (b) the date that the Debtors or the Buyer file a Rejection Notice with respect to such executory contract or unexpired lease. The rejection of any executory contract or unexpired lease rejected postconfirmation shall constitute a prepetition breach under sections 365(g) and 502(g) of the Bankruptcy Code as if such rejection was effected preconfirmation.

24.    A Rejection Notice shall constitute adequate and sufficient notice that (a) any Claims arising thereunder or related thereto shall be treated as Unsecured Claims under the Plan, and (b) the Debtors are no longer bound by, or otherwise obligated to perform, any such obligations, transactions or undertakings relating thereto or arising thereunder.

25.    Claims created by the rejection of executory contracts and unexpired leases or the expiration or termination of any executory contract or unexpired lease prior to the Confirmation Date must be filed with the Court and served on the Debtors (a) in the case of an executory contract or unexpired lease rejected by the Debtors prior to the Confirmation Date, in accordance with the Bar Date Notice; (b) in the case of an executory contract or unexpired lease that (i)(A) was terminated or expired by its terms prior to the Confirmation Date, or (B) is rejected pursuant to Section 12.1(a) of the Plan, no later than thirty (30) days after the Confirmation Date; and (c) in the case of an executory contract or unexpired lease that is rejected pursuant to Section 12.1(b) of the Plan, no later than thirty (30) days after the date that the rejection was effected. Any such Claims for which a proof of claim is not filed and served by the deadlines set forth in the Bar Date Notice or this Section 12.2 of the Plan, as applicable, will be forever barred from assertion and shall not be enforceable against the Debtors, the Estates, or the Assets. Unless otherwise

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

ordered by the Court, all such Claims that are timely filed as provided herein shall be treated as Unsecured Claims under the Plan subject to objection by the Liquidation Trustee.

### Releases and Exculpations

26.     The exculpations set forth in Section 14.5 of the Plan are incorporated herein by reference and shall be, and hereby are, approved, and shall be effective without further action upon the occurrence of the Effective Date.  None of the Debtors, the Committee Parties, or any of their respective officers, directors, members, employees, agents, or successors and assigns will have or incur any liability to any Person for any act or omission in connection with, arising out of, or relating to the Chapter 11 Cases or the pursuit and consummation of the Sale, the pursuit of confirmation of the Plan, the consummation of the Plan, or the implementation or administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence as finally determined by the Court, and, in all respects shall be entitled to rely upon the advice of counsel and all information provided by other exculpated persons herein without any duty to investigate the veracity or accuracy of such information with respect to their duties and responsibilities under the Plan.  The releases set forth in Sections 7.4, 7.5, and 7.6 of the Plan are incorporated herein by reference and shall be, and hereby are, approved, and shall be effective without further action upon the occurrence of the Effective Date.

### Retention of Jurisdiction

27.     Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Court shall retain and shall have exclusive jurisdiction over any matter: (a) arising under the Bankruptcy Code; (b) arising in or related to the Chapter 11 Cases or the Plan; or (c) that relates to any of the matters set forth in Article XIII of the Plan.

LOS ANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014

**Effect of Confirmation**

28.    Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust, lien, pledge or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  This Court may enter any order necessary or appropriate to implement Section 14.9 of the Plan.

**Injunctions**

29.    **On the Effective Date and *except* as otherwise provided herein, all Persons who have been, are, or may be holders of Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions: (i) against or affecting the Estates, the Liquidation Trustee, the Liquidation Trust, or any of their current or former respective members, directors, managers, officers, employees, agents, professionals, successors, and assigns or their respective assets and property with respect to such Claims or Equity Interests (except for actions brought to enforce any rights or obligations under the Plan, the Asset Purchase Agreement, the Sale Order, the DIP Order, the Secured Facilities Settlement Agreement, the Liquidity Settlement Agreement, and/or the Wind-Down Letter Agreement); or (ii) in respect of any of the Causes of Action released pursuant to the Plan:**

(i)    commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (*including* all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice);

28

(ii)        enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order;

(iii)        creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance; and

(iv)        asserting any setoff or right of subrogation of any kind; *provided*, that any defenses, offsets or counterclaims which the Debtors and the Liquidation Trustee may have or assert in respect of the above referenced Claims are fully preserved in accordance with Section 14.14 of the Plan.

30.    For the avoidance of doubt, nothing contained in the Plan shall limit or enjoin the collection of taxes assessed against non-debtors.

## Resolution of Objection

31.    Notwithstanding anything in the Plan or this Confirmation Order to the contrary, should the Debtors elect to reject any unexpired lease with Raymond Leasing Corporation, which are Designation Rights Contracts, such rejection shall not be effective until such time as the Debtors or the Buyer has provided written notice to Raymond Leasing Corporation's counsel via email at sws@pgslaw.com or by mail at Phillips, Goldman & Spence, P.A. Attention: Stephen W. Spence, Esq., 1200 North Broom Street, Wilmington, DE 19806, that any and all equipment covered by such rejected lease is available for pick up.

## Miscellaneous Provisions

32.    The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in this Confirmation Order, Section 14.18 of the Plan and/or sections 524 and 1141 of the Bankruptcy

29

Code; *provided, however,* that nothing herein shall bar the taking of such actions by the Debtors and the Committee as are necessary to effectuate the transactions contemplated by the Plan or by this Confirmation Order prior to the Effective Date.

33.    During the period from the Confirmation Date through and until the Effective Date, the Debtors shall continue to operate their businesses as debtors-in-possession, subject to the oversight of the Court as provided in the Bankruptcy Code, the Bankruptcy Rules and all orders of the Court that are then in full force and effect.

34.    Except with respect to the treatment of any Claim, nothing in the Plan or this Confirmation Order shall be construed to modify, discharge, alter, amend or impair the terms of, or rights under or reserved in, any stipulation or agreement (including any reservations of rights contained therein) between the Debtors and any party in interest that has been approved by a Final Order (each a "Settlement Agreement").  Nothing in the Plan or this Confirmation Order creates jurisdiction in the Court that the Court otherwise would not have over any such rights under or reserved in any Settlement Agreement.  For the avoidance of doubt, all the provisions of Section 14.20 of the Plan (regarding the Plan's non-interference with certain orders and settlement agreements) are incorporated in this Confirmation Order by reference and apply *mutatis mutandis,* to this Confirmation Order.

35.    Upon the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any further duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code, except with respect to (a) applications for Fee Claims or reimbursement of expenses incurred as a member of the Committee and (b) any motions or other actions seeking enforcement or implementation of the

provisions of the Plan or the Confirmation Order or pending appeals of orders entered in the Chapter 11 Cases.

36.    In accordance with Section 14.10 of the Plan, the Debtors will serve and publish notice of the entry of this Confirmation Order within 15 days of the occurrence of the Effective Date in The Los Angeles Times, The San Francisco Chronicle, and the USA Today (National Edition).

37.    To the extent that any provisions of this Confirmation Order may be inconsistent with the terms of the Plan or any Plan Documents, the terms of this Confirmation Order shall be binding and conclusive.

38.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d) and 7062, to the extent applicable, the Court finds that there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated:  Wilmington, Delaware
        August 27, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

LOSANGELES 1068678 (2K)
ACTIVE 26774505v1 08/22/2014