**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AFTER-PARTY2, INC. (f/k/a Event Rentals, Inc.), *et al.*, | ) Case No.:  14-10282 (PJW) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) **Hearing Date: November 25, 2014 @ 11:00 a.m.** |
| | ) **Objection Deadline:  November 3, 2014 @ 4:00 p.m.** |

**MOTION OF 550 MEADOWLAND PARKWAY, L.L.C. FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

**COMES NOW**, 550 Meadowland Parkway, L.L.C. ("Meadowland"), by and through its attorneys, McCarter & English, LLP, for the entry of an order allowing the administrative expense claim of Meadowland pursuant to 11 U.S.C. § 503(b)(1), FED. R. BANKR. P. 9013 and 9014 and DEL. BANKR. L.R. 9013-1 as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A-B).

3.      The statutory predicate for the relief requested herein is 11 U.S.C. § 503(b)(1).

**BACKGROUND**

4.      On December 13, 2010, 550 Meadowland Parkway, L.L.C. ("Meadowland") and Classic Northeast, Inc. ("Classic") entered into an agreement (the "Lease") for the lease of the building(s) and/or real property located at 550 Meadowland Parkway, Secaucus, New Jersey (the "Property").  A copy of the Lease is attached hereto as **Exhibit A** and incorporated herein by reference.  The Lease was for a period of ten (10) years.

5.      Pursuant to the terms of the Lease, Classic agreed to:

a.  remit monthly lease payments to Meadowland in the amount of $44,124.71 by the first day of each month;

b.  pay the real estate tax for its use of the Property;

c.  pay all utility charges, including, but not limited to gas, water, sewer electricity and heat; and

d.  "keep and maintain" the Property which includes all repair, replacement and/or restoration work.

6.      Special Event Holding, Inc. ("SPHI") guaranteed Classic's performance under the Lease.  In the event that Classic defaulted on its obligations or was otherwise unable to perform under the Lease, SPHI would be liable for any and all damages as a guarantor.

7.      Classic defaulted on the Lease by, among other things, failing to remit payment for rent, taxes and utility bills.  SPHI also breached its obligations as a guarantor by failing to remit payment to Meadowland for the amount of Classic's indebtedness under the Lease.

8.      On February 13, 2014 (the "Petition Date"), Classic and SPHI each filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (collectively, the "Bankruptcy Cases").

9.      Following the Petition Date, Classic continued to occupy and make use of the Property in furtherance of its business operations.

10.     On July 18, 2014, After-Party2, Inc. f/k/a Event Rentals, Inc. ("After-Party2") filed that certain Motion for an Order Rejecting Unexpired Lease of Non-Residential Real Property Located at 550 Meadowland Parkway, Secaucus, New Jersey *Nunc Pro Tunc* to July 31, 2014 (the "Rejection Motion"), in which After-Party2 sought the entry of an order authorizing the rejection of the Lease effective July 31, 2014 [D.I. 641].  Meadowland opposed the Rejection Motion in part [D.I. 661], and the Rejection Motion is currently pending before the Court.

ME1 19079112v.1

11.     Pursuant to 11 U.S.C. § 503(b)(1), Meadowland asserts a claim for the payment of 'stub rent' in the amount of $39,291.87 which was incurred from the Petition Date through and including February 28, 2014.  *See* **Exhibit B**.

## REQUEST FOR RELIEF

12.     Meadowland requests the entry of an order allowing Meadowland's claim for "stub rent" in the amount of $39,291.87 to be treated as an administrative expense which is entitled to payment as a priority claim.  *See* 11 U.S.C. § 503(b)(1); *In re Goody's Family Clothing Inc., et al.*, 610 F.3d 812 (3d Cir. 2010).[1]

## ARGUMENT

13.     11 U.S.C. § 503(b)(1) provides that "there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserving the estate ... ."  11 U.S.C. § 503(b)(1).

14.     In the matter of *In re Goody's Family Clothing Inc., et al.*, the Third Circuit Court of Appeals (the "Third Circuit") affirmed the decision of the bankruptcy court to award 'stub rent' as an administrative expense claim to three (3) of the debtor's landlords.  *See* 610 F.3d at 815-16.  The term, 'stub rent', refers to "the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment."  *Id.* at 816.  In reaching its decision, the Third Circuit explained that 11 U.S.C. § 365(d)(3) does not "preempt" 11 U.S.C. § 503(b)(1).  *Id.* at 817-18 ("The purpose of § 365(d)(3) is to protect landlords from the burdensome requirements of § 503(b)(1) in securing payment from non-occupying debtors; it would be perverse indeed to conclude that it then precluded the use of § 503(b)(1) to secure 'stub rent' from a debtor actually occupying the premises.").  The Third Circuit then discussed how

---

[1] Meadowland reserves the right to supplement or amend its claim at any time as allowed by law. Further, the filing of this claim is without waiver of Meadowland's right to file any additional or supplemental claims or other rights permitted under the United States Bankruptcy Code.

ME1 19079112v.1

the debtor's occupancy and use of the leased premises conferred an actual and necessary benefit upon the bankruptcy estate. *See id.* Given the debtor's occupancy of the properties following the petition date and the benefit conferred upon the bankruptcy estate, the Third Circuit concluded that the landlords were entitled to receive payment under 11 U.S.C. § 503(b)(1) for the debtor's use of their property during the 'stub' period. *See id.* at 820.

15.     Like the debtor in *In re Goody's Family Clothing Inc., et al.*, Classic continued to occupy and make use of the Property following the Petition Date. *See id.* at 818-19. Classic's use of the Property was in furtherance of its business operations, and it provided an actual and necessary benefit to the bankruptcy estate. *See id.* Meadowland respectfully requests that the Court follow the Third Circuit's decision in *In re Goody's Family Clothing Inc., et al.* and allow its claim for 'stub rent' as an administrative expense which is entitled to priority of payment.

**WHEREFORE**, 550 Meadowland Parkway, L.L.C. respectfully requests that this Honorable Court enter an order allowing its claim for 'stub rent' in the amount of $39,291.87 as an administrative expense under 11 U.S.C. § 503(b)(1); providing payment of such claim on a priority basis; and granting further relief as this Court deems just and equitable.

Dated:  October 17, 2014                                    **McCARTER & ENGLISH, LLP**
           Wilmington, Delaware

                                                            /s/ *Katharine L. Mayer*
                                                            Katharine L. Mayer (DE# 3758)
                                                            Renaissance Centre
                                                            405 N. King Street, Suite 800
                                                            Wilmington, Delaware 19801
                                                            Telephone:  (302) 984-6300
                                                            Facsimile:  (302) 984-6399

                                                            Attorneys for 550 Meadowland
                                                            Parkway, L.L.C.