IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AFTER-PARTY2, INC. (f/k/a EVENT RENTALS, INC.), et al.,[1] | ) Case No. 14-10282 (PJW) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | Objection Deadline: November 6, 2014 at 4:00 p.m. |
| | Hearing Date: Scheduled only if Necessary |

**SIXTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
THE PERIOD FROM AUGUST 1, 2014 THROUGH SEPTEMBER 5, 2014**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective *nunc pro tunc* to February 24, 2014 by order signed on or about April 15, 2014 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2014 through September 5, 2014[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $76,004.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 287.50 |

This is a:     x monthly     interim     final application.

---

[1] The Debtors are the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc. (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $800.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/19/14 | 02/24/14 – 03/31/14 | $ 74,528.00 | $8,837.95 | $ 72,825.00[3] | $8,837.95 |
| 06/23/14 | 04/01/14 – 04/30/14 | $116,051.25 | $4,578.38 | $116,051.25 | $4,578.38 |
| 09/11/14 | 05/01/14 – 05/31/14 | $ 55,479.00 | $ 398.15 | $ 44,383.20 | $ 398.15 |
| 09/18/14 | 06/01/14 – 06/30/14 | $ 23,383.50 | $ 554.56 | Pending | Pending |
| 09/29/14 | 07/01/14 – 07/31/14 | $ 22,012.50 | $3,411.89 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA and NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $775.00 | 9.20 | $ 7,130.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $765.00<br>$382.50 | 79.90<br>11.00 | $61,123.50<br>$ 4,207.50 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 1.70 | $ 807.50 |
| Karina K. Yee | Paralegal 2000 | $295.00 | 7.50 | $ 2,212.50 |
| Cheryl A. Knotts | Paralegal 2000 | $290.00 | 0.10 | $ 29.00 |
| Karen S. Neil | Case Management Assistant 2003 | $215.00 | 2.30 | $ 494.50 |

Grand Total: $ 76,004.50
Total Hours:     111.70
Blended Rate: $    680.43

---

[3] PSZ&J LLP has voluntarily reduced the requested fees by $1,703.00 which was approved by the Court.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.10 | $ 77.50 |
| Bankruptcy Litigation | 5.30 | $ 3,313.50 |
| Case Administration | 6.20 | $ 1,644.50 |
| Claims Admin./Objections | 7.10 | $ 5,432.50 |
| Compensation of Professional | 2.10 | $ 1,609.50 |
| Compensation of Prof./Others | 6.90 | $ 3,794.50 |
| Employee Benefit/Pension | 0.20 | $ 153.00 |
| Executory Contracts | 1.10 | $ 841.50 |
| Financing | 2.30 | $ 1,759.50 |
| General Creditors Comm. | 6.70 | $ 5,125.50 |
| Plan & Disclosure Statement | 61.20 | $46,898.00 |
| Plan Implementation | 1.10 | $ 841.50 |
| Retention of Prof./Others | 0.10 | $ 76.50 |
| Stay Litigation | 0.30 | $ 229.50 |
| Travel | 11.00 | $ 4,207.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---|
| Court Research | Pacer | $ 66.80 |
| Postage | US Mail | $ 4.70 |
| Reproduction Expense | | $ 83.90 |
| Reproduction/ Scan Copy | | $132.10 |

---

[4] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AFTER-PARTY2, INC. (f/k/a EVENT ) | Case No. 14-10282 (PJW) |
| RENTALS, INC.), *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |

Objection Deadline: November 6, 2014 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**SIXTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
THE PERIOD FROM AUGUST 1, 2014 THROUGH SEPTEMBER 5, 2014**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals and Committee Members," signed on or about March 13, 2014 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Official Committee of Unsecured Creditors, hereby submits its Sixth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2014 through September 5, 2014 (the "Application").

---

[1] The Debtors are the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc. (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $76,004.50 and actual and necessary expenses in the amount of $287.50 for a total allowance of $76,292.00 and payment of $60,803.60 (80% of the allowed fees) and reimbursement of $287.50 (100% of the allowed expenses) for a total payment of $61,091.10 for the period August 1, 2014 through September 5, 2014 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

### Background

1. On February 13, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remained in possession of their property and continued to operate and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 24, 2014, an official committee of unsecured creditors (the "Committee") was appointed in these cases. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about March 13, 2014, the Court signed the Administrative Order, authorizing certain professionals and members of the Committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the

Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending April 30, 2014, and at three-month intervals or such other time convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The Administrative Order also set forth that attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"). In an effort to comply with the Revised UST Guidelines, attached hereto as Exhibit A is the approved budget; and Exhibit B is the wind-down budget, both of which were included as attachments to the final DIP financing order [Docket No. 277].

5. The retention of PSZ&J, as counsel to the Committee, was approved effective as of February 24, 2014 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to February 24, 2014", signed on or about April 15, 2014 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6.  All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

7.  PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received no retainer in this matter.

### Fee Statements

8.  The fee statements for the Interim Period are attached hereto as Exhibit C. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case

under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

9. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit C. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

10. PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

11. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

12. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

13. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit C.

14. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

15. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit C. Exhibit C identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.  Asset Disposition

16. This category relates to work regarding sales and other disposition of assets. During the Interim Period, the Firm, among other things, reviewed and analyzed documents.

Fees: $77.50;    Hours: 0.10

### B.  Bankruptcy Litigation

17. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding a settlement agreement; (2) performed work regarding Hearing Binders and Agenda Notices; (3) prepared for and attended a hearing on August 27, 2014; and (4) corresponded and conferred regarding bankruptcy litigation matters.

