# **EXHIBIT B**

FIRST AMENDMENT TO LEASE

This First Amendment to Lease ("First Amendment") is dated for reference purposes only as, June 17, 2014 between WTF Investments, Inc., a North Carolina Corporation ("Landlord") and After-Party2, Inc. (f/k/a Event Rentals, Inc.), a Delaware corporation ("Tenant").

RECITALS

A. Landlord and Tenant are parties to that certain Real Estate Lease Agreement dated January 31, 2013 (as amended by this First Amendment, the "Lease"), for the property located at 5450 Old Wake Forest Road, Raleigh, North Carolina 27609 (the "Premises").

B. On February 13, 2014, After-Party2, Inc. (f/k/a Event Rentals, Inc.), and its affiliated debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their respective businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered under Case No. 14-10282 (PJW).

C. On April 29, 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order: (1) Approving Asset Purchase Agreement Among the Debtors and the Buyer; (2) Approving Sale of Substantially all Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests pursuant to Bankruptcy Code Sections 105, 363(b), 363(f), and 363(m); (3) Approving Assumption, Assignment, Transfer, and/or Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of all Liens, Claims, Encumbrances, and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365; (4) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases; and (5) Granting Related Relief* [D.I. 444] (the "Sale Order"). Pursuant to the Sale Order and that certain Asset Purchase Agreement by and among CP OpCo, LLC (the "Buyer"), Special Event Holding, Inc., and each subsidiary of Special Event Holding, Inc., dated April 28, 2014 (the "APA"), the Debtors sold substantially all of their assets (the "Sale") as a going concern pursuant to a transaction under section 363 of the Bankruptcy Code. The Sale closed on May 23, 2014.

D. The Tenant wishes to assume and assign the Lease to the Buyer pursuant to the provisions of 11 U.S.C. §§ 363, 365, the Sale Order, and the APA.

E. Landlord and Tenant desire to amend the Lease on the terms and conditions set forth below.

Therefore, in consideration of the recitals and mutual covenants contained herein, the parties hereby agree as follows:

1. Term. The Lease Term shall expire on January 31, 2016.

2. Rent. Effective May 1, 2014, the monthly Base Rent shall be:

   May 1, 2014 through January 31, 2016         $8,000.00 per month

3. Waiver of February Rent. Tenant has an unpaid balance of $8,000.00 ("Unpaid Balance") on

account of unpaid rent for the month of February 2014. The Landlord has agreed to waive the Unpaid Balance in consideration of Tenant's execution of this Amendment.

4. <u>Deferred Maintenance Payments</u>: In addition to the monthly Base Rent, Tenant shall pay to Landlord monthly installments in the amount of $1,500.00 (the "Deferred Maintenance Payments"), in advance on the first day of each calendar month. The Deferred Maintenance Payments are to be used by Landlord for all repairs incurred during the term of the Lease. The Tenant will stop making Deferred Maintenance Payments upon the expiration of this First Amendment. The Tenant is not responsible, and will not pay, for any repairs during the term of the Lease or upon the termination of the Lease.

Notwithstanding the foregoing, Tenant agrees to continually maintain, repair and/or replace the light bulbs and lighting fixtures on the Premises (interior and exterior), including the ballasts. Tenant agrees to keep the exterior lights on from dusk to sunrise. All bulbs and ballasts shall be in working order at the termination of this Lease. Finally, in the event of future egregious damage to the Property, Landlord and Tenant agree to review the damage at the time it occurs and determine how to handle.

5. <u>Court Approval</u>. This Amendment shall not be effective unless and until the Lease is assumed and assigned to the Buyer.

6. <u>Assignment</u>. Pursuant to the paragraph of the Lease titled "ASSIGNABILITY/ SUBLETTING," the Landlord expressly consents to the assignment of the Lease as amended to the buyer of the Debtors' assets pursuant to the Court approved Sale.

7. <u>General</u>.

   7.1 <u>Effect of Amendment; Ratification</u>. Except as otherwise modified by this Amendment, the Lease shall remain unmodified and in full force and effect. In the event of any conflict or inconsistency between the terms and conditions of the Lease and the terms and conditions of this Amendment, the terms and conditions of this Amendment shall prevail. Any capitalized terms used and not otherwise defined herein shall have the same meanings and definitions set forth in the Lease.

   7.2 <u>Authority to Execute Amendment</u>. Each individual executing this Amendment represents that he or she is duly authorized to execute and deliver this Amendment on behalf of such party and that this Amendment is binding upon such party in accordance with its terms. However, per paragraph 5, if court approval is not achieved this agreement shall be null and void as to either party.

   7.3 <u>Defined Terms; Recitals</u>. Unless otherwise expressly defined herein, all capitalized terms used herein shall have the meanings set forth for such terms in the Lease. The recitals set forth above are hereby incorporated into the body of this First Amendment

   7.4 <u>Counterparts</u>. This First Amendment may be executed in one or more counterparts, each of which will constitute an original, and all of which together shall constitute one and the same agreement. Executed copies hereof may be delivered by email or facsimile and, upon receipt, shall be deemed originals and binding upon the parties hereto. Without limiting or otherwise affecting the validity of executed copies hereof that have been delivered

by email or facsimile, the parties will use best efforts to deliver originals as promptly as possible after execution.

[Signature Page to Follow]

Landlord
WTF Investments, Inc.
a North Carolina corporation

By: /s/ Bob Dunn

Its: Authorized Representative

Tenant
After-Party2, Inc. (f/k/a Event Rentals, Inc.)
a Delaware corporation

By: /s/ Richard Vargas
Print: Richard Vargas
Title: Vice President