## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AFTER-PARTY2, INC. (f/k/a EVENT<br>RENTALS, INC.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br>(Jointly Administered) |

Response Deadline: December 23, 2014 at 4:00 p.m.
Hearing Date:  Only if necessary

### FIRST NOTICE OF SATISFACTION OF CLAIMS

The After-Party2, Inc. Liquidation Trust (the "Liquidation Trust"), hereby files

this notice (the "Notice") that the claims listed on **Exhibit A** ("Satisfied Claims") hereto have

been satisfied by the purchaser in these cases pursuant to its obligation under the APA (defined

below) or by the Debtors post-petition and so are not entitled to receive a distribution in these

cases.  In support of this Notice, the Liquidation Trust respectfully represents as follows:

### BACKGROUND

1.      On February 13, 2014 (the "Petition Date"), After-Party2, Inc. (f/k/a Event

Rentals, Inc.) and its affiliated debtors and debtors in possession (collectively, the "Debtors")

each filed a voluntary petition under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

---

[1]  The Debtors are the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a
Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a
DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5,
LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-
Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-
Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-
Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327);
and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940).  The list of the Debtors' alternate names
is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at
http://www.kccllc.net/CPR.

"Bankruptcy Court").  The Debtors remain in possession of their property pursuant to section 1107(a) of the Bankruptcy Code.

2.       On the Petition Date, the Debtors filed a motion [D.I. 29] to sell substantially all of the Debtors' assets (the "Sale Motion").  On April 29, 2014, the Court entered an order approving the Sale Motion [D.I. 444] (the "Sale Order").  Pursuant to the Sale Order, the Debtors were authorized to consummate, and, on May 23, 2014, did consummate, that certain Asset Purchase Agreement, dated as of April 28, 2014, (the "APA") by and among the Debtors and CP OpCo, LLC (the "Buyer").

3.       Pursuant to the APA, the Buyer was required to satisfy certain obligations. Upon information and belief, the Buyer has paid the Satisfied Claims on Exhibit A such that no amounts are due and owing on account of the Claims set forth on Exhibit A.

## PROOFS OF CLAIM AND BAR DATE

4.       On April 15, 2014, the Court entered an order (the "General Bar Date Order") establishing May 27, 2014 (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date [D.I. 323].  Pursuant to the General Bar Date Order, co-debtors, sureties or guarantors under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005(a) were required to file proofs of claim on or before June 19, 2014, and governmental entities were required to file proofs of claim on or before August 12, 2014.

DOCS_DE:196540.3 14443/003

## PLAN AND TRUST

5.      On July 14, 2014, the Debtors and the official committee of unsecured

creditors (the "Committee") filed the *First Amended Chapter 11 Plan of Liquidation for After-*

~~*Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and*~~

*the Official Committee of Unsecured Creditors* (the "Amended Plan")[2] [D.I. 616] (as amended,

supplemented, or otherwise modified).  On August 27, 2014, the Amended Plan was confirmed

by entry of that *Order Confirming the First Amended Chapter 11 Plan of Liquidation for After-*

*Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and*

*the Official Committee of Unsecured Creditors* [D.I. 707].

6.      The Amended Plan provides for the establishment of the Liquidation

Trust.  On September 5, 2014, the Amended Plan became effective and the Liquidation Trust

was established pursuant to the exclusive terms of the Amended Plan.  Pursuant to the Amended

Plan, the Liquidation Trust was provided with authority to reconcile all claims, among other

items.  *See* Amended Plan Article X.10.1; Liquidation Trust Agreement § 3.4.

## CLAIMS SATISFIED AFTER THE PETITION DATE

7.      The Satisfied Claims set forth on Exhibit A have  been paid and satisfied

by the Buyer pursuant to the APA or by the Debtors post-petition.  **Accordingly, the**

**Liquidation Trust will designate on the Claims Register the Satisfied Claims as previously**

**satisfied and not entitled to a distribution from the Liquidation Trust under the Plan.**

8.      Out of an abundance of caution, the Liquidation Trust is serving this

Notice on all parties holding Satisfied Claims and providing these parties with an opportunity to

object to the Liquidation Trust's treatment of their claims as having been satisfied in full.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Amended Plan.

3

DOCS_DE:196540.3 14443/003

9.      Any party disputing the Liquidation Trust's treatment of Satisfied Claims **must file a written response** with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve the response on the undersigned counsel to the Liquidation Trust on or before **December 23, 2014 at 4:00 p.m. (ET)**. The Liquidation Trust will then make every effort to review the disputed Satisfied Claim with the claimant to determine whether any obligation remains outstanding and owing to such claimant. In the event that the parties are unable to reach a resolution, the Liquidation Trust will request that the Court schedule a hearing on the matter.

## RESERVATION OF RIGHTS

10.      The Liquidation Trust expressly reserves the right to amend, modify or supplement this Notice, and reserves its rights to file additional objections to any claims in these chapter 11 cases, including, without limitation, objections as to the amounts asserted in each of the Satisfied Claims, or any other claims (filed or unfiled) against the Debtors' estates.

Dated:  December 9, 2014

PACHULSKI STANG ZIEHL & JONES LLP

_____
Bradford J. Sandler (DE Bar No. 4142)
John D. Fiero (CA Bar No. 136557)
Michael R. Seidl (DE Bar No. 3889)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
        jfiero@pszjlaw.com
        mseidl@pszjlaw.com
        pkeane@pszjlaw.com

Counsel to the After-Party2, Inc. Liquidation Trust

4

DOCS_DE:196540.3 14443/003