IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AFTER-PARTY2, INC. (f/k/a EVENT RENTALS, INC.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (PJW)<br>(Jointly Administered)<br><br>**Related Docket No. 634** |

Response Deadline: December 29, 2014 at 4:00 p.m.
Hearing Date:  Only if necessary

### FIRST NOTICE OF SATISFACTION OF ASSUMED CLAIMS

The After-Party2, Inc. Liquidation Trust (the "Liquidation Trust") hereby files this notice (the "Notice") that the proofs of claims or scheduled amounts on **Exhibit A** hereto (the "Cured Claims") have been been satisfied by the purchaser in these cases through the cure amounts that were paid upon the assumption of the underlying executory contract or lease pursuant to section 365 of the Bankruptcy Code **and so are not entitled to receive a distribution in these cases**.  In support of this Notice, the Liquidation Trust respectfully represents as follows:

---

[1] The Debtors are the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc. (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

**BACKGROUND**

1. On February 13, 2014 (the "Petition Date"), After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors remain in possession of their property pursuant to section 1107(a) of the Bankruptcy Code.

2. On the Petition Date, the Debtors filed a motion [D.I. 29] to sell substantially all of the Debtors' assets (the "Sale Motion"). On April 29, 2014, the Court entered an order approving the Sale Motion [D.I. 444] (the "Sale Order"). Pursuant to the Sale Order, the Debtors were authorized to consummate, and, on May 23, 2014, did consummate, that certain Asset Purchase Agreement, dated as of April 28, 2014, (the "APA") by and among the Debtors and CP OpCo, LLC (the "Buyer"). Pursuant to the Sale Order, certain contracts and/or leases included on Schedule 2.7(e) of the APA are "Designation Rights Contracts." The Sale Order approves the procedures for the assumption and assignment of Designation Rights Contracts.

3. Pursuant to that *Amended Notice of Debtors' Intent to Assume, Assign, Transfer, and/or Sell Certain Contracts* dated July 16, 2014 [D.I. 634] (the "Assumption Notice") previously served upon you, and attached hereto as **Exhibit B** for your reference, the Debtors assumed, assigned, transferred, and/or sold to the Buyer the agreements listed on Schedule 1 (the "Designation Rights Contracts") annexed to the Assumption Notice pursuant to sections 363 and 365 of the Bankruptcy Code (the "Assumed Designation Rights Contracts").

## PROOFS OF CLAIM AND BAR DATE

4.  On April 15, 2014, the Court entered an order (the "General Bar Date Order") establishing May 27, 2014 (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date [D.I. 323]. Pursuant to the General Bar Date Order, co-debtors, sureties or guarantors under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005(a) were required to file proofs of claim on or before June 19, 2014, and governmental entities were required to file proofs of claim on or before August 12, 2014.

## PLAN AND TRUST

5.  On July 14, 2014, the Debtors and the official committee of unsecured creditors (the "Committee") filed the First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Amended Plan")[2] [D.I. 616] (as amended, supplemented, or otherwise modified). On August 27, 2014 the Amended Plan was confirmed by entry of that Order Confirming the First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors [D.I. 707].

6.  The Amended Plan provides for the establishment of the Liquidation Trust. On September 5, 2014, the Amended Plan became effective and the Liquidation Trust was established pursuant to the exclusive terms of the Amended Plan. Pursuant to the Amended

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Amended Plan.

Plan, the Liquidation Trust was provided with authority to reconcile all claims, among other items. *See* Amended Plan Article X.10.1; Liquidation Trust Agreement § 3.4.

## CLAIMS SATISFIED AFTER THE PETITION DATE

7. The Cured Claims have been satisfied by the Buyer pursuant to the Assumption Notice and pursuant to section 365 of the Bankruptcy Code. **Accordingly, the Liquidation Trust will designate on the Claims Register the Cured Claims as previously satisfied and not entitled to a distribution from the Liquidation Trust under the Plan.**

8. Out of an abundance of caution, the Liquidation Trust is serving this Notice on all parties holding Cured Claims and providing these parties with an opportunity to object to the Liquidation Trust's treatment of their claims as having been satisfied in full.

9. Any party disputing the Liquidation Trust's treatment of Cured Claims **must file a written response** with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve the response on the undersigned counsel to the Liquidation Trust on or before **December 29, 2014 at 4:00 p.m. (ET)**. The Liquidation Trust will then make every effort to review the disputed Cured Claim with the claimant to determine whether any obligation remains outstanding and owing to such claimant. In the event that the parties are unable to reach a resolution, the Liquidation Trust will request that the Court schedule a hearing on the matter.

## RESERVATION OF RIGHTS

10. The Liquidation Trust expressly reserves the right to amend, modify or supplement this Notice, and reserves its rights to file additional objections to any claims in these

chapter 11 cases, including, without limitation, objections as to the amounts asserted in each of the Cured Claims, or any other claims (filed or unfiled) against the Debtors' estates.

| | |
|---|---|
| Dated:  December 11, 2014 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ Peter J. Keane<br>Bradford J. Sandler (DE Bar No. 4142)<br>John D. Fiero (CA Bar No. 136557)<br>Michael R. Seidl (DE Bar No. 3889)<br>Peter J. Keane (DE Bar No. 5503)<br>919 N. Market Street, 17th Floor<br>Wilmington, DE  19801<br>Telephone:  (302) 652-4100<br>Facsimile:   (302) 652-4400<br>Email: bsandler@pszjlaw.com<br>           jfiero@pszjlaw.com<br>           mseidl@pszjlaw.com<br>           pkeane@pszjlaw.com<br><br>Counsel to the After-Party2, Inc. Liquidation Trust |