## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 14-10282 (PJW)<br><br>Jointly Administered<br><br>Hearing Date:   January 29, 2015, 1:30 p.m.<br>Objections Due:   January 7, 2015, 4:00 p.m. |

**CP OPCO, LLC'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION PURSUANT TO 11 U.S.C. §§ 502(b) AND 503, FED R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1 TO (I) LATE-FILED CLAIMS, (II) DUPLICATE CLAIMS, (III) AMENDED AND SUPERSEDED CLAIMS, (IV) WRONG-DEBTOR CLAIMS, AND (V) UNSUBSTANTIATED CLAIMS**

> Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibits A to E, which contain the grounds for this objection to their claim(s) and the relief being sought by CP OpCo.

CP OpCo, LLC ("CP OpCo"), the purchaser of substantially all of the assets of the above-captioned Debtors, hereby objects (the "Omnibus Objection") to late-filed, duplicate, amended and superseded, and unsubstantiated claims, along with claims filed against the wrong debtor, which may be Buyer Pay Claims (as defined below), pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

104996-001/2486363

Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the 503(b)(9) Order and the Plan (each defined below), and request entry of an order: (i) reclassifying as general unsecured claims each of the claims listed under the column "Proof of Claim Number to be Modified" on Exhibit A hereto (the "Late-Filed Claims");[2] (ii) disallowing and expunging in their entireties (x) each of the claims listed under the column "Proof of Claim Number to be Disallowed" on Exhibit B hereto (the "Duplicate Claims"), (y) each of the claims listed under the column "Proof of Claim Number to be Disallowed" on Exhibit C hereto (the "Amended and Superseded Claims"), and (z) each of the claims listed under the column "Proof of Claim Number to be Disallowed" on Exhibit D hereto (the "Wrong-Debtor Claims"); and (iii) modifying or disallowing each of the claims listed under the column "Proof of Claim Number to be Modified" on Exhibit E hereto (the "Unsubstantiated Claims", and together with the Late-Filed Claims, the Duplicate Claims, the Amended and Superseded Claims, and the Wrong-Debtor Claims, the "Improper Claims").

Attached hereto as Exhibit F is a list of each claim that is the subject of this Omnibus Objection and/or *CP OpCo, LLC's Second Omnibus (Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to Misclassified Claims*, filed concurrently herewith, which identifies all bases for objection for each claimant and the total 503(b)(9) Claim (defined below) to which CP OpCo contends each claimant is entitled.

---

[2] All claims reclassified as general unsecured claims pursuant to this Omnibus Objection shall be subject to the rights of the Liquidation Trust and any other parties-in-interest who may be entitled to object to such claims pursuant to Article X of the Plan (defined below) or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

In support of this Omnibus Objection, CP OpCo relies on the Declaration of Jeffrey R Truitt (the "Truitt Declaration"), attached hereto as Exhibit G, and respectfully represents as follows:

## BACKGROUND

**A.    The Chapter 11 Cases.**

1.    The Chapter 11 Cases. On February 13, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). On February 18, 2014, this Court entered orders approving the joint administration of the Debtors' chapter 11 cases. [D.I. 40] (collectively, the "Chapter 11 Cases").

2.    The Sale. On April 29, 2014, the Court entered an order [D.I. 444] approving the sale of substantially all of the Debtors' assets to CP OpCo (the "Sale") pursuant to the Asset Purchase Agreement by and Among Special Event Holding, Inc., et. al and CP OpCo, LLC (the "CP OpCo APA"). The Sale closed on May 23, 2014, and substantially all of the Debtors' assets were transferred to CP OpCo pursuant to the CP OpCo APA. CP OpCo also assumed certain specified liabilities of the Debtors as set forth in the CP OpCo APA, including the Buyer Pay Claims (defined below), which are subject to CP OpCo's right to object as discussed below.

3.    The Plan of Reorganization and Disclosure Statement. On July 14, 2014, the Debtors filed the First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors [D.I. 616] (the "Plan") and the disclosure statement in

support thereof [D.I. 618] (as amended by D.I. 635, the "Disclosure Statement"). On August 27, 2014, the Court entered the order confirming the Plan [D.I. 707] (the "Confirmation Order").

