# EXHIBIT D

### (Declaration of Jeffrey R. Truitt)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re <br><br> After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 14-10282 (PJW) <br><br> Jointly Administered <br><br> Re D.I.: |

## DECLARATION OF JEFFREY R. TRUITT IN SUPPORT OF CP OPCO, LLC'S SECOND OMNIBUS (SUBSTANTIVE) OBJECTION PURSUANT TO 11 U.S.C. §§ 502(b) AND 503(b)(9), FED R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1 TO MISCLASSIFIED CLAIMS

I, Jeffrey R. Truitt, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Senior Managing Director of FTI Consulting ("FTI") which has an office at 633 West 5th Street, 16th Floor, Los Angeles, California 90071. FTI has been retained by the CP OpCo LLC ("CP OpCo") to provide interim management and various advisory services to the CP OpCo.

2. On April 29, 2014, the Court entered an order [D.I. 444] approving the sale of substantially all of the Debtors' assets to CP OpCo (the "Sale") pursuant to the *Asset Purchase Agreement by and Among Special Event Holding, Inc., et. al and CP OpCo, LLC* (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

104996-001/2486535

"CP OpCo APA"). The Sale closed on May 23, 2014, and substantially all of the Debtors' assets and certain specified liabilities were transferred to CP OpCo pursuant to the CP OpCo APA. As part of the Sale, the Debtors' books and records were transferred to CP OpCo.

3. I am authorized to submit this declaration (the "Declaration") in support of *CP OpCo, LLC's Second Omnibus (Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503(b)(9), Fed R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to Misclassified Claims* (the "Omnibus Objection"),[2] and I am familiar with the information contained therein, either from personal knowledge, information supplied by CP OpCo or CP OpCo's third-party advisors, my review of the relevant documents, and/or my opinion based on my experience and knowledge of the Debtors' and CP OpCo's books and records, and, with respect to matters involving United States bankruptcy law or rules or other applicable law, based on my reliance on the advice of counsel or other advisors to the Debtors. If called to testify, I would testify to each of the facts set forth herein.

4. I make this Declaration on the basis of my review of the Debtors' and CP OpCo's books and records and the Misclassified Claims referenced in the Omnibus Objection, together with any supporting or related documentation filed therewith.

5. I am responsible for overseeing various aspects of the claims administration process for CP OpCo. In that capacity, I have reviewed the Misclassified Claims referenced in the Omnibus Objection, and am directly familiar with the information contained therein. Additionally, I read the Omnibus Objection and the proposed order with respect thereto.

6. The Misclassified Claims identified in the Omnibus Objection were carefully reviewed and analyzed in good faith and with due diligence by appropriate personnel

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

104996-001/2486535

under my direct supervision. I, along with other employees and agents of CP OpCo have expended the appropriate time and resources to ensure a high level of diligence in reviewing and reconciling the Misclassified Claims with the Debtors' and CP OpCo's books and records, and to ensure the veracity of the information contained in the Omnibus Objection.

7. Based upon these efforts and to the best of my knowledge, I have determined that the 503(b)(9) Claims identified under the column "Proof of Claim Number to be Modified" on Exhibit A hereto (the "Misclassified 503(b)(9) Claims") (a) improperly assert administrative expense priority status under Section 503(b)(9), or (b) assert administrative expense priority status under Section 503(b)(9) in an amount exceeding the amount to which such claim is entitled to administrative expense priority under the Bankruptcy Code.[3] Accordingly, the Misclassified 503(b)(9) Claims identified on Exhibit A should be reclassified as set forth under the column "Modified Class" in the amount set forth under the column "Amount to Reclassify."

8. Based upon these efforts and to the best of my knowledge, I have determined that the Administrative Claim identified under the column "Proof of Claim Number to be Modified" on Exhibit B hereto (the "Misclassified Administrative Claim") improperly asserts administrative expense priority status under Section 503(b) in an amount exceeding the amount to which such claim is entitled to administrative expense priority under the Bankruptcy Code.[4] Accordingly, the Misclassified Administrative Claim identified on Exhibit B should be reclassified as set forth under the column "Modified Class" in the amount set forth under the column "Amount to Reclassify."

---

[3] The specific bases for objection to each Misclassified 503(b)(9) Claim are set forth under the column "Reason for Reclassification" on Exhibit A to the Omnibus Objection.

[4] The specific bases for objection to the Misclassified Administrative Claim are set forth under the column "Reason for Reclassification" on Exhibit B to the Omnibus Objection.

9. Attached to the Omnibus Objection as <u>Exhibit C</u> is a list of each claim that is the subject of this Omnibus Objection and/or *CP OpCo, LLC's First Omnibus (Non-Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to (I) Late-Filed Claims, (II) Duplicate Claims, (III) Amended and Superseded Claims, (IV) Wrong-Debtor Claims, and (V) Unsubstantiated Claims*, filed concurrently herewith, which, based upon the efforts described above and to the best of my knowledge, accurately sets forth all bases for objection for each claim and the total 503(b)(9) Claim or Administrative Claim, as applicable, to which CP OpCo contends each claimant is entitled.

10. Accordingly, based upon my review of the Misclassified Claims subject to the Omnibus Objection and the Debtors' and CP OpCo's books and records, I believe that the relief sought in the Omnibus Objection is fair, appropriate, and in accordance with the CP OpCo APA, the Plan, and the Confirmation Order.

Executed this 17th day of December 2014 at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jeffrey R. Truitt*
Jeffrey R. Truitt
Senior Managing Director
FTI Consulting