IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (LSS)<br><br>Jointly Administered |

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING STIPULATION (I) MODIFYING AUTOMATIC STAY AND PLAN INJUNCTIONS AND (II) LIMITING RECOVERY ON PERSONAL INJURY ACTION TO AVAILABLE INSURANCE PROCEEDS**

The undersigned counsel for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession (the "Debtors"), hereby certify and state as follows:

1.  On February 13, 2014, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Code for the District of Delaware (the "Court").

2.  On July 14, 2014, the Debtors filed the *First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 616] (the "Plan").[2]

3.  On August 27, 2014, the Court entered an order confirming the Plan [D.I. 707] (the "Confirmation Order").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Where the context requires, each capitalized term used herein shall have the meaning ascribed to such term in the Plan.

4. The Plan went effective on September 5, 2014.

5. On July 25, 2014, Seth Brandler (the "Movant") filed a complaint, styled *Brandler v. Event Rentals, Inc.*, in the Superior Court of the State of California, County of Alameda (the "State Court"), Case No. HG14734706 (the "State Court Case") for an alleged injury occurring on August 11, 2013.

6. The Movant wishes to pursue his claim in State Court and limit recovery against any of the Debtors only to the proceeds of the Debtors' applicable insurance coverage, if any, and not from the Debtors or their estates or any successor thereto.

7. The Debtors consent to relief from (i) the automatic stay imposed by section 362 of the Bankruptcy Code and (ii) the injunctions in the Plan and Confirmation Order on the terms and conditions specifically set forth in the Stipulation attached as Exhibit A to the proposed order attached to this certification as Exhibit 1 (the "Proposed Order").

8. The Liquidation Trustee has no objection to Stipulation.

9. Should the Court deem it necessary, the Debtors are available at the Court's convenience to discuss the Stipulation.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order.

Dated: February 11, 2015

                                                FOX ROTHSCHILD LLP

By: _____
      Jeffrey M. Schlerf (No. 3047)
      John H. Strock (No. 4965)
      L. John Bird (No. 5310)
      Citizens Bank Center
      919 North Market Street, Suite 300
      Wilmington, DE 19801

- and –

**WHITE & CASE LLP**

John K. Cunningham (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL  33131

- and –

Craig H. Averch (admitted *pro hac vice*)
633 West Fifth Street, Suite 1900
Los Angeles, CA  90071

*Counsel for the Debtors and Debtors
in Possession*

# EXHIBIT 1

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (LSS)<br><br>Jointly Administered |

**ORDER APPROVING STIPULATION (I) MODIFYING AUTOMATIC STAY AND PLAN INJUNCTIONS AND (II) LIMITING RECOVERY ON PERSONAL INJURY ACTION TO AVAILABLE INSURANCE PROCEEDS**

This matter having come before this Court upon consideration of the *Stipulation (i) Modifying Automatic Stay and Plan Injunctions and (ii) Limiting Recovery on Personal Injury Action to Available Insurance Proceeds* (the "Stipulation"),[2] a copy of which is attached hereto as Exhibit A; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being fully advised in the premises, and good cause having been shown, it is **ORDERED** that:

1. The Stipulation is hereby approved.

2. The automatic stay is hereby modified solely to the extent necessary to permit Seth Brandler (the "Movant") to seek recovery on account of his claims solely from any applicable insurance policies maintained by the Debtors. The Debtors will not and shall not be

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.


required to satisfy any applicable deductibles or self-insured retentions that are or may be required under any applicable insurance policies.

3. The injunctions in the Plan and Confirmation Order are hereby modified solely to the extent necessary to permit the Movant to seek recovery on account of his claims solely from any applicable insurance policies maintained by the Debtors.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015

> The Honorable Laurie S. Silverstein
> United States Bankruptcy Judge

**EXHIBIT A**

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10282 (LSS)<br><br>Jointly Administered |

## STIPULATION (I) MODIFYING AUTOMATIC STAY AND PLAN INJUNCTIONS AND (II) LIMITING RECOVERY ON PERSONAL INJURY ACTION TO AVAILABLE INSURANCE PROCEEDS

This stipulation (the "Stipulation") is made and entered into by and between (i) After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its affiliated debtors and debtors in possession, including After-Party6, Inc. f/k/a Classic Party Rentals, Inc., (collectively, the "Debtors") and (ii) Seth Brandler (the "Movant," together with the Debtors, the "Parties").

