## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 14-10282 (LSS)<br><br>Jointly Administered<br><br>Related to Document No. 846 & 895 |

### ORDER SUSTAINING CP OPCO, LLC'S SECOND OMNIBUS (SUBSTANTIVE) OBJECTION PURSUANT TO 11 U.S.C. §§ 502(b) AND 503(b)(9), FED R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1 TO MISCLASSIFIED CLAIMS

Upon the second omnibus objection (the "Omnibus Objection")[2] of CP OpCo, LLC ("CP OpCo") for entry of an order pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order reclassifying each of the claims listed under the column "Proof of Claim Number to be Modified" on Exhibits A and B hereto, as more fully set forth in the Omnibus Objection; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Omnibus Objection as set forth therein is sufficient, and that no other or further notice need be provided; and upon all of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Omnibus Objection.

ACTIVE 29295035v1 03/12/2015

the proceedings before the Court including the hearing(s) on the Omnibus Objection; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

The Omnibus Objection is SUSTAINED;

All of the Misclassified 503(b)(9) Claims identified on Exhibit A hereto are reclassified as General Unsecured Claims in the amounts set forth on Exhibit A, subject to the right of the Liquidation Trust or other parties-in-interest to object to such claims as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules;

The Misclassified Administrative Claim identified on Exhibit B hereto is reclassified as set forth under the column "Modified Class" on Exhibit B, subject to the right of the Liquidation Trust or other parties-in-interest to object to such claim as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

Attached as Exhibit C hereto is a compilation of the Court's ruling on each claim that is the subject of this Order and the *Order Sustaining in Part CP OpCo, LLC's First Omnibus (Non-Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to (I) Late-Filed Claims, (II) Duplicate Claims, (III) Amended and Superseded Claims, (IV) Wrong-Debtor Claims, and (V) Unsubstantiated Claims* (collectively, the "Omnibus Orders"), which sets forth the Total Remaining 503(b)(9) Claim or Administrative Claim[3] (if any) and the amount reclassified as a General Unsecured Claim, disallowed, or

---

[3] CP OpCo expressly reserved its right to file additional objections to any Buyer Pay Claim asserted in the Chapter 11 Cases on any other ground permitted by law or equity, and therefore, listing an amount as a "Total Remaining Section 503(b)(9) or Administrative Claim" herein is without prejudice to CP OpCo's right to object to the claim on other grounds.

modified with respect to each Claim that is the subject of the Omnibus Orders. In the event of an inconsistency between Exhibit C and Exhibit A or Exhibit B, Exhibit C shall control.

All rights of CP OpCo and any successor entities are reserved to file additional objections to any Buyer Pay Claims asserted in the Chapter 11 Cases including, without limitation, omnibus, administrative, and substantive objections with respect to any of the Misclassified Claims, and including, without limitation, claims which are designated Buyer Pay Claims after the date of the Omnibus Objection. CP OpCo's and any successor entities' rights are reserved to object to any of the Misclassified Claims on any other grounds that law or equity permit.

The rights of CP OpCo and any successor entities to use any available defenses, including under Bankruptcy Code section 502, to reduce or offset any Buyer Pay Claim, are preserved.

Each Misclassified Claim (and the Debtors' objections thereto, as asserted in the Omnibus Objection and as set forth on Exhibits A and B hereto) constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Misclassified Claim and objection thereto. Any stay of this Order pending appeal by any of the claimants whose Misclassified Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

CP OpCo and the Court-appointed Claims Agent in these cases have the authority to revise the claims register in these cases or take any other action necessary to comply with or carry out the terms of this Order.

This Court shall, and hereby does, retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 20, 2015
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE