# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1] | Case Nos. 14-10282 (LSS) |
| | Jointly Administered |
| Debtors. | |

## STIPULATION BETWEEN CP OPCO, LLC AND SUPREME OIL CO. REGARDING PROOF OF CLAIM NO. 186

This stipulation (the "Stipulation") is made and entered into by and between CP OpCo,

LLC ("CP OpCo") and Supreme Oil Co. ("Supreme," and together with CP OpCo, the

"Parties").

WHEREAS, on February 13, 2014, After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its

affiliated debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Code for the District of Delaware (the "Court") commencing the above-captioned bankruptcy

cases (the "Chapter 11 Cases");

WHEREAS, on April 29, 2014, the Court entered an order (the "Sale Order") [D.I. 444]

approving the sale of substantially all of the Debtors' assets to CP OpCo pursuant to the Asset

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

Purchase Agreement by and Among Special Event Holding, Inc., et. al and CP OpCo, LLC (the "APA");

WHEREAS, on July 14, 2014, the Debtors filed the *First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a Event Rentals, Inc.) and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 616] (the "Plan") and the disclosure statement in support thereof [D.I. 618] (as amended by D.I. 635), which Plan was confirmed on August 27, 2014 [D.I. 707];

WHEREAS, pursuant to the APA, CP OpCo assumed certain specified liabilities of the Debtors, including the "Buyer Pay Claims" as set forth in Section 5.2(d) of the Plan, the APA, and the Sale Order, subject to CP OpCo's right to object to such Buyer Pay Claims;

WHEREAS, Supreme filed Claim #186 on April 7, 2014 in the amount of $75,000.13 (the "Claim");

WHEREAS, on December 18, 2014, CP OpCo filed *CP OpCo, LLC's First Omnibus (Non-Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to (I) Late-Filed Claims, (II) Duplicate Claims, (III) Amended and Superseded Claims, (IV) Wrong-Debtor Claims, and (V) Unsubstantiated Claims* [D.I. 845] (the "First Omnibus Objection"), pursuant to which CP OpCo objected to $12,232.29 of the Claim on the basis that the Claim was not supported by sufficient documentation (the "Documentation Objection");

WHEREAS, on December 18, 2014, CP OpCo filed *CP OpCo, LLC's Second Omnibus (Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503(b)(9), Fed R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to Misclassified Claims* [D.I. 846] (the "Second Omnibus Objection," and together with the First Omnibus Objection, the "Omnibus Objections"), pursuant

to which CP OpCo objected to the classification of $8,414.45 of the Claim on the basis that this amount was improperly classified as a 503(b)(9) Claim (as defined therein);

WHEREAS, following the filing of the Omnibus Objections and following the February 25, 2015 hearing on the First Omnibus Objection, Supreme Oil provided additional invoices to CP OpCo relating to fuel delivered to the Debtors before, on, and after the Petition Date (the "Unresolved Invoices") in support of the Claim, and CP OpCo withdrew its Documentation Objection;

WHEREAS, the Court sustained the Second Omnibus Objection, thereby reclassifying $8,414.45 of the Claim as a general unsecured claim and resulting in Supreme having a Total Remaining 503(b)(9) Claim in the amount of $66,585.68;

WHEREAS, CP OpCo reserved its right to file additional objections to any Buyer Pay Claims asserted in the Chapter 11 Cases including, without limitation, omnibus, administrative, and substantive objections with respect to any Buyer Pay Claim;

WHEREAS, upon review of the Unresolved Invoices, CP OpCo contended that certain of the charges included in the Unresolved Invoices are for charges that are not entitled to administrative priority status under 11 U.S.C. § 503(b)(9) or were paid by the Debtors;

WHEREAS, the parties have reached an agreement regarding the Unresolved Invoices and the Claim whereby Supreme shall be entitled to an Allowed 503(b)(9) Claim in the amount of $63,400;

**NOW THEREFORE**, it is hereby stipulated and agreed as follows:

1.      The Claim shall be allowed as a 503(b)(9) Claim in the amount of $63,400, and $11,600.13 shall be reclassified as a general unsecured claim, subject to the right of the

3

Liquidation Trust or other parties-in-interest to object thereto as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

2.    Each person who executes this Stipulation represents that he or she is duly-authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation.

3.    This Stipulation, and the terms and conditions contained herein, are subject to approval of the Court and shall be of no force or effect unless and until approved by the Court.

Dated: March 19, 2015

**Supreme Oil Co.**

By: _____
Carey Ryan
Its: Chief Financial Officer

P.O. Box 84717
San Diego, CA  92138

**GORDON SILVER**

By: _____
Eve H. Karasik (California Bar No. 155356)
*Admitted pro hac vice*
1888 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone: (213) 443-8730
Facsimile: (310) 201-5974

Gabrielle A. Hamm
(Nevada Bar No. 11588)
*Admitted pro hac vice*
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada  89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

—and—

**FOX ROTHSCHILD LLP**
Jeffrey M. Schlerf (No. 3047)
L. John Bird (No. 5310)
919 North Market Street
Suite 300
Wilmington, Delaware 19801
Telephone: (302) 654-7444

Counsel for CP OpCo, LLC

4

Liquidation Trust or other parties-in-interest to object thereto as provided in Article X of the Plan or Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

2.      Each person who executes this Stipulation represents that he or she is duly-authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation.

3.      This Stipulation, and the terms and conditions contained herein, are subject to approval of the Court and shall be of no force or effect unless and until approved by the Court.

Dated: March 19th, 2015

**Supreme Oil Co.**


By: _____
    Carey Ryan
    Its: Chief Financial Officer

P.O. Box 84717
San Diego, CA  92138


**GORDON SILVER**


By: _____
Eve H. Karasik (California Bar No. 155356)
*Admitted pro hac vice*
1888 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone: (213) 443-8730
Facsimile: (310) 201-5974

Gabrielle A. Hamm
(Nevada Bar No. 11588)
*Admitted pro hac vice*
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada  89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

—and—

**FOX ROTHSCHILD LLP**
Jeffrey M. Schlerf (No. 3047)
L. John Bird (No. 5310)
919 North Market Street
Suite 300
Wilmington, Delaware 19801
Telephone: (302) 654-7444

Counsel for CP OpCo, LLC

4