# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 14-10282 (LSS)<br><br>Jointly Administered<br><br>Related to Document No. 845 & 911 |

## ORDER SUSTAINING CP OPCO LLC'S OBJECTION TO MISSISSIPPI DEPARTMENT OF REVENUE PROOF OF CLAIM #790
## (FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION PURSUANT TO 11 U.S.C. §§ 502(b) AND 503, FED R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1 TO (I) LATE-FILED CLAIMS, (II) DUPLICATE CLAIMS, (III) AMENDED AND SUPERSEDED CLAIMS, (IV) WRONG-DEBTOR CLAIMS, AND (V) UNSUBSTANTIATED CLAIMS)

Upon the first omnibus objection (the "Objection")[2] of CP OpCo, LLC ("CP OpCo") for entry of an order pursuant to sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (i) reclassifying Late-Filed Claims; (ii) disallowing and expunging Duplicate Claims, Amended and Superseded Claims, and Wrong-Debtor Claims; and (iii) modifying or disallowing Unsubstantiated Claims, and together

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Omnibus Objection and the Supplemental Declaration (as defined below).

with the Late-Filed Claims, the Duplicate Claims, the Amended and Superseded Claims, and the Wrong-Debtor Claims, the "Improper Claims"), as more fully set forth in the Omnibus Objection, the hearings held thereon on January 29, 2015 and February 25, 2015, and the *Supplemental Declaration of Jeffrey R. Truitt in Support of CP OpCo LLC's First Omnibus (Non-Substantive) Objection Pursuant to 11 U.S.C. §§ 502(b) and 503, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 to (I) Late-Filed Claims, (II) Duplicate Claims, (III) Amended and Superseded Claims, (IV) Wrong-Debtor Claims, and (V) Unsubstantiated Claims (Mississippi Department of Revenue Proof of Claim #790)* (the "Supplemental Declaration"); and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Objection as set forth therein was sufficient, and that no other or further notice need be provided; and upon all of the proceedings before the Court, including the hearings on the Omnibus Objection; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

CP OpCo's objection to Proof of Claim #790 filed by the Mississippi Department of Revenue is SUSTAINED and Proof of Claim #790 is hereby DISALLOWED in full.

The MDOR Claim (and CP OpCo's objection thereto, as asserted in the Objection and the Supplemental Declaration) constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.

CP OpCo and the Court-appointed Claims Agent in these cases have the authority to revise the claims register in these cases or take any other action necessary to comply with or carry out the terms of this Order.

2

This Court shall, and hereby does, retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 23, 2015
Wilmington, Delaware

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge