IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>After-Party2, Inc. (f/k/a Event Rentals, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 14-10282 (PJW)<br><br>Jointly Administered<br><br>Related to Docket No. 937<br><br>**Response Deadline: May 22, 2015 at 4:00 p.m.**<br>**Hearing Date:     Only if necessary** |

**CP OPCO, LLC'S OBJECTION AND RESERVATION OF RIGHTS REGARDING NOTICE OF FILING DESIGNATION OF CERTAIN CLAIMS AS BUYER PAY CLAIMS PURSUANT TO PLAN [D.I. 937]**

CP OpCo, LLC ("CP OpCo"), the purchaser of substantially all of the assets of the above-captioned Debtors, hereby submits this objection and reservation of rights (the "Objection") with respect to the *Notice of Filing Designation of Certain Claims as Buyer Pay Claims Pursuant to Plan* [D.I. 937] (the "Designation") filed by the After-Party2, Inc. Liquidation Trust (the "Liquidation Trust"). In support of this Objection, CP OpCo relies on the Declaration of Jeffrey R. Truitt, attached hereto as Exhibit A. In further support of this Objection, CP OpCo respectfully represents as follows:

1.   In the Designation, the Liquidation Trust identifies numerous claims (the "Designated Claims"), that the Liquidation Trust contends are "Buyer Pay Claims" as such term is defined in the *First Amended Chapter 11 Plan of Liquidation for After-Party2, Inc. (f/k/a*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc.) (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940). The list of the Debtors' alternate names is located on the docket for Case No. 14-10282 [D.I. 3 as amended by D.I. 92] and is also available at http://www.kccllc.net/CPR.

*Event Rentals, Inc.) and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 616] (the "Plan"). In Exhibit A to the Designation, the Liquidation Trust sets forth the amount and nature of each Designated Claim.

2. "Buyer Pay Claims" is defined in section 1.1(15) of the Plan with reference to the *Asset Purchase Agreement by and Among Special Event Holding, Inc., et. al and CP OpCo, LLC* (the "APA"). Specifically, section 1.1(15) of the Plan defines "Buyer Pay Claims" as "all Claims against the Debtors assumed by the Buyer pursuant to the Asset Purchase Agreement." "Assumed Liabilities" under the APA include, in relevant part:

> allowed and unpaid administrative expenses under Bankruptcy Code Section 503(b)(9) arising in the Bankruptcy Cases. . .;
>
> . . .
>
> ad valorem and personal property taxes incurred by Sellers in the Ordinary Course of Business that are due and payable after the Closing Date, that give rise to allowed claims entitled to priority under Sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and that are set forth in Schedule 2.4(g); . . .

APA, § 2.4(d) and (g) [D.I. 444-1]. Therefore, the Buyer Pay Claims include, *inter alia*, claims asserting administrative priority status under 11 U.S.C. § 503(b)(9) (the "503(b)(9) Claims")[2] and certain priority and administrative tax claims.

### Objection to Designation

3. Certain Designated Claims identified by the Liquidation Trust in the Designation were improperly designated as Buyer Pay Claims, as follows:

**G3 Tapes, Inc. – Claim #658**

4. Claim #658 filed by G3 Tapes, Inc. in the amount of $3,050.92, filed as a priority claim, does not qualify as a Buyer Pay Claim. On March 14, 2014, the Court entered the

---

[2] Includes claims designated by the claimant as reclamation claims where the claimant did not specifically assert 503(b)(9) administrative priority.

*Order Establishing and Implementing Exclusive and Global Procedures for Submitting and Resolving Claims Relating to Goods Received Within Twenty Days Prior to the Petition Date for Treatment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [D.I. 172] (the "503(b)(9) Order"). On March 14, 2014, the Claims Agent[3] served the 503(b)(9) Order in accordance with LR 2002-1. See D.I. 254.

