## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AFTER-PARTY2, INC. (f/k/a EVENT RENTALS, INC.), *et al.*,[1] | Case No. 14-10282 (LSS) (Jointly Administered) |
| Debtors. | **Re: Docket No. 1133** |

## ORDER AND FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE OF THE LEAD DEBTOR; (II) APPROVING ABANDONMENT OF REMAINING TRUST ASSETS; (III) DISCHARGING THE LIQUIDATION TRUSTEE; AND (IV) GRANTING RELATED RELIEF

Upon the Motion[2], filed by the After-Party2, Inc. Liquidation Trust (the "Trust")
under 11 U.S.C. §§ 105(a) and 350(a), Fed. R. Bankr. P. 3022, Del. Bankr. L.R. 3022-1 for an
order and final decree (this "Order and Final Decree") (i) closing the Chapter 11 case of After-
Party2, Inc. (f/k/a Event Rentals, Inc.), Case No. 14-10282 (LSS) (the "Lead Debtor")
(ii) approving the abandonment of any remaining Trust assets; (iii) discharging the Liquidation
Trustee and its members and professionals; and (iv) granting related relief; and it appearing that
the Lead Debtor's case is fully administered within the meaning of section 350 of the
Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1(a); and this Court having
determined that granting the relief requested in the Motion is in the best interests of the Debtors'
estates and creditors; and it appearing that proper and adequate notice of the Motion has been
given under the circumstances and that no other or further notice is necessary; and the Court

---

[1] The Debtors are the last four digits of their respective taxpayer identification numbers are: After-Party, Inc. (f/k/a Special Event Holding, Inc.) (5659); After-Party2, Inc. (f/k/a Event Rentals, Inc.) (9443); After-Party3, Inc. (f/k/a DUBO Acquisition Corporation) (8795); After-Party4, Inc. (f/k/a DBO Acquisition Corporation) (1923); LRAP5, LP (f/k/a Classic Party Rentals LP) (0583); After-Party6, Inc. (f/k/a Classic Party Rentals, Inc.) (3911); After-Party7, Inc. (f/k/a Classic Midwest, Inc. (9934); After-Party8, Inc. (f/k/a Classic Northeast, Inc.) (9871); After-Party9, Inc. (f/k/a Classic Panache, Inc.) (1237); After-Party10, Inc. (f/k/a Classic/Prime, Inc.) (7149); After-Party11, Inc. (f/k/a Classic Southeast, Inc.) (0700); After-Party12, Inc. (f/k/a Unique Tabletop Rentals, Inc.) (4327); and After-Party13, Inc. (f/k/a Grand Events & Party Rentals, Inc.) (7940).  .

having jurisdiction of this matter; and the legal and factual bases stated in the Motion having established just cause for the relief requested in the Motion; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1 and Section 11.21 of the Plan, effective as of the date of entry of this Order and Final Decree, the chapter 11 case of the Lead Debtor, After-Party2, Inc. (f/k/a Event Rentals, Inc.), Case No. 14-10282 (LSS), is hereby closed.

3.      To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Liquidation Trustee as soon as reasonably practicable after the date of entry of this Order and Final Decree.

4.      The Liquidation Trustee's abandonment of any remaining assets of the Trust is approved.

5.      Immediately upon entry of this Order and Final Decree, and without further order of this Court, the Liquidation Trustee shall have fully discharged its respective duties with respect to the Liquidation Trust Agreement, Plan, Trust and Debtors' estates, and shall be deemed discharged from its respective duties and obligations in the Debtors' chapter 11 cases and under the Liquidation Trust Agreement, and the Liquidation Trustee and its members, professionals, consultants and/or employees shall be discharged and released from all liability related to the Trust, except in the case of gross negligence or willful misconduct, such that thereafter, no entity or governmental unit shall have any claim against the Liquidation Trustee,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

and its members, professionals, consultants and employees, the Trust, or any of the Debtors'

Estates, except in the case of gross negligence or willful misconduct.

6.      The official claims agent services and administrative services of Kurtzman

Carson Consultants LLC ("KCC") for the Lead Debtor case are hereby terminated in accordance

with this Order and Final Decree.  Pursuant to Local Rule 2002-1(f), except as otherwise set

forth in this paragraph, KCC is relieved of any further obligations with respect to claims and

noticing services for the Lead Debtor effective immediately upon entry of this Order and Final

Decree.  In accordance with Local Rule 2002-1(f)(ix), within twenty-eight days after the entry of

this Order and Final Decree, and to the extent not already completed pursuant to the *Order (I)*

*Granting Final Decree and Closing the Administered Cases; and (II) Terminating Certain*

*Claims Agent and Administrative Agent Services* [Docket No. 822], KCC shall:  (i) forward to

the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") an

electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii)

docket a final claims register; and (iv) box and transport all original Claims to the Philadelphia

Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a

completed SF-135 Form indicating the accession and location numbers of the archived claims

7.      Entry of this Order and Final Decree shall be without prejudice to the

rights of the Liquidation Trustee, on behalf of the Trust, or any other party-in-interest to seek to

reopen any of the Debtors' chapter 11 cases for cause.

8.      The Liquidation Trustee, on behalf of the Trust, is empowered and

authorized to take all actions necessary or appropriate to effect the relief granted in this Order

and Final Decree.

9.     The Clerk of the Court shall enter this Order and Final Decree on the docket of Lead Debtor's case and thereafter such docket shall be marked as "Closed."

10.     Notwithstanding any stay that might be applicable to this Order and Final Decree, this Order and Final Decree shall be effective and enforceable immediately upon entry hereof.

11.     The Court shall retain jurisdiction to construe and enforce the terms of this Order and Final Decree.

Dated: September 18th, 2019
Wilmington, Delaware

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4