Fees: $3,313.50;    Hours: 5.30

### C.  Case Administration

18. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; and (3) performed work regarding Hearing Binders.

Fees: $1,644.50;    Hours: 6.20

### D. Claims Administration and Objections

19. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) performed work regarding a claims analysis; (2) reviewed and analyzed claims and claim-related documents; (3) attended to issues regarding supplier claims; (4) performed work regarding priority claims; (5) attended to issues regarding claims of the State of Texas; (6) responded to creditor inquiries; and (7) conferred and corresponded regarding claim issues.

Fees: $5,432.50;    Hours: 7.10

### E. Compensation of Professionals

20. This category relates to work regarding the compensation of the Firm. During the Interim Period, the Firm, among other things, attended to monthly and final fee application issues.

Fees: $1,609.50;    Hours: 2.10

### F. Compensation of Professionals--Others

21. This category relates to work regarding the compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the Conway MacKenzie matter; (2) attended to issues regarding Committee member reimbursement; (3) attended to issues relating to White Case, Fox Rothschild and Wilkie Farr; (4) attended to fee carve out issues; and (5) conferred and corresponded regarding fee issues.

Fees: $3,794.50;    Hours: 6.90

### G.  Employee Benefits and Pensions

22.  This category relates to work regarding employee pension plans and benefits, and other employee issues. During the Interim Period, the Firm, among other things, attended to issues regarding Key Employee Incentive and Retention Plans.

Fees: $153.00;   Hours: 0.20

### H.  Executory Contracts

23.  This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, reviewed and analyzed motions relating to contracts and leases.

Fees: $841.50;   Hours: 1.10

### I.  Financing

24.  This category relates to work regarding Debtor in Possession financing and use of cash collateral. During the Interim Period, the Firm, among other things, attended to budget issues, and issues regarding variance reports.

Fees: $1,759.50;   Hours: 2.30

### J.  General Creditors Committee

25.  This category relates to work regarding general Committee issues. During the Interim Period, the Firm, among other things, prepared for and attended teleconferences with Committee members, reviewed and analyzed documents, and conferred regarding Committee issues.

Fees: $5,125.50;   Hours: 6.70

### K. Plan and Disclosure Statement

26. This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed an exclusivity motion; (2) reviewed and analyzed a draft Plan; (3) attended to deadline issues; (4) attended to liquidating trustee issues; (5) reviewed and analyzed a Disclosure Statement; (6) attended to issues regarding balloting procedures; (7) performed work regarding a Committee recommendation letter for Plan; (8) attended to release issues; (9) reviewed and revised a Plan and Disclosure Statement; (10) prepared for and attended a Disclosure Statement hearing on July 16, 2014; (11) performed work regarding a Liquidating Trustee Agreement; (12) performed work regarding a confirmation order; (13) attended to Effective Date issues; and (14) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees: $46,898.00;    Hours: 61.20

### L. Plan Implementation

27. This category relates to work regarding implementation of a Plan. During the Interim Period, the Firm, among other things, attended to post-confirmation issues.

Fees: $841.50;    Hours: 1.10

### M. Retention of Professionals--Others

28. This category relates to work regarding retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, attended to issues regarding the retention of Ordinary Course Professionals.

Fees: $76.50;    Hours: 0.10

N.  **Stay Litigation**

29.  This category relates to work regarding the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things, reviewed and analyzed the R.J. Miller relief from stay motion.

    Fees: $229.50;    Hours: 0.30

O.  **Travel**

30.  During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

    Fees: $4,207.50;    Hours: 11.00

**Valuation of Services**

31.  Attorneys and paraprofessionals of PSZ&J expended a total 111.70 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA and NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $775.00 | 9.20 | $ 7,130.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $765.00<br>$382.50 | 79.90<br>11.00 | $61,123.50<br>$ 4,207.50 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 1.70 | $   807.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karina K. Yee | Paralegal 2000 | $295.00 | 7.50 | $ 2,212.50 |
| Cheryl A. Knotts | Paralegal 2000 | $290.00 | 0.10 | $ 29.00 |
| Karen S. Neil | Case Management Assistant 2003 | $215.00 | 2.30 | $ 494.50 |

        **Grand Total:**   $ 76,004.50
        **Total Hours:**      111.70
        **Blended Rate:** $     680.43

32.     The nature of work performed by these persons is fully set forth in Exhibit C attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $76,004.50.

33.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

        WHEREFORE, PSZ&J respectfully requests that, for the period August 1, 2014 through September 5, 2014, an interim allowance be made to PSZ&J for compensation in the amount of $76,004.50 and actual and necessary expenses in the amount of $287.50 for a total allowance of $76,292.00 and payment of $60,803.60 (80% of the allowed fees) and

reimbursement of $287.50 (100% of the allowed expenses) be authorized for a total payment of $61,091.10, and for such other and further relief as this Court may deem just and proper.

Dated: October 17, 2014

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bradford J. Sandler

Bradford J. Sandler (DE Bar No. 4142)
John D. Fiero (CA Bar No. 136557)
Michael R. Seidl (DE Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  bsandler@pszjlaw.com
  jfiero@pszjlaw.com
  mseidl@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

## **VERIFICATION**

STATE OF DELAWARE      :
                                           :
COUNTY OF NEW CASTLE  :

      Bradford J. Sandler, after being duly sworn according to law, deposes and says:

      a)     I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

      b)     I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee.

      c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about March 13, 2014 and submit that the Application substantially complies with such Rule and Order.

                                            /s/ Bradford J. Sandler
                                               Bradford J. Sandler

SWORN AND SUBSCRIBED
before me this 17 day of Oct, 2014.

Notary Public
My Commission Expires:

K A JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016