**B.    The Applicable Bar Dates and Proofs of Claim.**

4.    On March 14, 2014, the Court entered the *Order Establishing and Implementing Exclusive and Global Procedures for Submitting and Resolving Claims Relating to Goods Received Within Twenty Days Prior to the Petition Date for Treatment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [D.I. 172] (the "503(b)(9) Order"). Pursuant to the 503(b)(9) Order, the deadline to file a 503(b)(9) Proof of Claim (as defined therein) was April 25, 2014 (the "503(b)(9) Bar Date"). The 503(b)(9) Order further provided that "nothing in this Order shall impair the ability of the Debtors or appropriate parties in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; . . . ."

5.    On March 14, 2014, the Claims Agent[3] served the 503(b)(9) Order in accordance with LR 2002-1. See D.I. 254.

6.    The deadline to file other Administrative Claims[4] (the "Administrative Claim Bar Date") is governed by the Plan. Specifically, section 5.2(a) of the Plan provides, in relevant part:

> The holder of an Administrative Claim, other than (i) a Fee Claim; (ii) a Claim for Statutory Fees; (iii) a Buyer Pay Claim incurred and payable in the

---

[3] On February 14, 2014, the Debtors filed the *Application of Event Rentals, Inc. and Its Affiliated Debtors for Entry of an Order Authorizing and Approving the Retention of Kurtzman Carson Consultants LLC as Claims and Noticing Agents Nunc Pro Tunc to the Petition Date* [D.I. 12] (the "Claims Agent Application"), which sought authority to employ KCC as the Debtors' claims and noticing agent (the "Claims Agent"). Thereafter, the Court entered an order approving the Claims Agent Application [D.I. 49].

[4] "Administrative Claim" is defined in the Plan as "a Claim incurred by the Debtors (or their Estates) on or after the Petition Date and before the Effective Date for a cost or expense of administration in the Chapter 11 Cases entitled to priority under sections 503(b) and 507(a)(1) of the Bankruptcy Code, including Fee Claims." Plan § 1.1(2).

ordinary course of business by the Debtors (and not past due); (iv) a Claim of the type referred to in section 503(b)(1)(D) of the Bankruptcy Code. . . ; or (v) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Bankruptcy Court and serve on the Debtors, the Committee, and the Office of the United States Trustee, notice of such Administrative Claim within forty-five (45) days after service of the Notice of Confirmation. . . . **Failure to timely and properly file and serve a request for payment of an Administrative Claim shall result in such Administrative Claim not being entitled to any distribution under the Plan.**

Plan § 5.2(a). (Emphasis in original).

7. The deadline to object to Administrative Claims is set forth in the section 5.2(c) of the Plan, which provides that an Administrative Claim for which notice was properly filed and served pursuant to section 5.2(a) of the Plan shall be allowed if no objection is filed "on or before the later of (i) the date that is ninety (90) days after the Effective Date; and (ii) such date as may be (A) agreed to by the holder of such Administrative Claim, or (B) approved by the Bankruptcy Court on motion of a party in interest, without notice or a hearing." Plan § 5.2(c) [D.I. 616].

8. On September 5, 2014, the Debtors filed the *Notice of (I) Confirmation of First Amended Chapter 11 Plan of Liquidation of After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors; (II) The Occurrence of The Effective Date; and (III) Bar Dates for Asserting Administrative Claims, Fee Claims, and Rejection Damages Claims* (the "Notice of Confirmation") [D.I. 721], which gave notice of the Administrative Claim Bar Date consistent with the Plan.[5]

---

[5] Specifically, the Notice of Confirmation provided:

> . . . the holder of an Administrative Claim, other than (i) a Fee Claim; (ii) [a claim for] Statutory Fees; (iii) Buyer Pay Claims incurred and payable in the ordinary course of business by the

9. The Claims Agent served the Notice of Confirmation on September 5, 2014 to all parties on the creditor matrix. See D.I. 731.