WHEREAS, on February 13, 2014, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Code for the District of Delaware (the "Court") commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases");

WHEREAS, on July 14, 2014, the Debtors filed the *First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 616] (the "Plan");

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

WHEREAS, on August 27, 2014, the Court entered an order confirming the Plan [D.I. 707] (the "Confirmation Order");

WHEREAS, the Plan and Confirmation Order provide that: "On the Effective Date, . . . all Persons who have been, are, or may be holders of Claims against . . . the Debtors shall be permanently enjoined from taking any of the following actions: (i) against or affecting the Estates . . . (a) commencing, . . . directly or indirectly, any suit, action, or other proceeding of any kind . . . ." (Plan, § 14.18; Confirmation Order, ¶ 29);

WHEREAS, the Plan went effective on September 5, 2014;

WHEREAS, on July 25, 2014, the Movant filed a complaint, styled *Brandler v. Event Rentals, Inc.*, in the Superior Court of the State of California, County of Alameda (the "State Court"), Case No. HG14734706 (the "State Court Case") for an alleged injury occurring on August 11, 2013;

WHEREAS, the Movant did not seek relief from the automatic stay or the Plan and Confirmation Order injunctions prior to filing the State Court Case;

WHEREAS, the Movant wishes to pursue his claim in State Court and limit recovery against any of the Debtors only to the proceeds of the Debtors' applicable insurance coverage, if any, and not from the Debtors or their estates or any successor thereto;

WHEREAS the Debtors may have, but make no representations or warranties as to, coverage with American Safety Indemnity Company, Policy No. 1001902-1201; and

WHEREAS the Debtors are prepared to consent to (i) the relief from the automatic stay imposed by section 362 of the Bankruptcy Code and (ii) the injunctions in the Plan and Confirmation Order on the terms and conditions specifically set forth in this Stipulation;

NOW THEREFORE, it is hereby stipulated and agreed as follows:

1. The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified solely to permit the Movant to purse his rights and liquidate his claims solely against the Debtors' applicable insurance coverage, if any.

2. The injunctions in the Plan and Confirmation Order are hereby modified solely to permit the Movant to purse his rights and liquidate his claims solely against the Debtors' applicable insurance coverage, if any.

3. The sole right and remedy of the Movant regarding the enforcement of any judgment, claim, right, or remedy against the Debtors shall be limited to the proceeds of the liability insurance policy or policies that cover the Debtors with respect to such judgment, claim, right, or remedy, if any (the "Insurance Proceeds"). This Stipulation shall not limit any potential remedies that the Movant may have against any non-Debtor entity.

4. Within fourteen (14) days of the entry of the order approving this Stipulation, the Movant shall seek leave in the State Court to amend the caption of the State Court Case to name the correct party, After-Party2, Inc. (f/k/a Event Rentals, Inc.).

5. The Debtors will not and shall not be required to satisfy any applicable deductibles or self-insured retentions that are or may be required under any applicable insurance policies. The Movant waives the right to any distribution from the After-Party2, Inc. Liquidation Trust regardless of whether or not insurance proceeds are received.

6. The Movant hereby waives, releases, and discharges any and all claims against the Debtors or their estates and any successor thereto, including, but not limited to, any claims against the Debtors' former employees, CP OpCo, LLC, or CP OpCo, LLC's employees. The Movant shall not file a late proof of claim in the Chapter 11 Cases. The waiver of claims herein by Movant is without prejudice to any applicable insurance coverage, and the claims of Movant shall be preserved for these limited purposes.

3

7. The Debtors make no representations or warranties with respect to the availability of Insurance Proceeds or insurance coverage.

8. This Stipulation contains the entire agreement between the Parties.

9. This Stipulation can be amended or otherwise modified only by a signed writing executed by the Parties.

10. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

12. This Stipulation, and the terms and conditions contained herein, are subject to approval of the Court and shall be of no force or effect unless and until approved by the Court.

13. This Stipulation and order of the Court approving it shall survive any conversion of these cases from proceedings under Chapter 11 of the Bankruptcy Code to proceedings under Chapter 7 of the Bankruptcy Code, and shall remain valid, binding, and enforceable upon any subsequently appointed Chapter 7 Trustee.

[Signature Page Follows]

Dated: February 11, 2015
Wilmington, Delaware

**JAHRMARKT & ASSOCIATES**

By: _____
John Jahrmarket, Esq.
2049 Century Park East, Suite 3850
Los Angeles, CA 90067

*Counsel for Seth Brandler*

**FOX ROTHSCHILD LLP**

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE  19801

    - and -

**WHITE & CASE LLP**
John K. Cunningham (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL  33131

    - and -

Craig H. Averch (admitted *pro hac vice*)
633 West Fifth Street, Suite 1900
Los Angeles, CA  90071

*Counsel for the Debtors and Debtors Possession*

5