       5.     The 503(b)(9) Order specifically provided that for a 503(b)(9) Claim to be "deemed timely and properly filed" it had to be filed *on the form specified* with the "Court-appointed claims agent Kurtzman Carson Consultants, LLC ("KCC"), at 2335 Alaska Ave., El Segundo, CA 90245, Attn: Event Rentals Claims Processing, so that it is actually received by KCC **on or before April 25, 2014**." Id. at ¶b (emphasis added). Furthermore, the 503(b)(9) Order expressly provided that "vendors shall be forever barred, without further order of the Court, from asserting a 503(b)(9) Claim after the expiration of the 503(b)(9) Bar Date . . . ." Id. at ¶d.

       6.     The Claim of G3 Tapes, Inc. was not timely filed, but was received by the Claims Agent on May 27, 2014.[4] Moreover, the Claim of G3 Tapes, Inc. was not filed on the specified form or identified as a 503(b)(9) Claim, and therefore was not identified as a 503(b)(9) Claim on the Claims Register of the Claims Agent. Because G3 Tapes, Inc.'s claim did not comply with the 503(b)(9) Order, it is not a Buyer Pay Claim and must be classified as a general unsecured claim.

---

[3] On February 14, 2014, the Debtors filed the *Application of Event Rentals, Inc. and Its Affiliated Debtors for Entry of an Order Authorizing and Approving the Retention of Kurtzman Carson Consultants LLC as Claims and Noticing Agents Nunc Pro Tunc to the Petition Date* [D.I. 12], which sought authority to employ KCC as the Debtors' claims and noticing agent (the "Claims Agent"). Thereafter, the Court entered an order approving KCC as the Claims Agent [D.I. 49].

[4] CP OpCo has determined that the claim of G3 Tapes, Inc. was not an explicit amendment to a timely-filed claim.

3

7. Further, even if the Claim of G3 Tapes, Inc. was filed in compliance with the 503(b)(9) Order, it includes charges that are not entitled to priority under Section 503(b)(9). Specifically, Section 503(b)(9) provides administrative expense priority status only for the <u>value of goods</u> received by a debtor within the 20 days preceding the Petition Date. 11 U.S.C. § 503(b)(9). This Court has stated that the invoice price should generally be considered the "value" transferred. <u>In re SemCrude, L.P.</u>, 416 B.R. 399, 405 (Bankr. D. Del. 2009). Costs required to make the goods saleable are not entitled to administrative priority status, because "the word *received* modifies the word goods in § 503(b)(9). It is the *goods* and not the *value* that must be received by the debtor to trigger § 503(b)(9)." <u>In re Goody's Family Clothing Inc.</u>, 401 B.R. 131, 136 (Bankr. D. Del. 2009) (quoting <u>In re Plastech Engineered Prods. Inc.</u>, 2008 WL 5233014, at *2 (Bankr. E.D. Mich. 2008)) (emphasis in original). Therefore, the $226.00 included in the Claim for sales tax would not be entitled to Section 503(b)(9) priority even if the Claim had been timely filed.

**<u>Wake County Department of Revenue – Claim #784</u>**

8. The Liquidation Trust designated Claim #784 of the Wake County Revenue Department ("<u>Wake County</u>") twice, as follows:

| Date Filed | Claim No. | Claimant | Claim Amount | Nature |
|---|---|---|---|---|
| 8/19/2014 | 784 | Wake County Revenue Dept. PO Box 2331 Raleigh, NC 27602 | $23,757.64 | Post Petition Priority Claim |
| 8/19/2014 | 784 | Wake County Revenue Dept. PO Box 2331 Raleigh, NC 27602 | $11,762.93 | Post Petition Secured Claim |

9. However, certain of the assessments included in the Wake County Claim are not postpetition tax claims under Section 503(b)(1)(B), nor are they priority tax claims under Section 507(a)(8) which would qualify as Buyer Pay Claims under § 2.4(g) of the APA.

4

Specifically, assessments in the amount of $11,404.51 (account no. 0000120851) and $3,327.23 (account no. 0006518708) were made on July 29, 2013 for the year 2013, and were due on September 1, 2013.[5] Such assessments were not "due and payable after the Closing Date" as set forth in § 2.4(g)(iv) of the APA, and therefore are not Buyer Pay Claims.