10. The Effective Date. On September 5, 2014 (the "Effective Date"), the Plan became effective in accordance with its terms. See D.I. 721. Accordingly, the deadline to object to Administrative Claims, including claims pursuant to Bankruptcy Code section 503(b)(9), was originally December 4, 2014.

C. **CP OpCo's Standing to Object to the 503(b)(9) Claims.**

11. CP OpCo is responsible for the "Buyer Pay Claims" as set forth in Section 5.2(d) of the Plan, the CP OpCo APA, and the Sale Order. These "Buyer Pay Claims" are defined in the Plan as "all Claims against the Debtors assumed by the Buyer pursuant to the Asset Purchase Agreement." Plan § 1.1(15). Pursuant to the terms of the CP OpCo APA, such Buyer Pay Claims include:

> all Liabilities of [Debtors] set forth on Schedule 2.4(a), which shall be comprised of Liabilities that arise and are due and payable after the Petition Date and unpaid as of the Closing and that arise in the Ordinary Course of Business and in accordance with the Approved Budget;
>
> . . .
>
> all Liabilities, in the amounts listed on Schedule 2.4(d), (i) to the vendors listed on Schedule 2.4(d) on account of prepetition general unsecured non-priority claims . . ., and (ii) . . . allowed and unpaid administrative expenses under Bankruptcy Code Section 503(b)(9) arising in the Bankruptcy Cases. . .;

---

Debtors (and not past due); (iv) a Claim of the type referred to in section 503(b)(1)(D) of the Bankruptcy Code; or (v) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Bankruptcy Court and serve on the Debtors, the Committee, and the Office of the United States Trustee, notice of such Administrative Claim before October 20, 2014 at 4:00 p.m. EDT. Such notice must include at a minimum (i) the name of the holder of the Claim; (ii) the amount of the Claim; and (iii) the basis for the Claim. **Failure to timely and properly file and serve a notice of Administrative Claim shall result in such Administrative Claim not being entitled to any distribution under the Plan.**

D.I. 721, pp. 1-2. (Emphasis in original).

. . .

> all Liabilities (i) for sales and use taxes and FICA, FUTA, Social Security and other payroll "trust fund" taxes that are due and payable after the Petition Date and are unpaid as of the Closing Date and that are attributable to transactions or payments occurring in the Ordinary Course of Business and in accordance with the Approved Budget, (ii) all Transfer Taxes to the extent set forth in Section 11.1; (iii) for Taxes relating to the Purchased Assets or the Business arising and incurred for any Tax period (or portion thereof) beginning after the Closing; and (iv) ad valorem and personal property taxes incurred by Sellers in the Ordinary Course of Business that are due and payable after the Closing Date, that give rise to allowed claims entitled to priority under Sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and that are set forth in Schedule 2.4(g); . . .

CP OpCo APA, § 2.4(a), (d), and (g) [D.I. 444-1].

12. Therefore, the Buyer Pay Claims include claims asserting administrative priority status under Section 503(b)(9) (the "<u>503(b)(9) Claims</u>")[6] and certain other Administrative Claims. <u>See</u> Plan § 1.1(2).

13. On November 20, 2014, CP OpCo filed its motion to extend the deadline to object to the 503(b)(9) Claims and Administrative Claims which are Buyer Pay Claims for a 90-day period. On December 2, 2014, the Court granted the motion and extended the objection deadline to March 4, 2015. D.I. 825.

D.   **<u>CP OpCo's Evaluation of the Buyer Pay Claims.</u>**

14. The register of Claims maintained by the Claims Agent reflects that over 130 503(b)(9) Claims were filed. A total of approximately 20 other Administrative Claims were filed, which may constitute Buyer Pay Claims under sections 2.4(a), 2.4(b), 2.4(c), or 2.4(g) of the CP OpCo APA.

---

[6] Includes claims designated by the claimant as reclamation claims where the claimant did not specifically assert 503(b)(9) administrative priority.