10. Further, the 2014 assessment with respect to the property located at 5450 Old Wake Forest Rd., Raleigh, North Carolina (account no. 0000120851),[6] included within the Wake County Claim, was resolved and satisfied pursuant to the *Agreed Order Resolving (I) Motion of After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its Affiliated Debtors for Order Rejecting Unexpired Lease of Non-Residential Real Property Located at 5450 Old Wake Forest Road, Raleigh, North Carolina Pursuant to Sections 105 and 365(a) of the Bankruptcy Code*; and (II) *Motion of WTF Investments, Inc. for Allowance of Administrative Expense Claim* [D.I. 873] (the "Agreed Order").[7] Pursuant to the Agreed Order, WTF Investments, Inc., the lessor of the subject property, received a Buyer Pay Claim in the aggregate amount of $50,000 in full and final satisfaction of all Administrative Claims it had or may have had against the Debtors and CP OpCo, with the remainder of its claim, if any, being classified as a general unsecured claim. Accordingly, the responsibility for postpetition assessments was assumed by WTF Investments, Inc. and included within the $50,000 Buyer Pay Claim.[8]

---

[5] The Liquidation Trust's Designation appears to have correctly excluded from the alleged Buyer Pay Claim an assessment in the amount of $4,807.97 which was due on September 1, 2013.

[6] The 2014 assessment was in the amount of $12,353.13 at the time Wake County filed its Claim.

[7] See also *Certification of Counsel Regarding Agreed Order Resolving (I) Motion of After-Party2, Inc. (f/k/a Event Rentals, Inc.) and its Affiliated Debtors for Order Rejecting Unexpired Lease of Non-Residential Real Property Located at 5450 Old Wake Forest Road, Raleigh, North Carolina Pursuant to Sections 105 and 365(a) of the Bankruptcy Code; and (II) Motion of WTF Investments, Inc. for Allowance of Administrative Expense Claim* [D.I. 867].

[8] The $50,000 Buyer Pay Claim was paid to WTF Investments, Inc. pursuant to the Agreed Order, and pursuant to the records of the Wake County Revenue Department, the 2014 assessment with respect to the property located at 5450 Old Wake Forest Rd., Raleigh, North Carolina was paid in full on or about February 3, 2015.

ACTIVE 30168675v1 05/22/2015

**Pima County, Arizona – Claim #759**

11. The Liquidation Trust designated Claim #759 of Pima County, Arizona as a Buyer Pay Claim in the amount of $32,248.00, which was the *estimated* amount of the Claim filed by Pima County, Arizona before the tax rate was determined by the Pima County Board of Supervisors pursuant to A.R.S. §42-17151. CP OpCo objects to the *amount* designated, as the actual tax assessment by the Pima County Assessor after Claim #759 was filed totaled $23,413.06.

**Reservation of Rights**

12. CP OpCo does not concede that the amount of any Designated Claim remains due and owing, and reserves its right to assert that any Designated Claim has been satisfied in full or in part. CP OpCo further reserves its right to object to any Designated Claim pursuant to section 10.6 of the Plan on any ground that law or equity may permit, including, without limitation, omnibus, administrative, and substantive objections, and including, without limitation, claims which are designated Buyer Pay Claims in the future.

Dated: May 22, 2015

                                            **FOX ROTHSCHILD LLP**

                                    By:  */s/ L. John Bird*
                                                Jeffrey M. Schlerf (Delaware Bar No. 3047)
                                                L. John Bird (Delaware Bar No. 5310)
                                                919 North Market Street, Suite 300
                                                Wilmington, Delaware 19801
                                                Telephone:  (302) 654-7444
                                                Facsimile:  (302) 656-8920

                                                          —and—

GORDON SILVER
Gabrielle A. Hamm (Nevada Bar No. 11588)
*Admitted pro hac vice*
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada  89169
Telephone: (702) 796-5555
Facsimile:  (702) 369-2666