7

15. Prior to the commencement of these cases, the Debtors maintained, in the ordinary course of their businesses, books and records that reflected, among other things, the Debtors' liabilities and amounts owed to creditors. As part of the Sale, the Debtors' books and records were transferred to CP OpCo. As set forth in the Truitt Declaration, CP OpCo has conducted a review of the Buyer Pay Claims (along with any supporting documentation filed therewith), the Debtors' books and records, and CP OpCo's books and records to evaluate the validity of the Buyer Pay Claims.

16. For the reasons set forth below, CP OpCo has determined that certain Buyer Pay Claims asserted against the estate: (i) were filed after the 503(b)(9) Bar Date or Administrative Claims Bar Date, as applicable, (ii) are duplicative of claims that were filed against the same Debtor entity/ies and in the same amount and priority, (iii) were subsequently amended or modified, and thus superseded, by later-filed claims filed with respect to the same underlying alleged liability asserted by the same claimant, (iv) were filed against multiple Debtor entities on account of a single debt, or (v) were asserted in an amount which differs from the amount that was reflected in the Debtors' and/or CP OpCo's books and records, and the claimant failed to provide sufficient information or documentation to support their claims.

## JURISDICTION

17. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

18. The statutory predicates for relief requested herein are sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

104996-001/2486363

**RELIEF REQUESTED**

19. By this Objection, CP OpCo requests entry of an order pursuant to Bankruptcy Code sections 502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1, substantially in the form attached hereto as Exhibit H: (i) reclassifying as general unsecured claims each of the Late-Filed Claims as set forth in Exhibit A, (ii) disallowing and expunging in their entirety each of the Duplicate Claims, Amended and Superseded Claims, and Wrong-Debtor Claims in Exhibits B, C, and D, respectively, and (iii) modifying or disallowing, as applicable, the Unsubstantiated Claims as set forth in Exhibit E.

20. A number of proofs of claim filed by vendors included both 503(b)(9) Claims and general unsecured claims. In some cases, the 503(b)(9) Claim was transferred or assigned to a third party, while the vendor retained the general unsecured claim. The Claims Register maintained by the Claims Agent, however, uses the original proof of claim number for both the vendor's general unsecured claim and the assignee's 503(b)(9) Claim, though the names of the claimants and the amounts of the claims are different. As a result, some proofs of claim are listed *twice* on the Claims Register maintained by the Claims Agent. Where a single proof of claim is held by two different parties, CP OpCo has treated such claim as two separate proofs of claim in this Omnibus Objection and the exhibits hereto.

**BASIS FOR RELIEF**

21. Bankruptcy Code section 502(a) provides that:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects.

11 U.S.C. § 502(a). Section 502(b) provides that the court will determine the amount of the claim asserted after notice and a hearing if an objection is made. 11 U.S.C. § 502(b). Section 502(b) also includes a nonexclusive list of grounds for disallowance of claims. Id.

22. Likewise, Bankruptcy Code section 503(a) permits an entity to file a request for payment of an administrative expense and Bankruptcy Code section 503(b) sets forth types of administrative expenses that the court may allow after notice and a hearing. 11 U.S.C. §§ 503(a) and (b).

23. The claimant bears the burden of proof with the respect to the validity of administrative claims. See In re Goody's Family Clothing Inc., 401 B.R. 131, 136 n. 27 (Bankr. D. Del. 2009) ("An administrative expense claimant bears the burden of establishing that its claim qualifies for priority status") (quoting In re Insilco Technologies, Inc., 309 B.R. 111, 114 (Bankr. D. Del. 2004)).

24. As a general matter, any subsection of Section 503 should be "strictly construed because administrative expense priority claims reduce the funds available for creditors and other claimants." City of White Plains v. A&S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.), 270 F.3d 994, 1000 (6th Cir. 2001); see also In re World Imports, 516 B.R. 296, 297-98 (Bankr. E.D. Pa. 2014) ("Not intended to create a new class of creditors, § 503(b)(9) is to be strictly construed.") (citing Howard Delivery Serv. Inc. v. Zurich Am. Insur. Co., 547 U.S. 651, 655, 126 S.Ct. 2105, 2106, 165 L.Ed.2d 110 (2006) (noting discrete exceptions to the general equality principle must be "clearly authorized by Congress.")); In re SemCrude, L.P., 416 B.R. 399, 403 (Bankr. D. Del. 2009) ("a wealth of case law teaches that administrative claims are to be strictly construed.") (citing In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. D. Del. 2006)).

A. **Late-Filed Claims.**

25. Pursuant to the 503(b)(9) Order, the deadline to file a 503(b)(9) Proof of Claim on the form specified was April 25, 2014. See 503(b)(9) Order, ¶b. The 503(b)(9) Order

specifically provided that for a 503(b)(9) Claim to be "deemed timely and properly filed" it had to be filed with the "Court-appointed claims agent Kurtzman Carson Consultants, LLC ("KCC"), at 2335 Alaska Ave., El Segundo, CA 90245, Attn: Event Rentals Claims Processing, so that it is actually received by KCC on or before April 25, 2014." Id. at ¶b. Furthermore, the 503(b)(9) Order expressly provided that "vendors shall be forever barred, without further order of the Court, from asserting a 503(b)(9) Claim after the expiration of the 503(b)(9) Bar Date . . . ." Id. at ¶d.

26. CP OpCo has determined the Late-Filed Claims identified under column "Proof of Claim Number to be Modified" on Exhibit A hereto were impermissibly filed after the 503(b)(9) Bar Date. Further, as a result of its review, CP OpCo has determined that either each of the Late-Filed Claims was not an explicit amendment to a timely-filed claim, or, if such Late-Filed Claim includes an amendment to a prior timely-filed claim, that CP OpCo's objection is solely to that portion of the Late-Filed Claim which does not relate to the prior timely-filed claim. Moreover, upon information and belief, each of the claimants asserting a Late-Filed Claim received notice of the 503(b)(9) Bar Date, and thus the failure to comply with the 503(b)(9) Bar Date is not excusable.

27. Accordingly, because the 503(b)(9) Order explicitly barred creditors from asserting administrative priority under Section 503(b)(9) after the 503(b)(9) Bar Date, CP OpCo requests that the Late-Filed Claims identified on Exhibit A be denied Section 503(b)(9) classification and be reclassified as general unsecured claims, subject to the right of the Liquidation Trust or other parties-in-interest to object to such claims as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

104996-001/2486363

B. **Duplicative Claims.**

28. CP OpCo has determined that certain of the Buyer Pay Claims assert duplicate or multiple claims for a single liability. The Duplicate Claims identified under the column "Proof of Claim Number to be Disallowed" on Exhibit B hereto are duplicative of the 503(b)(9) Claims identified under the column "Remaining Claim Number" on Exhibit B hereto (the "Remaining Duplicate Claims"). In particular, the Duplicate Claims were filed against the same Debtor entities and in the same amount and priority as the Remaining Duplicate Claims. Where the "Reason for Disallowance" on Exhibit B states "Partial Duplicate," the applicable Duplicate Claim is an exact duplicate of that portion of the 503(b)(9) Claim identified under "Remaining Claim Number" which is held by the same 503(b)(9) Claimant.[7] With respect to such "Partial Duplicates," CP OpCo objects to only the duplicate portion of the 503(b)(9) Claim in Exhibit B, and is not objecting to the balance of the claim as a duplicate.

29. The claimants asserting such Duplicate Claims (the "Duplicate Claimants") are not entitled to a double recovery, which would result if both the Duplicate Claims and the Remaining Duplicate Claims were allowed. The disallowance of Duplicate Claims will not prejudice the rights of the Duplicate Claimants as they will continue to hold and assert their Remaining Duplicate Claims, subject to any other applicable objections. Accordingly, to clarify the claims registers in the Chapter 11 Cases and to simplify the claims administration process, CP OpCo seeks to disallow and expunge the Duplicate Claims in their entirety and retain the Remaining Duplicate Claims on the claims registers in the Chapter 11 Cases, subject to any other applicable objections which may be raised by CP OpCo, the Liquidation Trustee, or any other party entitled to object.

---

[7] See ¶ 20, *supra*.

C. **Amended and Superseded Claims.**

30. CP OpCo has determined that certain of the Buyer Pay Claims were subsequently amended or modified, and thus superseded, by Buyer Pay Claims later filed by the same claimant with respect to the same underlying alleged liability. The Amended and Superseded Claims identified under the column "Proof of Claim Number to be Disallowed" on Exhibit C hereto have been amended and superseded by the Buyer Pay Claims identified under the column "Remaining Superseding Claim Number" on Exhibit C hereto (the "Remaining Superseding Claims").

31. The claimants asserting such Amended and Superseded Claims (the "Amending Claimants") are not entitled to a double recovery, which would result if both the Amended and Superseded Claims and the Remaining Superseding Claims were allowed. The disallowance of Amended and Superseded Claims will not prejudice the rights of the Amending Claimants as they will continue to hold and assert their Remaining Superseding Claims, subject to any other applicable objections which may be raised by CP OpCo, the Liquidation Trustee, or any other party entitled to object. To clarify the claims registers in the Chapter 11 Cases and to simplify the claims administration process, CP OpCo seeks to disallow and expunge the Amended and Superseded Claims in their entirety and keep the Remaining Superseding Claims on the claims registers in the Chapter 11 Cases.

D. **Wrong-Debtor Claims**

32. CP OpCo has determined that certain holders of Buyer Pay Claims (the "Wrong-Debtor Claimants") filed identical Buyer Pay Claims against multiple Debtor entities on account of a single debt. The Wrong-Debtor Claims identified under the column "Proof of Claim Number to be Disallowed" on Exhibit D hereto were already properly asserted against the

appropriate Debtor under the column "Remaining Claim Number" on <u>Exhibit D</u> hereto by the Wrong-Debtor Claimants. Accordingly, only the Remaining Claim Number should be allowed, subject to any other applicable objection which may be raised by CP OpCo, the Liquidation Trustee, or any other party entitled to object.

33. A claimant is entitled to satisfaction, if at all, of any particular claim by the Debtor that incurred the liability only. Allowing the Wrong-Debtor Claimants to recover from multiple Debtors' estates regardless of which Debtor actually incurred the liability would allow creditors to receive multiple recoveries on a single claim. In order to confirm that the Wrong-Debtor Claimants have only a single claim against the Debtor which incurred the liability, to clarify the claims registers in these cases and to simplify the claims administration process, CP OpCo seeks to disallow the Wrong-Debtor Claims and only allow the claims asserted against the appropriate Debtor. Accordingly, CP OpCo objects to the Wrong-Debtor Claims and requests entry of an order disallowing and expunging each of the Wrong-Debtor Claims in its entirety.

E. **<u>Unsubstantiated Claims.</u>**

34. CP OpCo has determined that there are a number of Buyer Pay Claims in which the claim amount asserted by the claimant differs from the amount that was reflected in the Debtors' and/or CP OpCo's books and records, and the claimants have failed to provide sufficient information or documentation to support all or part of the claim that is alleged to be due and owing. Thus, those Unsubstantiated Claims (or a portion thereof) should be disallowed and expunged or, in some cases, modified to reflect a reduced amount.

35. The Unsubstantiated Claims identified under the column "Proof of Claim Number to be Modified" on <u>Exhibit E</u> hereto are likely overstated and assert liabilities in

amounts exceeding those reflected in the Debtors' and/or CP OpCo's books and records. Accordingly, the Debtors request that the Unsubstantiated Claims identified on <u>Exhibit E</u> hereto be modified or disallowed as specified under the column "Modified Amount" on <u>Exhibit E</u> hereto as applicable.

## RESPONSES

### A. <u>Filing and Service of Responses.</u>

36. In order to contest this Omnibus Objection, a claimant must file a written response to this Omnibus Objection (a "<u>Response</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), 824 North Market Street, Wilmington, Delaware 19801, which must be served so as to be actually <u>received</u> no later than **January 7, 2015** at **4:00 p.m. (Eastern Time)** by the following parties:

<div style="margin-left: 2em;">

Counsel for CP OpCo

Gordon Silver
1888 Century Park East, Suite 1500
Los Angeles, CA 90067
Attn: Eve H. Karasik, Esq.

– and –

Fox Rothschild LLP
Citizens Bank Center, Suite 300
919 North Market Street
Wilmington, DE 19801
Attn: Jeffrey Schlerf, Esq.

United States Trustee

Office of the United States Trustee
844 North King Street, Suite 2207
Wilmington, Delaware 19801
Attn: David L. Buchbinder, Esq.

</div>

B. **<u>Contents of Responses</u>**

37. Every Response must contain, at a minimum, the following information:

a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number, and the title of the Omnibus Objection to which the Response is directed;

b. the name of the claimant and description of the basis for the amount of the Improper Claim; a concise statement specifically setting forth the reasons why the Improper Claim should not be disallowed or modified by the Bankruptcy Court in the manner set forth in the objection, including, without limitation, the specific factual and legal bases in support of the Response;

c. all documentation or other evidence of the Improper Claim to the extent not included with the Improper Claim previously filed with the Court, upon which the claimant will rely in opposing the objection;

d. the address(es), if different from that or those presented in the Improper Claim, to which CP OpCo must return any reply to the Response; and

e. the name, address and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Improper Claim.

## SEPARATE CONTESTED MATTERS

38. Each of the Improper Claims (and CP OpCo's objections thereto, as asserted in this Omnibus Objection) constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. CP OpCo requests that any order entered by the Court with respect to an objection asserted in this Omnibus Objection be deemed a separate order with respect to each Improper Claims.

## RESERVATION OF RIGHTS

39. CP OpCo expressly reserves the right to amend, modify or supplement this Omnibus Objection, and to file additional objections to any Buyer Pay Claims asserted in the Chapter 11 Cases including, without limitation, omnibus, administrative, and substantive objections with respect to any of the Improper Claims, and including, without limitation, claims which are designated Buyer Pay Claims after the date of the Omnibus Objection. Should this Omnibus Objection be dismissed or overruled, CP OpCo also reserves the right to object to any of the Improper Claims on any other grounds that law or equity permit.

## ADJOURNMENT OF HEARING

40. CP OpCo reserves the right to adjourn the Hearing on any Improper Claim subject to this Omnibus Objection. In the event that CP OpCo so adjourns the Hearing, the adjournment will be reflected on the agenda for the Hearing on this Omnibus Objection.

## FURTHER INFORMATION

41. Questions about this Omnibus Objection or requests for additional information about the proposed disposition of the Improper Claims should be directed to the CP OpCo's counsel, in writing at the Los Angeles address listed below (Attn: Danielle A. Pham, Esq.), or by telephone at (213) 443-8730. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS AND/OR ADMINISTRATIVE CLAIMS, OR THIS OMNIBUS OBJECTION.**

## NOTICE

42. Notice of this Omnibus Objection will be given to: (i) the Office of the U.S. Trustee; (ii) each of the claimants whose Buyer Pay Claims are subject to this Omnibus Objection; and (iii) all parties who have filed requests for service of papers pursuant to

Bankruptcy Rule 2002. CP OpCo submits that under the circumstances no other or further notice is necessary.

## CONCLUSION

WHEREFORE, CP OpCo respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit H, (i) reclassifying as general unsecured claims each of the Late-Filed Claims, subject to the right of the Liquidation Trust and other parties-in-interest to object to such claims as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules; (ii) disallowing and expunging in their entireties the Duplicate Claims, Amended and Superseded Claims, and Wrong-Debtor Claims; (iii) modifying or disallowing and expunging the Unsubstantiated Claims as set forth in Exhibit E, and (iv) granting such other relief as may be just and proper.

Dated: Wilmington, Delaware

December 18, 2014

**FOX ROTHSCHILD LLP**

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market Street
Suite 300
Wilmington, Delaware 19801
Telephone: (302) 654-7444

—and—

104996-001/2486363

Eve H. Karasik (California Bar No. 155356)*
Danielle A. Pham (California Bar No. 269915)*
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (213) 443-8730
Facsimile: (310) 201-5974

Gabrielle A. Hamm (Nevada Bar No. 11588)*
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

*Admitted *pro hac vice*

Counsel for CP OpCo, LLC

19

104996-001/2486363